Court's Original

1  WILLIAM J. WHITSITT
335 W. CLOVER ROAD
2  TRACY, CA 95376
(209) 221-1405
3  WHITSITTW@GMAIL.COM

E-filing

**FILED**

APR - 3 2008

4

5  IN PROPRIA PERSONA

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

6

7
IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN
8  FRANCISCO

9     **WILLIAM J. WHITSITT**          )
      **(PLAINTIFF)**                  )        **C08-01802 JSW**
10                                     )
11    ---------------VS-------------   )     **COMPLAINT SECTION 1983**
                                       )     **UNLAWFUL AND WRONGFUL**
12    **Sgt. George Lytle Badge # 761** )     **SEIZING OF MY VEHICLE.**
                                       )     **UNDER COLOR OF STATE LAW.**
13    **Central Towing & Transport** –TOWING STORAGE CO.  )
14                                     )
      **COUNTY OF ALAMEDA**            )
15                                     )
      **City of Dublin Police Services** )
16                                     )
17    **TOW OPERATOR** - CENTRAL TOWING & TRANSPORTING.  )
                                       )
18    **10 UNNAMED DEFENDANTS**        )
19    **(DEFENDANTS)**                 )
                                       )
20    _____ )

21        Comes Now, William J. Whitsitt, a Natural Born Citizen of the United States exercising

22  the Full Rights of Sovereignty as We The People. I come to this Court Seeking Full

23
    Redress and A Remedy At Law. For Sovereignty of We The People See: **CHISHOLM v. GEORGIA**
24
25  **(US), 2 Dall 419, 454, 1 L Ed 440, 455 (1793) pp 471-472; BOYD v. STATE OF NEBRASKA, 143 U.S. 135 at 158 (1892)**

26  **2 Dall 419.** I come to this Federal District Court to Seek Remedy for a Towing and Seizing

27  My Private Property under the Color and Guise of State Law, in Violation of Due Process of

28

1   Law. My Private Property was Towed and Seized from the Private Parking area and Private

2   Property. The Vehicle Code has NO Jurisdiction upon Private Property. Thus Arrest and Towing

3   of Vehicle from Private Property Unlawful. I was Arrested on Private Property for a

4   Misdemeanor Traffic Violation.

5

6   # (JURISDICTION)

7   The Venue is Correct, the City of Dublin is in Territorial Limits and Jurisdiction of the

8   Northern District of California.

9   The Subject Matter is Correct, because Section 1983 Grants Statutory Jurisdiction by Act

10  of Congress to the U.S. District Court. [1]Original and Federal Question Jurisdiction.

11

12  I have Standing to Sue because my Federal Rights where Denied under the Color of

13  State Law.

14  "`suit arises under the law that creates the cause of action.'" Id., at 8-9, quoting: **American Well Works Co. v.**
    **Layne & Bowler Co., 241 U.S. 257, 260 (1916).**

15

16  See: **§ 1343. Civil rights and elective franchise**

17  Under the Color and Guise of State Law and City Ordinance the Named Police Officer did

18

19  Unlawfully, Wrongfully Seize my Person (Arrest), Seize and Tow my Vehicle (Property) from

20  Private Property.

21

22  Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with
    authority of state law, is action taken "under color of any statute", within this section. Henig v. Odorioso, C.A. 3 (Pa.)

23  1967, 385 F.2d 491, certiorari denied 88 S.Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d 166, rehearing denied 88 S.
    Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671. See, also, Basista v. Weir, C.A. 3 (Pa.) 1965, 340 F.2d 74; Baldwin v.

24  Morgan, C.A. Ala.1958, 251 F.2d 780; Geach v. Moynahan, C.A.III.1953, 207 F.2d 714; Picking v. Pennsylvania
    R. Co., C.C.A.Pa.1945, 151 F.2d 240, rehearing denied 152 F.2d 753; Nugent v. Sheppard, D.C. Ind.1970, 318

25  F. Supp. 31

26

27  _____

28  [1]**28 U.S.C. Section 1343 (3)**

---

**SECTION 1983 COMPLAINT - GEORGE LYTLE AND CITY OF DUBLIN**                    *Page 2 of 28*

Misuse of Power Under the Color of State Law (California Vehicle Code) Qualifies

Section 1983 Civil Rights Jurisdiction.

## (# 1.) - SEIZING OF VEHICLE PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND HOLDING FOR (30) DAYS.

The Police Officer Named Sargent George Lytle Badge No 761 and or some Other

Unnamed Police Officer Ordered my Vehicle Under the Color and Guise of State Law and

Local Ordinance to be Held Unlawfully for (30) Days. The Named Police Officer who is

In Charge of Vehicles and Releasing (Private Property) in Violation of the Fourth Amendment

and Due Process Clause of the Fourteenth Amendment Federal Constitution. See: **KRIMSTOCK**

**v. SAFIR, Docket No. 00-9488 (Second Cir. 2000):**

> Plaintiffs in this action essentially seek an early opportunity to test the City's likelihood of success on the merits of the forfeiture action, or what the Supreme Court has termed the "probable validity" of continued deprivation of a claimant's property during the pendency of legal proceedings. Cf. Comm'r v. Shapiro, 424 U.S. 614, 629 (1976) ("[A]t least where irreparable injury may result from a deprivation of property pending final adjudication of the rights of the parties, the Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made."); Fuentes v. Shevin, 407 U.S. 67, 97 (1972) ("Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, . . . it is axiomatic that the hearing must provide a real test. `(D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'") (quoting: Sniadach v. Family Fin. Corp., 395 U.S. 337, 343 (1969) (Harlan, J., concurring)).

The Fourth Amendment Requires a Probable Cause Hearing in Front of State Court Judge

who has General Jurisdiction. The Named Police Officer did state to me that he was Executing

a Civil Seizure of My Vehicle (Private Property). The Civil Law does Not Transcend the

Fourth Amendment against Search and Seizure of Private Property. See: **UNITED STATES v. JAMES**

---

**DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993).** Which states:

> "The Fourth Amendment is Not the beginning of the end to Constitutional Inquiry whenever a Seizure occurs."
>
> It is true, of course, that the *Fourth Amendment applies to searches and seizures in the civil context,* See Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) In: **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993)**

Thus, making the Holding of my Vehicle without a Fourth Amendment Seizure Warrant Unlawful and Unconstitutionally Violative of the Fourth Amendment.

Let this Court take Notice that I did Serve Several Notices of Warning and Demand for my Property to be Returned. See: **(Exhibits A, B, C, D, E).** I gave full Notice that the Hold upon my Vehicle was Unlawful, in Violation of the Fourth Amendment and in Violation of the Right to Heightened Due Process Protection. I further stated that a (30) Day Hold upon Vehicle (Private Property) Created a Hardship and Cruel Punishment and it was a Double Jeopardy Punishment. I also stated my Financial Problems and Hardship, that a (30) Hold which is Unlawful on it Face would in Reality be a Forfeiture under the Color of State Law. Because I would be Unable to pay the Towing, Storage Fees of well over $ 1500.00. Let Further Notice be taken, here that I gave them Full Notice and Clearly Established My Constitutional and Civil Right. I fully Established that a Simple Tow Hearing in front of Police Tow Hearing Officer does Satisfy Due Process and Fourth Amendment Seizure of my Vehicle Violation. I have Claimed Hardship and Irreparable Harm and Severe Financial Hardship with the Dublin Police Services. See: **(Exhibits A, B, C, D).**

# (#1-A) - (FOURTEENTH AMENDMENT HEIGHTENED DUE PROCESS FAILURE)

1    Taking Stealing under the Color of State Law in Violation of the Fourth Amendment

2    which lays an absolute Barrier against Unlawful Seizures. The Name Police Officer acted without

3
4    the Constraint of Administrative Adjudication. He Ordered my Vehicle Held for (30) Days

5    without Notice and Opportunity to Defend. The Statute Offers No Remedy accept that I pay

6    The $ 1500 that I am Unable to afford. Then sue for the Car back or Take a Trover Action

7
8    In Personam which is Speculative at best and that would take perhaps years to get a Remedy.

9    By that time my Vehicle would have been sold. My 1971 Dodge Power wagon is Extremely

10   Rare and almost one of Kind. It almost Priceless because it has a Granny 4 Speed and that

11
12   is almost one of a Kind. There are only about 50 or less that are in Running Shape. Thus,

13   the Named Defendants and the State of California has Failed provide a Remedy. The Named

14   Defendants must have known its Value. Thus I am left with No Due Process of Law to

15   Protect my Property (Vehicle).

16

17   "executive urgency," the Court has provided the examples of summary seizures during wartime, seizures of
     contaminated food, and, formerly, the collection of taxes when the very existence of the government depended upon
18   them. See Id. at 59-60. To take one example, the Court allowed the seizure, without prior judicial process, of
     forty-seven barrels of poultry from a Chicago food storage warehouse after city inspectors determined they were
19   "putrid, decayed, poisonous, or infected in such a manner as to render it unsafe or unwholesome for human food."
     N. Am. Cold Storage Co v. City of Chicago, 211 U.S. 306, 308 (1908). The threat to the public was immediate, and
20   the spoiled poultry, like contraband, was unlikely to be used for some other legitimate purpose. Motor vehicles, in
     contrast, present no such threat and maintain their usefulness. Cf. Austin v. United States, 509 U.S. 602, 621
21   (1993) ("`There is nothing even remotely criminal in possessing an automobile.'") (quoting One 1958 Plymouth
     Sedan v. Pennsylvania, 380 U.S. 693 (1965)). In James Daniel Good Real Property, for example, the Supreme Court
22   found that enforcement of the drug forfeiture laws did not present "a plausible claim of urgency" strong enough to
     dispense with normal due process guarantees. James Daniel Good Real Prop., 510 U.S. at 61.
23

24   The Defense that the Named Defendant will submit will likely be Public Concern and

25
26   Safety of the Public or Public Interest. I Pose No Public Threat like the Defendants will try

27   Prove. I pose Public Risk. The Defendants will attempt to show I am Criminal because I was

28

---

**SECTION 1983 COMPLAINT - GEORGE LYTLE AND CITY OF DUBLIN**                     *Page 5 of 28*

Driving while my So Called License Privilege was Suspended. What the Defendants don't know is I have Demanded a Suspension Hearing 14 times with the California Department of Motor Vehicle Licensing Division. If a Probable Cause Hearing as is Required by the Fourth Amendment was held they would have known that. My License would Not be Suspended. I was Not afforded a chance to present this Evidence which would Exonerate me. The Named Defendants do want this to happen because they want to Take Citizen's Property in violation of the Fourth Amendment and Heightened Due Process Protection. My So Called License was Suspended for not paying Registration Fees because of past Unemployment (Job Discrimination). Does this make me a Habitual Criminal? I have not been involved in any Accidents, No Drunk Driving, Driving Under the Influence of Alcohol, No Safety Moving Violations like Speeding, Running Stops Lights and or Signs. Does this make a Habitual Criminal that I should be denied my Fourth Amendment Right and my Vehicle Held (Forfeited) for (30) Days without a Full Probable Cause and Due Process Hearing? No this Doesn't Justify the Public Interest of Concern.

## (TOW OPERATOR - CENTRAL TOWING AND TRANSPORTING LIABLE ALSO)

Let Notice be taken here that Central Towing and Transporting did Tow and Hold my Vehicle (Seize) my Private Property on their Property without Seizure Warrant. They also Refused Release my Vehicle (Private Property). They stated to me to Talk to the Dublin Police Services, and it was their Decision to Hold (Seize) my Vehicle (Private Property). This makes the Tow Operator Liable under Section 1983 also. See: **Weinrauëh v. Park City, (Utah) 1984, 751 F.2d**

---

1  357;  Blm v. Artison, E.D. Wis.1989, 721 F. Supp. on subsequent appeal 924 F.2d 1061 remand 764 F. Supp. 129. See

2  also:  Katona v. City of Cheyenne,  S. D. Wyo.1988, 686 F. Supp. 287.

The Tow Operator is Personally Liable for Unlawful Towing and Storage (Seizing) of my Vehicle (Private Property). He had to have Noticed that it was being towed from another City and County, which is Not in the Boundaries and Jurisdictional Limits of the City of Dublin Police Services and Alameda County who has Contracted their Services. He the Tow Operator who Towed and (Seized) my Vehicle (Private Property) without Fourth Amendment Seizure Warrant. They Held my Vehicle (Private Property) and Refused to Release it for the (30) Day Hold (Seizure) without Fourth Amendment Seizure Warrant, Authority. See:  **Katona v. City of Cheyenne,**  S. D. Wyo.1988, 686 F. Supp. 287.

## (MULTI-BILLION DOLLARS INDUSTRY UNDER THE COLOR OF LAW)

The Seizing and (Stealing) of Vehicles Unlawfully in Violation of Due Process of Law, has become a Multi Billions of Dollars Industry. Where does California and the Rest of States come up with over 2.5 Million Vehicles per year from? That doesn't count the Vehicles that where Seized for one day and Returned. It doesn't count the Vehicles that the Vehicles that the Bank Repossessed from a (30) Day hold because the Registered Owner could Not Pay the over $1500 to get their Vehicle back from Impound. It costs almost $200 for Impound and Storage Fee and Administrative fee for (1) Day. All Under the Color and Guise of State Law and Police Powers. The City of Dublin Police Services probably shares in about 5 to 10 Million Dollars per year in  Towing, Seizing, Impounding and Sales of Vehicles (Forfeiture), in Violation of Due Process of Law and Fourth Amendment. (*`There is nothing even remotely criminal

28

In Owning and possessing an automobile.'") (quoting **One 1958 Plymouth Sedan v. Pennsylvania**, 380 U.S. 693 (1965)). This is also what I am Attacking it is Unconstitutional on its Face and an Action Under the Color of State Law which Violates the Fourth Amendment and the Fourteenth Amendment Federal Constitution.

> **Mathews**, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles..... **Krimstock**, 2000 WL 1702035, at 36-37. We are troubled by this conclusion. *Neither the arresting officer's unreviewed probable cause determination nor a court's ruling in the distant future on the merits of the City's forfeiture claim can fully protect against an erroneous deprivation of a claimant's possessory interest as his or her vehicle stands idle in a police lot for months or years.*

There will be No Fourth Amendment Probable Cause Hearing, No Due Process Hearing with Cross Examination of the Police Officers and other Witnesses. The Police Hearing Officer Hearing Will Never Satisfy Due Process and Forfeiture in these type of Matters.

> **Mathews**, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles. **Krimstock**, 2000 WL 1702035, at 36-37.

The Probable Cause for Seizure of my Vehicle will not be Heard and I will Not Be Able to Cross Examine the Police Officer and there where be Adversarial type Hearing In Front of a True Neutral Administrative Judge who is Truly Impartial, Unbiased and truly represents Fairness, Justice and True Due Process of Law. The Police Hearing Officer is a Police Officer who employed by, part of and under the Authority of same Police Department.

## (#1-B) - (NO FOURTH AMENDMENT SEIZURE WARRANT TO HOLD MY VEHICLE)

I guess the Fourth Amendment has No Meaning or Restraint any more. The Fourth Amendment is Not a Valid Protection against Unlawful Seizure's of Private Property. It seems it is this way because Police can Seize and Hold my Vehicle for (30) Days without any

1
2   Judicial Hearing and Judicial Determination of Probable Cause and other Fourth Amendment
3   Protections. The Police and the Tow Agency are Holding my Vehicle for (30) Days without
4   Fourth Amendment Seizure Warrant and or Order. **Police Sargent George Lytle** told Me: "the
5   Fourth Amendment does not apply here." He also stated to me that I did Not have a Right
6
7   to any Hearing whatsoever and the City of Dublin will not Change their Decision to Hold
8   My Vehicle Whatsoever. I Demanded as a Matter of Due Process Right Notice and Opportunity
9   to Defend. He Refused to tell me where my Vehicle was being Held and why it was being
10
11  Held. He Refused to even discuss the Holding of my Vehicle and what is was Being Held
12  for (30) Days. I received No Notification, Authority for (30) Day Hold on my Vehicle and
13  Notification of Hearing Rights and Administrative Adjudication Procedural Due Process. **Sargent**
14
15  **George Lytle Badge No. 761**, stated to me several times that the Fourth Amendment does Not
16  apply to a Vehicle Seizure. My Vehicle is being Seized by Civil Forfeiture Laws (Hold). I
17  did Serve the Dublin Police Services Attn: **Sgt George Lytle Badge No 761**, with Several
18
19  Notices and Demand for Fourth Amendment Seizure Rights, Fourteenth Amendment Heightened
20  Due Process Forfeiture Hearing Rights. See: **(Exhibits A, B, C, D)**. See:

21      "The Fourth Amendment is Not the beginning of the end to Constitutional Inquiry whenever a Seizure occurs."
22
23      It is true, of course, that the *Fourth Amendment applies to searches and seizures in the civil context,* See  <u>Camara</u>
        <u>v. Municipal Court of San Francisco</u>, 387 U.S. 523 (1967) In: <u>UNITED STATES v. JAMES DANIEL GOOD REAL</u>
24      <u>PROPERTY</u>, 510 U.S. 43, Id, at 50 (1993)

25      Thus, even if was to be considered a Civil Forfeiture Action (30) Day Hold, it is still
26  held to the Fourth Amendment Seizure Warrant Requirement. A Civil Penalty in Nature does
27
28

does Not Transcend the Fourth Amendment Seizure Warrant Requirement. See: **See Camara v. Municipal Court of San Francisco**, 387 U.S. 523 (1967); In: **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY**, **510 U.S. 43, Id, at 50 (1993)**. It would also be under the Forfeiture Hearing Right of Due Process of Law. **There are powerful Hydraulic Pressures throughout history that bear heavily on the Courts to water down Constitutional guarantees. Adams v. Williams, 407 U.S. 143 at 161-162 (1972).** This is a Police Officer who is attempting to force a Change in his Favor and to bypass Cardinal Constitutional Guaranties. **Let Notice be taken here, that I gave the Named Sgt. George Lytle # 761, Full Constitutional Demands full warning and Establishing my Constitutional Rights.** Sgt. George Lytle Denied my Demand for Notice of Why, Where and What Authority my Vehicle (Private Property) was being Held.

# (TOW OPERATOR - CENTRAL TOWING AND TRANSPORTING LIABLE ALSO)

Let Notice be taken here that Central Towing and Transporting did Tow and Hold my Vehicle (Seize) my Private Property on their Property without Seizure Warrant. They also Refused Release my Vehicle (Private Property). They stated to me to Talk to the Dublin Police Services, and it was their Decision to Hold (Seize) my Vehicle (Private Property). This makes the Tow Operator Liable under Section 1983 also. See: **Weinrauêh v. Park City, (Utah) 1984, 751 F.2d 357; Blm v. Artison, E.D. Wls.1989, 721 F. Supp. on subsequent appeal 924 F.2d 1061 remand 764 F. Supp. 129. See also: Katona v. City of Cheyenne, S. D. Wyo.1988, 686 F. Supp. 287.**

The Tow Operator is Personally Liable for Unlawful Towing and Storage (Seizing) of my Vehicle (Private Property). He had to have Noticed that it was being towed from another

City and County, which is Not in the Boundaries and Jurisdictional Limits of the City of Dublin Police Services and Alameda County who has Contracted their Services. He the Tow Operator who Towed and (Seized) my Vehicle (Private Property) without Fourth Amendment Seizure Warrant. They Held my Vehicle (Private Property) and Refused to Release it for the (30) Day Hold (Seizure) without **Fourth Amendment Seizure Warrant, Authority**. See: **Katona v. City of Cheyenne, S. D. Wyo.1988, 686 F. Supp. 287.**

## SGT. GEORGE LYTLE ORDERED THIRTY (30) DAY HOLD ON MY VEHICLE (PRIVATE PROPERTY)

**Sgt. George Lytle Bade No. 761** stated to me on Monday March 24th, 2008, that he had Ordered the (30) Day Hold on my Vehicle (Private Property). You where Driving on a Suspended Driver's License the Second time, he stated. I told him I have not been Convicted of any of those. He then stated to me: "It Doesn't matter we can Hold your Vehicle for (30) days." He offered me No Authority for his Action other than he Could do it. I made a Clear very Loud Objection and Protest Claiming that the Vehicle is being Held Unlawfully in Violation of the Fourth Amendment Seizure Warrant Requirement. I Quoted to him: **Camara v. Municipal Court of San Francisco**, I did not Remember the Site No. . Here is the Excerpts from the Conversation: **March 24th, 2008 at or about 2:12 PM:**

**He** further stated: I Refuse to give you any other information about your Vehicle, Towing and otherwise." You can sue if you like but that will not go anywhere. "I have been sued before."

**Me:** I then stated that: " I Unemployed again and this will become a Forfeiture because of Cost and Fees in excess of $ 1,500.00."

**ME:** I must Object and Protest Timely that this Seizure in Unlawful and that I am Establishing a Clearly Established Constitutional and Civil Right."

1  <u>He</u> Just Stated: "the Fourth Amendment does not Apply to a Hold under Civil Law."

2  <u>Me:</u> "I further Demanded to Sgt George "Lytle where is my Right to Forfeiture Hearing as part of Heightened Due Process Requirements under the Fourteenth Amendment.

3

4  <u>He:</u> Stated to me we are Not taking your Vehicle under Forfeiture we are just Holding it for (30) Days.

5

6  Me: I stated to Police Officer Sgt. Lytle that I was Stopped Clearly outside of City of Dublin and Alameda County Jurisdictional Boundaries of Authority and Police Power Jurisdiction.

7

8  He: Well we can stop you within 500 feet of Boundary.

9  <u>Me:</u> That stop took place over 3/8 miles from that Boundary. That is where the Police Put on on the Lights to Stop me. The Boundary of the City of Dublin and County of Alameda is Before
10  Alcosta Blvd. The City of Dublin Police Services have No Business and Jurisdiction to Exercise Jurisdiction there whatsoever.

11

12  <u>He:</u> Refused to answer that Issue of Material Facts whatsoever.

13  <u>Me:</u> "I Demanded to know under what Authority and I Demanded to see it in writing."

14  " <u><sup>2</sup>He</u> Just further stated Mr. Whitsitt, do we have any other business to talk about" "I have Ordered that your Vehicle be held for (30) days and if you want any information or Authority you
15  will have seek it through Discovery." We will Hold your Vehicle for (30) Days. I do not have to
16  offer you a Tow Hearing until After the (30) Days has passed."

17  At that point the Conversation ended and I Demanded that he either release my Vehicle

18  (Private Property). I again Demanded my Right to see a Fourth Amendment Probable Cause
19
20  Warrant, Authority for Holding my Vehicle. In Essence George Lytle Badge No 761, made a

21  Judicial Determination outside His Lawful Authority and Jurisdiction.

22
     "[W]hen an officer acts wholly outside the scope of the powers granted to him by statute or constitutional provision,
23   the official's actions have been considered to be unauthorized." <u>Ramirez de Arellano v. Weinberger</u>, 745 F.2d
     1500, 1523 (D.C. Cir. 1984).
24

25  This Named Police Officer is Not Competent enough and it is in Excess of his

26

27
     <sup>2</sup> <u>He:</u> is referring to Sargent George Lytle # 761   <u>Me:</u> is referring to myself the Plaintiff William J. Whitsitt.
28

Authority to Make Judicial Determination such as Holding my Vehicle for (30) Days. In

Violation of the Fourth and Fourteenth Amendments. Acting in Excess of Lawful Jurisdiction

and Authority is an Cause of Action under Section 1983. See:

> Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law, is action taken "under color of any statute", within this section. Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L.Ed.2d 166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671. See, also, Basista v. Weir, C.A. 3 (Pa.) 1965, 340 F.2d 74; Baldwin v. Morgan, C.A. Ala.1958, 251 F.2d 780; Geach v. Moynahan, C.A.III.1953, 207 F.2d 714; Picking v. Pennsylvania R. Co., C.C.A. Pa.1945, 151 F.2d 240, rehearing denied 152 F.2d 753; Nugent v. Sheppard, D.C. Ind.1970, 318 F. Supp. 31.

I Clearly Established my Constitutional and Civil Rights at the time of Deprivation. I

Served (5) Objections and Demand for Return of my Private Property. See: Exhibits A, B, C, D,

E). I made Objections at First meeting with Police Officer Lytle and at Tow Hearing in Front

of Police Hearing Officer. Let Notice be taken here that, I did Object Timely at the Tow

Hearing and (4) Times before the Tow Hearing that the Police Officer Tow Hearing Does Not

and Will Not Satisfy Heightened Due Process and Fourth Amendment Probable Cause Hearing

Requirements. Officer Lytle Obviously Does Not Care, he is so Used to acting in Excess of

his Authority and Jurisdiction that he has No Regard for my Constitutional and Civil Rights.

Officer Lytle must Believe that he is Beyond Reproach and above the Law.

> "All persons dealing with public officers are bound to take notice of the law prescribing their authority and powers." Continental Casualty Co. v. United States, 113 F.2d 284 (5th Cir. 1940): See also:  United States v. Jones, 176 F.2d 278 (9th Cir. 1949).

Police Officer Lytle is Not Above the Constitution, My Constitutional and Civil Rights

and the Law of the Land. The Roman Civil Law has NO JURISDICTION over me Whatsoever.

## (MY VEHICLE IS MY PRIVATE PROPERTY AND NOT FOR UNAUTHORIZED AND UNLAWFUL POLICE SEIZURES [HOLDS])

1    The Holding of My Vehicle which is my Personal Private Property is Not owned for
2  The Good of the Public. It is Not Owned by Privilege Granted by the Public. It is Not owned
3
4  as an Public Interests or Concern. My Vehicle is Not Owned by a Corporate Person and
5  involved in State Granted Privileges. I own my Vehicle which is my Private Property, by
6  Inalienable Right. I am Not a Creature or Creation of the State Legislature and I am Not their
7
8  Personal Property. I do Not owe my existence to the State Legislature. I know how be
9  Responsible for my Own Actions and Life, Liberty and Property. My Vehicle is Not Public
10  Property for the Public and Legislature's Good. I did Not give the Police Powers Jurisdiction
11
12  and Authority over my Vehicle (Private Property). I Drive and Operate my Vehicle on the
13  Public Roads and Highways by Absolute Inalienable Constitutional Right. I take Responsibility for
14  my own actions. I am completely outside of Legislative Control and Police Power Control. I
15  Take Control over my own actions and over my Life. I Claim that Right to Personal Liberty
16
17  that is Free from Government Control. I have Wrote and Served the California Department of
18  Motor Vehicles this Demand 14 times in this past almost 3 years. My Vehicle is my Private
19  Property and Not Subject to the Police Powers, Unlawful Seizures (Holds) and thus is Held
20
21  to a much Higher Due Process of Law Protection.

22    It is well-established "that a State may not impose a penalty upon those who exercise a right guaranteed by the
       Constitution." Harman v. Forssenius, 380 U.S. 528, 540 (1965); accord: Dunn v. Blumstein, 405 U.S. at 341.
23

24    seizure without court order abridges constitutional due process. Sniadach v. Family Finance Corp. of Bay View, 395
       U.S. 337 (1969).
25

26    I have the Right to be Free From Government Interference with my Right to Travel and
27  Carry on my Private Concerns and Rights.

28

It is a promise of the Constitution that there is a realm of personal liberty which the government may not enter. **Michael H. v Gerald D.**, 491 US 110, 127-128, n 6, 105 L Ed 2d 91, 109 S Ct 2333 (1989) (opinion of Scalia, J.).

I Clearly Established my Right to Liberty at the time of Deprivation.

# TOW HEARING DID NOT SATISFY DUE PROCESS OF LAW AND FOURTH AMENDMENT PROBABLE CAUSE HEARING REQUIREMENT.

They finally agreed to have a Tow Hearing after (9) days my Vehicle (Private Property has been Ordered Held (Seized) by the Named Police Officer. On **April 1st, 2008 at 2PM** I Entered Dublin Police Department for a **Tow Hearing**. I brought my Friend Bob Howard who had Testimony to provide at the Hearing. Here is Excerpts from that Tow Hearing.

[3]**Tow Hearing Officer:** Who is he?

**ME:** "He is my friend Bob Howard, he has Testimony to offer as Evidence"

THO: "He is not allowed in this Hearing, he will have to leave, and wait outside." "There are No Witnesses allowed at my Tow Hearings."

THO: "He will have to wait outside."

Me: "I do Object Timely" "I do have the Right to Present Evidence in Support of an Wrongful Tow Action." *"What about the Fourth Amendment Seizure Requirement?" "What about the Fourteenth Amendment Due Process Requirement?"*

THO: Not at this Tow Hearing, we have already decided that our Action to Hold your Vehicle is Valid and we are Not going to Change our Decision." You have No Remedy here and Recourse on the Hold of your Vehicle." "California Law does Not Provide a Hearing to Determine Validity of Section 14601.2 of Vehicle Code, Hold. "We have received all you Documentation of over 20 pages in 4 Notices and Demands that where received." " That Code does NOT afford you t he Right to Contest the Hold." "The Fourth Amendment does Not Apply to the California Vehicle Code."

Me: "Did you read those Served Document?" *"What about the Fourth Amendment Seizure Requirement?" "What about the Fourteenth Amendment Due Process Requirement?"*

THO: "He just stated again that we received them."

I believe that is the Section Number he Quoted."

THO: Do you have anything else to offer us.?"

Me: I have 3 Affidavits plus my Testimony that will support that the Police Officers pulled me over in City of San Ramon and County of Contra Cost clearly outside of City of Dublin and County of Alameda Jurisdiction." The

---

[3]**Two Hearing Officer will be:** THO. **Me:** Is Me the Plaintiff William J. Whitlatt

1    Affidavits from: Steve Swift; Michael Swift; Rick Lincoln, are Evidence and Proof that My Vehicle was Towed outside of City of Dublin and Alameda County Authority and Jurisdiction"

2
      THO: I will accept that and hand to my Legal Staff. Can we have those originals or can we make a copy
3    of them." I believe we have a difference of Opinion on our City Limits and County Limits of Authority and Jurisdiction.

4        Me: You may make a Copy of those Affidavits from: Steve Swift; Michael Swift; Rick Lincoln.  "I also
      state doesn't Probable Cause also determine Validity of Tow?" According to U.S. v. James Daniel Good Real Property."
5    "I must be afforded a full Forfeiture type Hearing which Requires a Full Probable Cause and Evidentiary Hearing with
      Cross Examination of Police Officers and Witnesses Testimony." *What about the Fourth Amendment Seizure
6    Requirement?" "What about the Fourteenth Amendment Due Process Requirement?"

7        THO: "Not at a Section  14601.2 Vehicle Code Hold, Tow Hearing." "We have made determination to hold
      your Vehicle for (30) days and you have No Recourse or Remedy.: This Code does Not Afford a Hearing (14601.2
8    California Vehicle Code).

9        Me: "I OBJECT Timely."  "What are we having this Tow Hearing for then?"  " *What about the Fourth
      Amendment Seizure Requirement?" "What about the Fourteenth Amendment Due Process Requirement?"

10        THO: Because you asked for a Tow Hearing."

11        Me:  "I again OBJECT timely."  "This so-called Tow Hearing does not Afford me the Right to Challenge
      Probable Cause and it does Not Satisfy Due Process Cross Examination Requirement.

12        THO: We have decided to shortened the time from (30) day Hold to a (15) days you may pick up the Truck
      on April 8. Just pay the $ 150.00 Administration Fee. Then you will have to work out with the Tow Company the Tow
13    and Storage Fees.

14        Me: "I OBJECT again that this Hearing does Not satisfy Forfeiture and Probable Cause Requirements."

15        THO: He stated again that they will shorten the (30) day Hold to (15) day Hold. You may pick up Vehicle
      up on April 8th, 2008. Do you have anything else to add?"

16        Me: "I OBJECT Timely again."

17        THO: "Then this Hearing is over."

18      The **Tow Hearing on April 1st, 2008**, lasted for about  20 minutes. He the Hearing

19    Officer stated  2 times that the (14601.2 California Vehicle Code Hold) does Not Afford you
20
      the Right to a  Hearing to Contest the Hold or Probable Cause for the Hold. This Violates
21
22    SEE: seizure without court order abridges constitutional due process. Snladach v. Family Finance Corp. of Bay View, 395

23    U.S. 337 (1969) . See Also: Mathews v. Eldridge, 424 U.S. 319 (1976). This Tow Hearing where I was
24
      Not Allowed to Contest the Probable Cause for the Stop by the Police and Contest the
25
26    Validity of Vehicle Hold (Seizure) for (30) days (Forfeiture). I was Not even Allowed to have

27    my Friend Bob Howard Testify as Evidence in Support of My Challenge to Probable Cause

28

**SECTION 1983 COMPLAINT - GEORGE LYTLE AND CITY OF DUBLIN**          *Page 16 of 28*

and Vehicle Hold. I was Not Afforded a Real Hearing to Contest the Validity of Probable Cause for Tow and Subsequent Hold (Seizure) of my Vehicle. I was Denied the Constitutional Right to Contest Vehicle Hold (Seizure) for (30) Days.

Let Judicial Notice be Taken, here that the City of Dublin California and other Stopping Police Officers of Dublin Police Services are being sued in other Separate Complaints and they are Not Part of this Section 1983 Suit.

## (# 1-C.) - NO PROBABLE CAUSE FOR STOP, SEIZURE OF MY PROPERTY AND ARREST OF MY PERSON.

**LET JUDICIAL NOTICE BE TAKEN HERE, THAT THE FALSE AND UNLAWFUL ARREST ARE NOT ON TRIAL WITH THIS SEPARATE CAUSE OF ACTION AGAINST AN INDIVIDUAL POLICE OFFICER GEORGE LYTLE BADGE NO. 761.** I bring up the Issue of Probable Cause as its Concerns the Unlawful Seizure of my Vehicle (Private Property). This in Violation and Deprivation of the Fourth Amendment.

I have [4]Several Witnesses not including myself that the Police Stop took place almost a Half mile within Contra County and the City of San Ramon California. The Stop was outside the County of Alameda and City of Dublin California's Lawful Territorial Boundaries and Jurisdiction. The Argument that I Committed a Traffic Violation in their Presence is Not Valid. At first the Police Officer stated that could not read the Old Original License Plate. It had a April Temporary Sticker in the back Window. The License Plate has a 2009 Current

---

[4]**Steve Swift, Rick Lincoln, Michael Swift, myself.**

Registration Sticker on it. The [5]Police Officers said he was Unable to Read my License Plate then, He then stated I believe you have a Stop Light out. This is totally Wrong because I just checked all the Lights: Stop Lights, Turn Indicators and Head Lights just within the last half Hour to make sure everything was working and they where. Thus the old Your Stoplight is Out, Excuse for Probable Cause is Not Valid. It was Lie to Establish Probable Cause. I Demanded that the Police Officer prove to me that my Stop Light was out. They Refused. The Reason they Refused to prove me that Stop Light was out was that it was working. Police Officers are Known Liars under Oath. The Police Officer's Just had to Create a Probable Cause and Excuse for the Unlawful Stop. They had to make up some Excuse for Probable Cause. See: **Berkermer v. McCarthy, No. 83-710, decided July 2, 1984. See also Adams v. Williams, 407 U.S. 143, 148 and Terry v. Ohio, 392 U.S. 34. Let Judicial Notice be Taken here that the Police Officer Never Cited me for Stop Light being Out.** The Police Officers where actually looking for Michael Swift who Owned that Dodge Pick Up Truck for many years and was Harassed, Stopped without Justification, Searched and Never Charged for any Real Crime. See: **(Affidavit from Michael Swift)**. The Dublin Police Officers even asked Michael Swift what happened to the Dodge Pick up Truck about a week earlier.

There was No Legitimate Probable Cause for the Stop other then Thinking they where Stopping Michael Swift and to Harass him.

The Stop took place Clearly outside of City Limits and County of Alameda Jurisdiction. Thus, Acting Outside of Their Lawful Jurisdiction and Police Power Authority from the City

---

[5]Alameda County Sherif Deputys: Whithall # 429;  A. Grarth # 1340, who are contracted with the city of Dublin Police Services.

1   of Dublin California. Let Judicial Notice be Taken, here that the City of Dublin City Limits

2   end at the Back Home Fence about 15 Feet before Alcosta Blvd. The Police Stop began over

3   3/8 miles further in Contra Costa County and the City of San Ramon California. Thus, Clearly

4   Establishing a Claim and Cause of Action Under Section 1983. I have Clear Established my

5   Constitutional Right against Unlawful Stops outside of City of Dublin Police Jurisdiction. False

6   Unlawful Arrest and Unlawful Seizure of my Vehicle (Private Property) outside of Lawful

7   Jurisdiction and Police Power Authority. They had to have Known that they where beyond there

8   Lawful Jurisdictional and Police Power and City of Dublin and Alameda County Boundaries. The

9

10  Lawful Jurisdictional and Police Power and City of Dublin and Alameda County Boundaries. The

11  City of Dublin and [6]Alameda County Sheriffs have No Jurisdiction whatsoever on Alcosta Blvd.,

12  because it is 15 feet beyond City and County Jurisdictional Limits. Thus the Police Stop and

13

14  Subsequent Seizure of my Vehicle and Arrest of my Person for Failure to Appear Misdemeanor

15  Warrant was Unlawful , Unreasonable, without and in Violation of Fourth Amendment Probable

16  Cause.

17

18  Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d
    166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671. See, also, Basista v. Weir, C.A. 3 (Pa.)

19  1965, 340 F.2d 74; Baldwin v. Morgan, C.A. Ala.1958, 251 F.2d 780; Geach v. Moynahan, C.A. Ill.1953, 207
    F.2d 714; Picking v. Pennsylvania R. Co., C.C.A. Pa.1945, 1 51 F.2d 240, rehearing denied 152 F.2d 753; Nugent

20  v. Sheppard, D.C. Ind.1970, 318 F. Supp. 314;

21      The City of Dublin Police Services and Alameda County Sheriffs Department must Except

22  Responsibility and Liability also because they have Contracted their Police Services and Liability

23

24  to Suit. The Respondent Superior Doctrine is Not being Applied here because of Contractual

25  Obligation and Liability by the City of Dublin Police Services and Alameda County Sheriffs

26

27      [6]Alameda County Sherif Deputies: Whithall # 429;  A. Grarth # 1340, who are contracted with the city of Dublin Police

28  Services.

Department. The City Dublin Police Officers Must Have Known that they where outside of their Lawful Police Power and Authority Jurisdictional Boundaries. Let Notice be taken here, that I Objected to their being outside of City of Dublin and Alameda County Jurisdictional Boundaries. Thus Probable Cause for the Seizure of my Vehicle does Not Exist. **Let further Notice be taken here that I did explain this to Sgt. George Lytle several times and I made the Objection at the City of Dublin Police Services** Tow Hearing. When I made the First Objection with Police Officer Sgt. George Lytle he simply stated that he did Not Care.

Let Judicial Notice be taken, here that **Central Towing** (Towing Agency) Seized, Towed and Stored my Vehicle and is a Named Defendant and Co-Conspirator. The Tow Agency must have Know n that they where Clearly Outside of City of Dublin and Alameda County Jurisdictional and Authority Boundaries. Let Notice be taken here, that they where served a Copy of All Notices of Objection and Demand for Return of my Vehicle (Private Property). See: **(Exhibits A, B, C, D, E)**. My Vehicle is being Held Unlawfully in Violation of the Fourth Amendment on Central Towing Impound Lot. **LET NOTICE BE TAKEN, HERE THE TOW AGENCY IS NOT ON TRIAL IN THIS CAUSE OF ACTION UNDER SECTION 1983.**

"[W]hen an officer acts wholly outside the scope of the powers granted to him by statute or constitutional provision, the official's actions have been considered to be unauthorized." <u>Ramirez de Arellano v. Weinberger</u>, 745 F.2d 1500, 1523 (D.C. Cir. 1984).

Thus, with the (5) Notices of Objection which detail Jurisdiction, Probable Cause and Authority; Violation of the Fourth Amendment, Violation of Heightened Due Process under the Fourteenth Amendment, I have Clearly Establish my Constitutional and Civil Right. The Named **Police sgt. George Lytle had to have Known that his Actions where:**

---

1

2        *    Under the Color and Guise of State Law.

3        *    Unauthorized and beyond his Lawful Jurisdiction.

4        *    In Violation of my Clearly Establish Fourth Amendment Right.

5
6        *    In Violation of my Clearly Established Heightened Fourteenth Amendment Right.

7        *    In Violation of my Clearly Established Right to Forfeiture Hearing Due Process of law.

8        *    Seizing and Holding of my Private Property in Violation of Fourth Amendment.

9
         *    Exercising Judicial Discretion without and in Excess of Jurisdiction and Lawful Authority.
10

11       "All officers, including judges, are liable if they act wholly outside of their jurisdiction or official authority, even where
         the act is a discretionary one.  The officer is then regarded as not acting in the capacity of an officer at all."
12       Robichaud v. Ronan, 9 Cir. 1965, 351 F.2d 533

13           The above decision states it without a doubt about Liability and the Named Sargent is

14   Completely  liable.

15

16       "Liability in damages for unconstitutional or otherwise illegal conduct has the very desirable effect of deterring such
         conduct. Indeed, this was precisely the proposition upon which 42 USC section 1983 was enacted". . . "Judges may
17       be punished criminally for willful deprivations of constitutional rights on the strength of 18 USC Section 242." Imbler
         v. Pachtman, U.S. 47 L. Ed. 2d 128, 96 S. Ct.
18

19           It is Very Clear, the Named Police Officer has  Reckless Disregard for my Constitutional

20   and Civil Rights.

21   # (TOW OPERATOR - CENTRAL TOWING AND TRANSPORTING LIABLE
22   ALSO)

23           Let Notice be taken here that Central Towing and Transporting did Tow and Hold my

24   Vehicle (Seize) my Private Property on their Property without Seizure Warrant. They also
25
26   Refused Release my Vehicle (Private Property). They stated to me to Talk to the Dublin Police

27   Services, and it was their Decision to Hold (Seize) my Vehicle (Private Property). This makes

28

---

the Tow Operator Liable under Section 1983 also. See: **Weinrauëh v. Park City, (Utah) 1984, 751 F.2d 357; Blm v. Artlson, E.D. Wis.1989, 721 F. Supp. on subsequent appeal 924 F.2d 1061 remand 764 F. Supp. 129. See also: Katona v. City of Cheyenne, S. D. Wyo.1988, 686 F. Supp. 287**.

The Tow Operator is Personally Liable for Unlawful Towing and Storage (Seizing) of my Vehicle (Private Property). He had to have Noticed that it was being towed from another City and County, which is Not in the Boundaries and Jurisdictional Limits of the City of Dublin Police Services and Alameda County who has Contracted their Services. He the Tow Operator who Towed and (Seized) my Vehicle (Private Property) without Fourth Amendment Seizure Warrant. They Held my Vehicle (Private Property) and Refused to Release it for the (30) Day Hold (Seizure) without Fourth Amendment Seizure Warrant, Authority. See: **Katona v. City of Cheyenne, S. D. Wyo.1988, 686 F. Supp. 287**.

## (# 2.) - <u>WAIVER OF GOOD FAITH AND QUALIFIED IMMUNITY.</u>

The [7]Named Police Officer Act Intentionally, Knowingly and Deliberately with Wanton Intent on Malice. He Clearly Knew that his Acts where outside his Authority, in Violation of my Federal Constitutional and Civil Rights. I Clearly Established my Constitutional and Civil Rights, against Unlawful Seizure of my Vehicle, the Right to have a Forfeiture Hearing, Heightened Due Process Requirements. I established my Fourth Amendment Right against the (30) day Hold without Seizure Warrant as Unlawful. I Served the Police Officer Several Notices of Warning and Demanding Constitutional and Civil Rights. See: **(Exhibits A, B, C, D, E)**. I made Several Verbal Timely Objections to the Named Police Officer. He Stated several times to me

---

[7] **Sgt George Lytle No 761**

that He Had been to John F. Kennedy University Law School, so Had to have known that His acts where where Unlawful, in Excess of his Jurisdiction and Authority, in Violation of the Fourth and Fourteenth Amendments, and he was Action Outside his Lawful Authority and Jurisdiction. He also further stated that he has been a Police Officer for over (35) years. Thus, I have Clearly Established my Constitutional and Civil Rights at the time and the Continued Violation and or Deprivation of those Rights.

Clearly established Right Qualified Immunity - ask whether such Right was clearly established , see: Saucier v. Katz, (U.S. 2001), 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d. 272; see also: Wilson v. Layne, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818.

Thus, the Named Police Officer Knowingly and Wantonly Waived Good Faith and Qualified Immunity. He Knew that his Acts where in Violation of Fourth and Fourteenth Amendments. He Had to Have Known that he was Acting Recklessly Outside his Lawful Authority and Jurisdiction. The Named Police Officer Knew full well and as he Stated Several times I don't Care about Your Federal Constitutional Rights. He knew full well that I did Not Receive Notice before my Vehicle (Private Property) was Seized that my Vehicle would Be Seized Held for (30) Days without Fourth Amendment Seizure Warrant. I would have Contested and Fought that State Action till my dying last breath. The State would Not be able to Seize and Hold my Vehicle Unlawfully in Violation of the Fourth and Fourteenth Amendments. I Explained this to the Police Officer Named, He stated to me He did Care whatsoever. I did Serve him with Several Notices and Demand that my Vehicle be Released at once. See Exhibits A through E. Thus, the Named Police Officer Clearly, Knowingly and Deliberately Waived his Qualified Immunity against Personal Liability. See:

---

Public Official is not entitled to qualified immunity when he contours of allegedly violated Right were sufficiently clear that reasonable official would understand that he was doing violated that Right. P.B. v. Koch, C.A.9 (Idaho) 1996, 96 F.3d 1298; see also: Wilson v. Layne, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818.

## Thus a Full and Knowing Waiver of Qualified Immunity.

The [8]Named Police Officer did Unlawfully and Outside his Authority make a Judicial Fourth Amendment Seizure Determination of Seizing my Vehicle, (30) Day Hold. He acted in Discretionary manner by making the Determination to Hold (Seize) my Vehicle for (30) days in Clear Violation of the Fourth and Fourteenth Amendments Federal Constitution. The Named Police Officer Acting as an Administrative Officer who does Not enjoy Absolute Judicial Immunity, even though he is Not a Administrative Hearing Officer. He state to me that he is Not an Administrative Hearing Officer. He made an Administrative Decision outside his Lawful Authority to make that Decision. The Decision to Hold (Seize) my Vehicle (Private Property) without Seizure Warrant and or Judicial Determination Violate the Fourth and Fourteenth Amendments. Thus Clearly Outside the Scope of his Lawful Authority and Jurisdiction. *See, e.g.,* *Richardson v. Koshiba,* : 693 F.2d 911, 913-14 (9th Cir.1982) (even: judicial personnel are not absolutely immune when performing executive functions); *Harlow,* 102 S. Ct. at 2735. *See also:* *Scheuer v. Rhodes,* 416 U.S. at 247, 94 S. Ct at 1692.

The determination of whether a law enforcement officer is entitled to qualified immunity involves a two-step analysis. Saucier v. Katz, 533 U.S. 194, 201 (2001). In the first step we must view the record in the light most favorable to the party asserting injury in determining whether the officer's conduct violated a constitutional right. Id. If the plaintiff establishes the violation of a constitutional right, we must next consider whether that right was clearly established at the time the alleged violation occurred. Id. The contours of the right must have been clear enough that a reasonable officer would have understood that what he or she was doing violated that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

[8]Sgt George Lytle No 761

There is No Qualified Immunity available to a Police Officer who Knowingly, Wantonly and Deliberately without Caring, Violates the Clear Constitutional Mandate of the Fourth and Fourteenth Amendments Federal Constitution. The Named Police Clearly had Intentional and Wanton, Reckless and Deliberate Disregard for my Constitutional and Civil Rights.

The Law of Not Allowing Cities to Hold (Seize) my Vehicle for (30) Days and more than (1) Day is well Established and Well Known. The fallowing Decisions make Clear that the Named Police Officer had to have and must have known the Truth that his Actions where Clearly Unlawful and in Violation of the Fourth and Fourteenth Amendments Federal Constitution. He Knew the Truth that his Actions are Not Authorized by Federal Law and in Violation of my Federal Civil and Constitutional Rights. The Decision Clearly Establish my Civil Rights:

The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property. See United States v. $8,850, 461 U.S. 555, 562 , n. 12 (1983); Fuentes v. Shevin, 407 U.S. 67, 82 (1972); Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 342 (1969) (Harlan, J., concurring); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).

Neither Gerstein nor Graham, however, provides support for the proposition that the Fourth Amendment is the beginning and end of the constitutional inquiry whenever a seizure occurs. That proposition is inconsistent with the approach we took in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663 (1974), which examined the constitutionality of ex parte seizures of forfeitable property under general principles of due process, rather than the Fourth Amendment. And it is at odds with our reliance on the Due Process Clause to analyze prejudgment seizure and sequestration of personal property. See, e. g., Fuentes v. Shevin, 407 U.S. 67 (1972); Mitchell v. W. T. Grant Co., 416 U.S. 600 (1974).

It is true, of course, that the Fourth Amendment applies to searches and seizures in the civil context, and may serve to resolve the legality of these governmental actions without reference to other constitutional provisions. See Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) (holding that a warrant based on probable cause is required for administrative search of residences for safety inspections); Skinner v. Railway Labor Executives' Assn., 489 U.S. 602 (1989)

Though the Fourth Amendment places limits on the [ UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY,

---

510 U.S. 43 (1993) , 51] Government's power to seize property for purposes of forfeiture, it does not provide the sole measure of constitutional protection that must be afforded property owners in forfeiture proceedings. So even assuming that the Fourth Amendment were satisfied in this case, it remains for us to determine whether the seizure complied with our well settled jurisprudence under the Due Process Clause.

The practice of ex parte seizure, moreover, creates an unacceptable risk of error. Although Congress designed the drug forfeiture statute to be a powerful instrument in enforcement of the drug laws, it did not intend to deprive innocent owners of their property. The affirmative [ UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, 54 (1993)] defense of innocent ownership is allowed by statute. See 21 U.S.C. 881(a)(7) ("[N]o property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner").

(1993) (holding that forfeitures under 21 U.S.C. 881(a)(4) and (a)(7) are subject to the limitations of the Excessive Fines Clause). Nor would that inquiry, in the ex parte stage, suffice to protect the innocent owner's interests. "[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights. . . . No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it." Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170 -172 (1951) (Frankfurter, J., concurring) (footnotes omitted).

*The Supreme Court has held that the Fourth Amendment protects claimants against unreasonable seizures of their property in the civil forfeiture context. See United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993) ("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture . . . ."); see also One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696, 700 (1965) (holding that the exclusionary rule under the Fourth Amendment applies to civil forfeiture proceedings); cf. In re Seizure of All Funds in Accounts in Names Registry Publ'g, Inc., 68 F.3d 577, 580 (2d Cir. 1995) ("In order to seize property under [federal civil forfeiture law], the government must demonstrate that there was probable cause to believe that the property is subject to forfeiture."); United States v. Daccarett, 6 F.3d 37, 49 (2d Cir. 1993) ("[T]his circuit requires seizures made pursuant to [federal civil forfeiture law] to comport with the fourth amendment."); United States v. $37,780 in U.S. Currency, 920 F.2d 159, 162 (2d Cir. 1990) (same).*

This Police Officer who stated he went to John F. Kennedy University of Law, so he had to have or Must have known about Seizing and the Fourth Amendment and Heightened Due Process Requirements. The Above quoted decisions have been around for over 15 years to over 50 years. This is Not New Case Law and Practice it is Old Law and Required Practices. Thus, Old Required Practice and Case Law Clearly Established my Fourth and Fourteenth Amendment Rights many years ago in fact it goes back to the Framing of the Federal Constitution by our Forefathers. The Requirements of the Fourth and Fourteenth Amendments is

Not New Doctrine it it old and Well Clearly Established.

## TOW OPERATOR AND TOW COMPANY DOES NOT HAVE COMMON LAW IMMUNITY WHATSOEVER.

The Towing Company and Tow Operator who Unlawfully Towed and Held (Seized) my Vehicle under the Color and Guise of State Law does Not Enjoy any Immunity whatsoever. He the Tow Operator and the Towing Company Contracted: Central Towing and Transporting Inc., have No Immunity whatsoever to Claim from Section 1983 Suit. **See: Halvorsen v. Baird, 146 F.3d 680 (9th Cir. 1998) Id. at 686 (quoting Richardson, 521 U.S. at 409).** Thus Elimination of both Good Faith and Qualified Immunity Claims.

## (IN CONCLUSION)

I am Entitled to Return of my Vehicle (Private Property) Held (Seized) In Violation of the Fourth and Fourteenth Amendments Federal Constitution. I am Entitled to Actual Damages Damages and Punitive Damages as a Matter of Law, Rule Right and Case Law Precedents. I Move the Court to Grant all Demanded for Relief, Remedies and Damages Sought.

**RELIEF AND REMEDIES SOUGHT:** Immediate Return of my Vehicle (Private Property) without Costs of Towing, Storage, City and Towing Company Administrative Fees or any other Associated Fees or Costs. Also any other Remedies Ordered by this Court which is Just and Fair.

**This is For the Wrongful, Unlawful SEIZING and Holding of my Vehicle Private Property in Violation of the Fourth and Fourteenth Amendments U.S. Constitution.**

**ACTUAL DAMAGES OF:** Named Police Officer to pay $ 1500 per day Actual Damages from March 23, 2008. From Tow Operator, Pay: $ 1500 per day Actual Damages from March 23, 2008. From Central Towing and Transporting. Pay: $ 1500 per day Actual Damages from March 23, 2008.

**This is for loss of Use and Enjoyment of Vehicle Private Property and Forfeiture in Violation of Due Process and Fourth Amendment Seizure Warrant Requirements.**

**PUNITIVE DAMAGES:**  Police Officer:  Pay $ 350,000.00 Punitive Damages.
Tow Operator:   Pay $ 350,000.00 Punitive Damages.
From Central Towing and Transporting:   Pay $ 350,000.00 Punitive Damages.

    This is Punitive Damages for the Reckless Disregard for, Wanton, Deliberate and Knowing Deprivation and Violation of My Constitutional and Civil Rights, with Intent on Malice.

I WILLIAM J. WHITSITT, _William J Whitsitt_ , THIS THE 2nd DAY OF APRIL, 2008,  DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW.

    **I WILL MOVE THE COURT TO GRANT AN EMERGENCY ORDER TO RELEASE MY VEHICLE PRIVATE PROPERTY AT ONCE WITHOUT FEES CHARGED FOR TOWING, STORAGE, ADMINISTRATIVE FEES AND ANY OTHER FEES ASSOCIATED WITH TOWING AND STORAGE UNLAWFULLY OF MY VEHICLE.**

    I WILLIAM J WHITSITT, AM THE MASTER OF THIS SUIT AND I WILL DECIDE WHAT LAW IT WILL PROCEED UNDER, SEE:

According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed pro se and therefore may be less capable of formulating legally competent initial pleadings. See **Haines v. Kerner**, 404 U.S. 519, 520 (1972). 9 [490 U.S. 319, 331]. See also:  **Caterpillar Inc. v. Williams**, 482 U.S. 386, 392 (1987).

RESPECTFULLY  SUBMITTED

_William J Whitsitt_

WILLIAM  J.  WHITSITT

DATED:  April 2, 2008

# DEFENDANTS CONTACT INFORMATION

**DUBLIN POLICE SERVICES**
**100 Civic Plaza**
**Dublin, CA   94568**
**(925) 833-6670**
**Fax (925) 828-2893**


**CENTRAL TOWING AND TRANSPORT   Tow Agency**
**FREMONT - Main Office**
**36849 San Pedro Drive**
**Fremont, CA 94536**
**(510) 797 - 5660**

**PLEASANTON**
**3932 Old Santa Rita Road**
**Pleasanton, CA   94568**
**(925) 734 -3400**