**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | |
| Plaintiff, | No. C 08-01802 JSW |
| v. | **ORDER DENYING REQUEST FOR IMMEDIATE ORDER FOR RELEASE OF VEHICLE FREE OF CHARGE OF TOWING AND STORAGE FEES OR ALTERNATIVE REMEDY RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS DECIDED** |
| SGT. GEORGE LYTLE, et al. | |
| Defendants. | |

The Court has received Plaintiff's request entitled "Immediate Order for Release of Vehicle Free of Charge of Towing and Storage Fees or Alternative Remedy Order Releasing Vehicle Until Matter of Vehicle is Decided." Liberally construed, Plaintiff's request appears to be a request for a temporary restraining order, in which he seeks a mandatory injunction requiring Defendants to release his vehicle pending resolution of this action. It does not appear that Plaintiff has served a copy of this request on Defendants.

Federal Rule of Civil Procedure 65(b) authorizes a court to issue a temporary restraining order without written or oral notice to an adverse party or parties, when:

> (1) it clearly appears from the specific facts shown by affidavit or the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

"[C]ourts have recognized very few circumstances justifying the existence of an ex parte TRO. For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Reno Air Racing Association, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984).) That is not the situation here, where Plaintiff clearly knows the identity and the location of the Defendants. (*See* Docket No. 7.) In such a case, "courts have recognized 'a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.2d at 322.) Plaintiff has made no such showing in this case, and the Court denies his request on that basis.

In addition, to prevail on a motion for temporary restraining order or to receive preliminary injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in favor of the moving party. *Stahlbarg Int'l Sales*, 240 F.3d at 839-840. These alternative standards are "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993).

"Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)). Moreover, "on application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Dymo Industries*, 326 F.2d at 143; *see also Mayview Corp. v. Rodstein*, 480 F.2d 714, 719 (9th Cir. 1973) (reversing grant of preliminary injunction based on existence of disputed factual issues).

2

1  As an "irreducible minimum," the moving party must demonstrate "a fair chance of success on the merits" or "questions ... serious enough to require litigation." *Sports Form, Inc. v. United Press Intern., Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (citations omitted). If the moving party fails to show any chance of success on the merits, a court need not determine whether there is potential injury or balance the hardships. *Id*.

The Court finds that Plaintiff has failed to meet his burden to show that the extraordinary relief that he requests is warranted. Accordingly, his motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 5, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | Case Number: CV08-01802 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SGT. GEORGE LYTLE et al, | |
| Defendant.                              / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
335 W. Clover Road
Tracy, CA 95376

Dated: May 5, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk