

WILLIAM  J.  WHITSITT
335  W.  CLOVER  ROAD
TRACY,  CA  95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN  PROPRIA  PERSONA

IN  UNITED  STATES  DISTRICT  COURT  FOR  THE  NORTHERN  DISTRICT  OF  CALIFORNIA  SAN  FRANCISCO

| | |
|---|---|
| **WILLIAM  J.  WHITSITT**<br>      **(PLAINTIFF)** | <u>Case No</u>:  **C08-01802 JSW** |
| --------------VS------------- | |
| **Sgt.  George  Lytle Badge # 761** | **RECONSIDERATION:** |
| **Central Towing & Transport** -TOWING STORAGE CO. | **IMMEDIATE ORDER FOR RELEASE OF VEHICLE FREE OF CHARGE OF TOWING AND STORAGE FEE OR ALTERNATIVE REMEDY ORDER RELEASING VEHIC UNTIL MATTER OF VEHIC IS DECIDED** |
| **COUNTY OF ALAMEDA** | |
| **City of Dublin Police Services** | |
| **TOW OPERATOR** - CENTRAL TOWING & TRANSPORTING. | |
| **10 UNNAMED DEFENDANTS**<br>      **(DEFENDANTS)** | NOTE: PLEASE SEE ALSO BRIEF IN SUPPORT. |

## (I) - (<u>PREVAILING IN SUIT</u>)

I  William  J.  Whitsitt,  do  hereby  Come  to  this  Court  who  Has

Hear  Determine  all  Facts  of  this  Case.  I  come  to  this  Court  to  R

Private  Property  (Private  Vehicle)  1971  Dodge  Power  Wagon.  See:

Court  to  Grant  Order  for  the  Release  of  Vehicle  which  was

of  Due  Process  and  Seizure  Warrant  of  Fourth  Amendment.

RETURN OF PROPERTY WITHOUT TOW, STORAGE AND ADMINISTRATIVE OR

1

2   IMMEDIATE RELEASE BEFORE MY VEHICLE IS SOLD FOR LIEN SALE FOR TOWING

3   AND STORAGE FEES. I Remind this Court that I am Unemployed and I cannot Afford to

4   Pay the Towing and Storage Fees of over $ 1500.00. I tried to Recover my Vehicle the day

5   after it was Towed, I was as the Dublin Police Department with a Friend prepared to pay

6   the $ 150.00 Tow and Storage Fees for one day. The Dublin Police Department Denied my

7
8   my Inalienable Constitutional and Civil Right to Take back and Recover my Vehicle (Private

9   Property). "...that the *Fourth Amendment applies to searches and seizures in the civil context*, See: <u>Camara v.</u>

10  <u>Municipal Court of San Francisco</u>, 387 U.S. 523 (1967) in: <u>UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY</u>,

11  <u>510 U.S. 43, id, at 50 (1993)</u>. The Inalienable Right to take back Possession of my Property

12  (Vehicle) is a Fourth and Fourteenth Amendment Right. Motor vehicles, in contrast, present no such threat

13  and maintain their usefulness. Cf. <u>Austin v. United States</u>, 509 U.S. 602, 621 (1993) ("'There is nothing even remotely

14
15  criminal in possessing an automobile.'") (quoting <u>One 1958 Plymouth Sedan v. Pennsylvania</u>, 380 U.S. 693 (1965)). Thus,

16  I am Constitutionally Entitled to the Free Return of my Vehicle (Private Property), free of all

17  Towing, Administrative and Storage Fees. I Move the Court to Grant this Immediate Order for

18  Release of my Vehicle to avoid Lien Sale by Named Defendant: Central Towing and Transporting.

19  ## (II) - <u>(RETURN OF MY PROPERTY IS THE ONLY REMEDY)</u>

20
21      Court Order, Releasing of Private Property, Free of all Towing, Administrative and Storage

22  Fees is Proper and Lawful. I Move the Court to Grant this Court Order Releasing my Vehicle

23  without Fees because of pending Forfeiture of that Vehicle in Violation of Forfeiture Hearing

24  and other Due Process Requirements.

25  Motor vehicles, in contrast, present no such threat and maintain their usefulness. Cf. <u>Austin v. United States</u>, 509
26  U.S. 602, 621 (1993) ("'There is nothing even remotely criminal in possessing an automobile.'") (quoting <u>One 1958</u>
27  <u>Plymouth Sedan v. Pennsylvania</u>, 380 U.S. 693 (1965)). In James Daniel Good Real Property, for example, the
    Supreme Court found that enforcement of the drug forfeiture laws did not present "a plausible claim of urgency"
28  strong enough to dispense with normal due process guarantees. <u>James Daniel Good Real Prop.</u>, 510 U.S. at 61.

1    I ask the Court to Grant me my Vehicle's Possession Back.

2    ## (III) - THIS COURT MUST ORDER THE IMMEDIATE RETURN OF MY
3    ## VEHICLE FREE OF CHARGES AND FEES.

4        It cannot be said that the Continued Seizing (Holding) of my Vehicle (Private Property)

5    must be maintained because of Immediate danger to the Public. Or it must be Held because

6    it is Direct Evidence of Criminal Activity. Even if this where the case My Vehicle would

7    Be Ordered Returned Immediately. See: **James Daniel Good Real Prop.**, **510 U.S. at 61.** I thus, Move the

8
9    Court to Grant Immediate Court Order, Ordering Return of my Vehicle without Cost.

10       If the Defendants believe that they are entitled to Towing and Some Storage Fees then

11   the Court will have Jurisdiction over the Proceedings to Order those Fees to be paid after the

12   Trial has Ended. I am Not a Threat to Run and Flee from Justice or a Flight Risk. They the

13   Named Defendant Central Towing and Transporting can Hold a Lien for a small acceptable

14
15   Court Ordered Sum of Money, like $ 200.00. I did attempt to recover my vehicle on March

16   24, 2008, at 1:45 PM.

17   **Mathews**, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure,
18   pre-judgment retention of plaintiffs' vehicles. **Krimstock**, 2000 WL 1702035, at 36-37.

19       I will Not Owe any more than $ 200.00 if any at all. This Holding of Signed Lien

20   of small limited sum of Money, if it is Ordered by this Court, should satisfy any Doubts by

21   Named Towing Agency.

22   ## (CONCLUSION)

23
24       In Conclusion I want my Property (Vehicle) Returned to me Immediately. I Move the

25   Court to Grant me My Constitutional and Civil Right to have possession of my Vehicle (Private

26   Property). I am the Full and Absolute Owner and I Claim the Right to Possessor of my

27   Property (Vehicle). I Move the Court to Grant me back Possession of my Vehicle (Property).

28

1  See: **Mathews**, 424 U.S. at 335.

2  I thus, Move the Court to Draft an Order for the Immediate Return of my Vehicle Free

3  of Towing, Administrative and Storage Fees. The Named Defendants will Not be able to Prevail

4  in their wanting to Continue to Possess my Vehicle.

5

6  **NOTICE OF SERVICE BY MAIL:**

7  I WILLIAM J. WHITSITT, _Wilm J Whitsitt_, THIS THE 22nd DAY OF MAY, 2008, AT 5 PM, DID SERVE
   BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL:    ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND

8  STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS
   SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

9

10  *  DUBLIN POLICE SERVICES, 100 Civic Plaza Dublin, CA  94568

11  *  CENTRAL TOWING AND TRANSPORT   Tow Agency and Tow Operator, FREMONT - Main Office, 36849 San Pedro
12     Drive, Fremont, CA 94536

13  *  Alameda County Sheriff's Office, Attn:   Kelly Martinez - Civil Litigation, Internal Affairs Section 1401 Lakeside
       Drive, 7th Floor, Oakland, California, 94612.
14

15

16  ALL THE NAMED DEFENDANTS IN COMPLAINT WHERE SERVED THIS THE 22nd DAY OF
    MAY 2008, AT:  5   PM, WILLIAM J. WHITSITT, _Wilm J Whitsitt_, DATED:
17  _5-22-08_ .

18

19

20  I WILLIAM J. WHITSITT, _Wilm J Whitsitt_, THIS THE 20th DAY OF MAY, 2008, DO HEREBY DECLARE AND
    AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE
21  BY MAIL.

22

23  **** **PLEASE SEE BRIEF IN SUPPORT OF RETURN OF VEHICLE.**

24

25  RESPECTFULLY SUBMITTED

26  _Wilm J Whitsitt_
    WILLIAM J. WHITSITT
27  DATED: May 13, 2008

28



1  WILLIAM  J.  WHITSITT
2  335 W. CLOVER  ROAD
   TRACY,  CA  95376
3  (209) 221-1405
   WHITSITTW@GMAIL.COM
4

5  IN  PROPRIA  PERSONA

6

7

8  IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN
9  FRANCISCO

|  |  |
|---|---|
| )  | **Case No: C08-01802 JSW** |
| **WILLIAM  J.  WHITSITT** ) | |
| **[PLAINTIFF]** ) | |
| ) | |
| --------------VS-------------- ) | |
| ) | **BRIEF IN SUPPORT OF** |
| **Sgt.  George Lytle Badge # 761** ) | |
| ) | **IMMEDIATE ORDER FOR** |
| **Central Towing & Transport -TOWING STORAGE CO.** ) | **RELEASE OF VEHICLE** |
| ) | **FREE OF CHARGE OF** |
| **COUNTY OF ALAMEDA** ) | **TOWING AND STORAGE FEES** |
| ) | **OR ALTERNATIVE REMEDY** |
| **City of Dublin Police Services** ) | **ORDER RELEASING VEHICLE** |
| ) | **UNTIL MATTER OF VEHICLE** |
| **TOW OPERATOR - CENTRAL TOWING & TRANSPORTING.** ) | **IS DECIDED** |
| ) | |
| **10 UNNAMED DEFENDANTS** ) | |
| **[DEFENDANTS]** ) | |
| ) | |
| ) | |

I  William  J.  Whitsitt,  Do  hereby  Come  to  this  Court  Seeking  a  Remedy  At-Law  for

Return  of  my  Unlawfully  Seized,  Held  and  Subsequent  Forfeited  Private  Property  (Vehicle).  I

I  Move  and  Pray  that  this  Court  will  Grant  to  me  this  Lawful  Remedy  At-Law .

## (I) - (PREVAILING IN SUIT)

## (A) - I have the Inalienable Right to Recover My Unlawfully Seized

## **Property.**

Let Judicial Notice be Taken here, that Return of My Private Property taken Unlawfully in Violation of the Fourth and Fourteenth Amendments is Not Dependant upon Showing the Showing that I will Prevail or have Success on all Points of my Suit. The Return of My Property back to me the Rightful Owner is Required by Law and Constitutional Right. The Named Defendants who have my Property have No Legal Right to their Continued Possession of it. The Fourteenth Amendments Heightened Due Process Protection against Permanent Deprivation of the Right to Private Property See: **Washington v. Glucksberg, 521 U. S. 702, 720.** The Right to Recover My Private Property from an Unlawful Seizure and Hold on that Property is Not Dependant upon my Prevailing on all points in Suit before this Court. My Court Ordered Recovery of my Private Property (Vehicle) is an Inalienable Constitutional and Civil Right. See: **UNITED STATES v. TWIN CITY POWER CO., 350 U.S. 222 (1956); MEACHUM v. FANO, 427 U.S. 215 (1976); SANDIN v. CONNER, 515 U.S. 472 (1995).**

The Named Defendants have No Lawful or Constitutional Claim to Continued Possession and or Deprivation of my Private Property (Vehicle). See: **KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488 , 2000 WL 1702035.** See also: : **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993).**

## **(B) - My Vehicle Unlawfully Seized and Held in Violation of Fourth and Fourteenth Amendments.**

I William J. Whitsitt, do hereby Come to this Court who Has Suit and Jurisdiction to Hear Determine all Facts of this Case. I come to this Court to Regain Possession of my Private Property (Private Vehicle) 1971 Dodge Power Wagon. See: (Attachment - A). I Move the Court to Grant Order for the Release of Vehicle which was Seized Unlawfully in Violation of Due Process and Seizure Warrant of Fourth Amendment. I MOVE THE COURT TO GRANT

**BRIEF IN SUPPORT RETURN OF VEHICLE. - GEORGE LYTLE, ET AL.**          *Page 2 of 25*

IMMEDIATE RELEASE BEFORE MY VEHICLE IS SOLD FOR LIEN SALE FOR TOWING AND STORAGE FEES. I Remind this Court that I am Unemployed and I cannot Afford to Pay the Towing and Storage Fees of over $ 1500.00. I tried to Recover my Vehicle the day after it was Towed, I was as the Dublin Police Department with a Friend prepared to pay the $ 150.00 Tow and Storage Fees for one day. The Dublin Police Department Denied my my Inalienable Constitutional and Civil Right to Take back and Recover my Vehicle (Private Property). "...that the *Fourth Amendment applies to searches and seizures in the civil context,* See: **Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967)** In: **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993)**. The Inalienable Right to take back Possession of my Property (Vehicle) is a Fourth and Fourteenth Amendment Right. Motor vehicles, in contrast, present no such threat and maintain their usefulness. Cf. **Austin v. United States, 509 U.S. 602, 621 (1993)** ("`There is nothing even remotely criminal in possessing an automobile.'") (quoting **One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965)**). Thus, I am Constitutionally Entitled to the Free Return of my Vehicle (Private Property), free of all Towing, Administrative and Storage Fees. I Move the Court to Grant this Immediate Order for Release of my Vehicle to avoid Lien Sale by Named Defendant: Central Towing and Transporting.

The Sale of my Vehicle would create a Severe Hardship, because it is my Private Property. The City of Dublin will Not be able to Justify the Holding of my Vehicle (Private Property) Under Care Taking Rules past 1 day. The State Law Holding Vehicles without a Remedy of Hearing is Unconstitutional on its face. The Requirement of the Fourth Amendment and the Fourteenth Amendment are Violated, if Private Property without Due Process and Seizure Hearing are Not Held immediately before Seizing and Holding of Vehicle. The City of Dublin

---

1   must Hold a Forfeiture Hearing with Jury Trial, to Hear Evidence, Probable Cause, and

2   Reasonableness to Forfeit Vehicle.

3

4       It is true, of course, that the Fourth Amendment applies to searches and seizures in the civil context, and may serve
        to resolve the legality of these governmental actions without reference to other constitutional provisions. See Camara
5       v. Municipal Court of San Francisco, 387 U.S. 523 (1967).

6       Thus, without Seizure Warrant and a Hearing there can Be No Hold or Seizing of

7   Private Property (My Vehicle). See also UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S.

8   43, Id, at 50 (1993). The City of Dublin nor the State of California can prevail on Seizure and
9
10  Holds on Private Property (Vehicles) Which offer No Hearing whatsoever to determine Probable

11  Cause for Seizure.

12
        Unlike a felony charge, for which a "prompt" probable cause hearing must be held or evidence of probable cause must
13      be presented to a grand jury,...., a misdemeanor charge of DWI or Driving on a Suspended License requires no
        post-arrest determination of probable cause,..."There is no provision for a preliminary or probable cause hearing under
14      the [New York] Criminal Procedure Law in misdemeanor cases."). Moreover, N.Y.C. Code § 14-140 affords the vehicle
15      owner no opportunity for a prompt post-seizure hearing to test probable cause for the vehicle's seizure. Thus, neither
        New York criminal procedure nor the City's civil forfeiture law allows a DWI defendant or the owner of a vehicle driven
16      by a DWI defendant to challenge promptly the legitimacy of the City's continued custody of the vehicle. IN
17      KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488 , 2000 WL 1702035.

18      Thus denial of Prompt Pre-Hold (Seizure) Due Process Hearing.

19  ## ( C) - Denial of Right to Full Forfeiture Hearing on Probable Cause to Hold
20  ## Vehicle.

21      Thus, my Vehicle can held and Sold without affording me any type of Prompt Due

22  Process or Probable Cause Hearing. I have No other Remedies available within California State
23
24  Law, accept a Trover Action which can take up to several Years to hear. Thus, I left with

25  No Speedy, Adequate Remedy within State Law. Thus, creating a Hardship distinction. I was

26  afforded a Tow Hearing to which the Tow Hearing Officers stated we will not address the Hold
27
28  on your Vehicle. We will Not Hear or Determine Probable Cause. You Have No Remedy in

---

the California Vehicle Code, whatsoever for a Vehicle Hold. You have No Fourteenth Amendment Right to Due Process Hearing on the Vehicle Hold. You Have No Fourth Amendment Hearing Right on Seizure and Holding of your Vehicle. I made the Demand for a Full Forfeiture Hearing and the Tow Hearing Officer just plain outright Refused to Hear that and Denied it. He even Denied me the right to have his Decision in Writing. He stated to me that I have No Rights to any Remedies for the Hold whatsoever. The City of Dublin certainly will Not Prevail in this matter which is Allowed by California State Law, to violate the Requirements of the Federal Constitution. No Remedy within State Law to Challenge Probable Cause or Due Process Hearing to challenge validity of Seizure and Holding of my Private Property (Vehicle).

The owning of an Automobile is Property Right and it is Protected as Common Law and Inalienable Right. See: automobile is property. Holmes v. Saunders, (1952) 114 Cal. App.2d 389, 390. Thus, it is a Protected Property Interest within the meaning of the Fourteenth Amendment. The Fourth Amendment Protects a an Automobile as a Personal Effect.

"automobiles are "effects" under the Fourth Amendment, and searches and seizures of automobiles are therefore subject to the constitutional standard of reasonableness..." Carroll v. United States, 267 U.S. 132 (1925); Preston v. United States, supra, at 366-367; Chambers v. Maroney, 399 U.S. 42 (1970). See also South Dakota v. Opperman, 428 U.S. 364, 367 (1976). UNITED STATES v. CHADWICK, 433 U.S. 1 (1977)

Thus, Protected by Fourth Amendment, against Unlawful Seizures (Holds).

Upon seizing the vehicle, the police issue the arrestee a voucher for the vehicle and any other seized property. 38-A R.C. N.Y. § 12-32(a). If a claimant makes a formal demand for the return of the vehicle, the City has twenty-five days in which either to initiate a civil forfeiture proceeding under the City's Administrative Code or to release the vehicle. Id. § 12- 36(a).3 Even if the City chooses to commence a civil forfeiture proceeding within the twenty-five day period, however, the proceeding is commonly stayed until the criminal proceeding concludes. In a forfeiture proceeding, the City "bear[s] the burden of proving by a preponderance of the evidence that [it] is legally justified to continue to retain the property." IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488 , 2000 WL 1702035.

The California Vehicle Code is almost exactly like the New York Vehicle Code. The

---

only exception is California Vehicle Code does Not Afford a Forfeiture Hearing whatsoever, nor does it Afford any other Hearing, to Afford Due Process. In Essence it will cost me over $ 1500.00, or more to Recover my Private Property (Vehicle). **I am Unemployed and barley surviving I don't have the means to pay that Cost whatsoever for the (30) Days Hold and Storage Fees on my Vehicle.** So in Truth it will become a Forfeiture with Denial of any type of Hearing. This creates a Hardship, because I will Lose my Vehicle (Property) under the Color of State Law. The State and Tow Agency will have Seized my Private Property (Vehicle) Through Lien Sale (Forfeiture) Permanently. This will happen within 45 days of Seizure (Hold) of my Vehicle. I will have had my Vehicle Stolen, taken by Unlawful Seizure and Sold all under the Color of the California Vehicle Code, Police Power Regulation, without being afforded a Forfeiture Hearing. I will never have been afforded a chance to Challenge the Lack of Probable Cause. Thus, taking of Private Property in Violation of Heightened Due Process Requirements.

Plaintiffs brought this action under 42 U.S.C. § 1983, alleging violations of the Due Process Clause of the Fourteenth Amendment and seeking a prompt hearing following the seizure of vehicles, at which the City "must demonstrate probable cause that the car was used in furtherance of a crime and that it is necessary that the vehicle remain in the City's custody until the conclusion of the forfeiture proceeding."7 Named plaintiffs moved for class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and for a preliminary injunction under Fed. R. Civ. P. 65. The City cross-moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). REVERSED: IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488 , 2000 WL 1702035.

This Krimstock Prevailed the almost the same kind of Action as mine. Although my License was Suspended because I failed to pay Vehicle Registration Fees, in the past because of Economic Hardship due to Discrimination I faced in Employment. Let Notice be taken here, I Demanded for a Hearing on Suspension 14 times in this past 2 years from California

D.M.V.. The D.M.V. Never even responded to those Demands and Claims. Does this Justify the taking of my Vehicle without Hearing? This creates a severe Hardship.

Do I not have the Right to Test City Probable Cause to Seize and Tow and Hold my Vehicle for 30 days and subsequent Forfeiture? The High Courts have said that I do have this Inalienable Rights.

> Plaintiffs in this action essentially seek an early opportunity to test the City's likelihood of success on the merits of the forfeiture action, or what the Supreme Court has termed the *"probable validity"* of continued deprivation of a claimant's property during the pendency of legal proceedings. Cf. **Comm'r v. Shapiro**, 424 U.S. 614, 629 (1976) ("[A]t least where irreparable injury may result from a deprivation of property pending final adjudication of the rights of the parties, the Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made."); **Funtes v. Shevin**, 407 U.S. 67, 97 (1972) ("Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, . . . it is axiomatic that the hearing must provide a real test. `*(D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'")* (quoting **Sniadach v. Family Fin. Corp.**, 395 U.S. 337, 343 (1969) (Harlan, J., concurring)).

I have been already denied this Forfeiture Hearing Requirement. I have already won this portion of the Civil Rights (Section 1983) Action. I was Denied the Right to an Adversarial Type Hearing process with Full Probable Cause and Evidentiary with Cross Examination of Witnesses Hearing. This is a Further Violation of Due Process Fourteenth Amendment, and Fourth Amendment Probable Cause for Seizure. See **IN KRIMSTOCK v SAFIR**, (2 Cir. 2000), Docket No. **00-9488, 2000 WL 1702035.**

> The purpose of an adversary hearing is to ensure the requisite neutrality that must inform all governmental decision making. That protection is of particular importance here, where the Government has a direct pecunary interest in the outcome of the proceeding. 2 See [ **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY**, 510 U.S. 43 (1993) , 12] **Harmelin v. Michigan**, 501 U.S. 957, n. 9 (1991) (opinion of Scalia, J.) (slip op., at 19, n. 9) ("[I]t makes sense to scrutinize governmental action more closely when the State stands to benefit"). Moreover, the availability of a post seizure hearing may be no recompense for losses caused by erroneous seizure.

1    Thus establishing Denial of Pre-Forfeiture Hearing Right.

2    ## (D) - <u>No Probable Cause for Towing and Seizure of my Vehicle</u>.

4    What we have here, is an actual Erroneous Seizure without Probable Cause. Here is a

5    brief exhort from another Suit (Section 1983) Against the Individually Named [1]**Dublin Police**

6    **Officers.** Pursuant to a Conspiracy, did act without Probable Cause to Stop me Unlawfully

7    outside of their Lawful City of Dublin City and County of Alameda Jurisdictional Limits. My

8    
9    Vehicle was ultimately Towed, Seized and Held from this Unlawful Arrest and Seizure of my

10    Person. Exhort from Case: **(C08-01803 EDL)**. Filed also in the Northern District of California

11    as a Completely Separate Suit and Action. This Action is Pending in the Northern District of

12    California Federal District Court.

14        I have [2]Several Witnesses not including myself that the Police Stop took place almost a Half mile

15    within Contra County and the City of San Ramon California. The Stop was Outside the County of
Alameda and City of Dublin California's Lawful Territorial Boundaries and Jurisdiction. The Argument that

16    I Committed a Traffic Violation in their Presence is Not Valid. At first the Police Officer stated that could
not read the Old Original License Plate. It had a April Temporary Sticker in the back Window. The License

17    Plate has a 2009 Current  registration Sticker on it. The [3]Police Officers said he was able to Read my
License Plate then. He then stated I believe you have a Stop Light out. This is totally Wrong because

18    I just    checked all the Lights: Stop Lights, Turn Indicators and Head Lights just within the last half

19    Hour to make sure everything was working and they where. Thus the old Your Stoplight is Out, Excuse
for Probable Cause is Not Valid. Let Notice be taken, here I was Not Cited for the Supposed Stop Light

20    being out. It was Lie to Establish Probable Cause. I Demanded that the Police Officer prove to me that
my Stop Light was out. They Refused. The  Reason they Refused to prove me that Stop Light was out

21    was that it was working. Police Officers are  Known Liars under Oath. The Police Officer's Just had to

22    Create a Probable Cause and Excuse for the Unlawful Stop. They had to make up some Excuse for
Probable Cause. **See: Berkermer v. McCarthy, No. 83-710, decided July 2, 1984. See also Adams v. Williams,**

23    **407 U.S. 143, 148 and Terry  v. Ohio, 392 U.S. 34.** The Police Officers where actually looking for Michael

24    Swift who Owned that Dodge Pick Up Truck for many years and was Harassed, Stopped without

26    [1]**Alameda County Sheriffs Deputy contracted to the City of Dublin Police Services by Contractual agreement.**

27    [2]**Steve Swift, Rick Lincoln, Michael Swift, myself.**

28    [3]**Alameda County Sherif Deputys: Whithall # 429; A. Grarth # 1340, who are contracted with the city of Dublin Police Services.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Justification, Searched and Never Charged for any Real Crime. See: (**Affidavit from Michael Swift**). The Dublin Police Officers even asked Michael Swift what happened to the Dodge Pick up Truck a couple of weeks earlier.

There was No Legitimate Probable Cause for the Stop other then Thinking they where Stopping Michael Swift, and to Harass him and to take the Dodge Away.

The Stop took place Clearly outside of City Limits and County of Alameda Jurisdiction. Thus, Acting Outside of Their Lawful Jurisdiction and Police Power Authority from the City of Dublin California. Thus, Clearly Establishing a Claim and Cause of Action Under Section 1983. I have Clear Established my Constitutional Right against Unlawful Stops outside of City of Dublin Police Jurisdiction.

The Dublin Police Officers clearly Lacked Lawful Probable Cause to Make the Traffic Stop. They thought they where Stopping Michael Swift in his Dodge. He owned it about 2 months earlier. They had been trying for several years to get that Dodge away From Michael Swift. The Police Officers from Dublin had to Make Probable Cause any way they could. I checked all the Lights on the Dodge and they where all working, just about 30 minutes before the Traffic Stop. I have Known Michael Swift before he was born. His Dad Steve Swift has been my best friend for over 40 years. Michael Swift warned me that the Dublin Police would out to Stop me in the Dodge, thinking it was him. Michael Swift was Stopped over 40 times by Dublin Police and over 50 times by San Ramon Police officers just to Harass him. They wanted to get that Dodge from him.

The Right to Due Process and Probable Cause Hearing Denial are Addressed in the Fallowing Quotes from:

<u>James Daniel Good Real Prop.</u>, 510 U.S. at 56 (quoting <u>Doehr</u>, 501 U.S. at 15); cf. <u>Shapiro</u>, 424 U.S. at 629 (noting that where irreparable injury may result from a deprivation of property pendente lite, "the Due Process Clause requires . . . an opportunity for some kind of pre-deprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made"). In contrast, for example, to benefits for which full retroactive relief is awarded if a plaintiff ultimately prevails, see, e.g., <u>Mathews</u>, 424 U.S. at 340, an owner cannot recover the lost use of a vehicle by prevailing in a forfeiture proceeding. The loss is felt in the owner's inability to use a vehicle that continues to depreciate in value as it stands idle in the police lot. Cf. <u>Property Clerk v. Duck Jae Lee</u>, 183 Misc. 2d 360, 363, 702 N.Y.S.2d 792, 795 (Sup. Ct. N.Y. Co. 2000) (permitting a secured lender to intervene in a vehicle forfeiture proceeding brought against a *DWI arrestee* who had defaulted on monthly car payments, so that "the value

**BRIEF IN SUPPORT RETURN OF VEHICLE. - GEORGE LYTLE, ET AL.**          *Page 9 of 25*

1

2

of the subject car will not continue to depreciate if plaintiff lets the action languish") IN __KRIMSTOCK v SAFIR__, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035 .

3

4

5

6

7

8

9

10

The critical difference between Calero-Toledo and the present case is that plaintiffs' vehicles have already been seized and are in the hands of the police. Just as with real property seized by the government in forfeiture proceedings, there is no danger that these vehicles will abscond. See __James Daniel Good Real Prop.__, 510 U.S. at 56-57 (discussing the need for seizure of movable property). Plaintiffs seek a determination only of whether continued retention of their vehicles by the City is valid and justified. Continued retention may be unjustified when other means of restraint would accomplish the City's goals. See id. at 59 ("In the usual case, the Government . . . has various means, short of seizure, to protect its legitimate interests" in forfeit able property). To ensure that the City's interest in forfeit able vehicles is protected, claimants could post bonds, or a court could issue a restraining order to prohibit the sale or destruction of the vehicle. See id. at 58-59 (suggesting judicial means to ensure that real property is not sold or destroyed pendente lite).26 The need to prevent forfeit able property from being sold or destroyed during the pendency of proceedings does not necessarily justify continued retention of all vehicles when other means of accomplishing those goals are available. A bond is in some respects a superior form of security because it entails no storage costs or costs of sale.

11

12

13

14

A second reason offered by the City for maintaining custody of vehicles prior to judgment in forfeiture proceedings is that the City's in rem jurisdiction over the vehicles depends upon its unbroken possession from seizure to judgment. The Supreme Court has held, however, that possession of a res during the entire course of the proceedings is unnecessary to preserve jurisdiction. See __Republic Nat'l Bank of Miami v. United States__, 506 U.S. 80, 88-89 (1992) IN __KRIMSTOCK v SAFIR__, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 17020356 .

15

### IV. The Mathews v. Eldridge Inquiry

16

17

18

19

20

21

The Supreme Court has set forth three factors to weigh in deciding whether the demands of the Due Process Clause are satisfied where the government seeks to maintain possession of property before a final judgment is rendered. See Mathews, 424 U.S. at 335. These factors should be used to evaluate the adequacy of process offered in post-seizure, pre-judgment deprivations of property in civil forfeiture proceedings. Cf. __James Daniel Good Real Prop.__, 510 U.S. at 53 (finding that the Mathews inquiry "provides guidance" in determining whether to "tolerate" an exception to the rule requiring pre-deprivation notice and hearing). The factors include (1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the value of other safeguards; and (3) the government's interest. IN __KRIMSTOCK v SAFIR__, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035.

22

### A.The Private Interest Affected

23

24

25

26

27

28

The first factor to be considered in the Mathews inquiry is "the private interest affected by the official action." Mathews, 424 U.S. at 335. The deprivation of real or personal property involves substantial due process interests. See __James Daniel Good Real Prop.__, 510 U.S. at 53-54 (recognizing that "Good's right to maintain control over his home, and to be free from governmental interference, is a private interest of historic and continuing importance"); id. at 81 (Thomas, J., concurring in part and dissenting in part) (agreeing with the majority that "[i]ndividual freedom finds tangible expression in property rights"); __Doehr__, 501 U.S. at 11 ("[T]he property interests that attachment affects are significant."); __Fuentes__, 407 U.S. at 70-71 (holding that loss of household furniture and appliances warrants a pre-deprivation hearing).

1

2    The particular importance of motor vehicles derives from their use as a mode of transportation and, for some, the means to earn a livelihood. An "individual has an important interest in the possession of his [or her] motor vehicle," which is "often his [or her] most valuable possession." Lee, 538 F.2d at 31; see also Perry v. McDonald, 280 F.3d 159,

3    174 (2d Cir. 2001) (noting that an individual's interest in driving a vehicle represents a due process concern); Coleman

4    v. Watt, 40 F.3d 255, 260-61 (8th Cir. 1994) (stating, in the course of applying the Mathews factors to impoundment of a car under state law, that "[a]utomobiles occupy a central place in the lives of most Americans, providing access

5    to jobs, schools, and recreation as well as to the daily necessities of life"); Stypmann v. City & County of San

6    Francisco, 557 F.2d 1338, 1342-43 (9th Cir. 1977) (finding a "substantial" interest in the "uninterrupted use of an automobile," upon which the owner's "ability to make a living" may depend); cf. Justice Robert H. Jackson, The Task

7    of Maintaining Our Liberties: The Role of the Judiciary, 39 A.B.A.J. 961, 963 (1953) ("My equal right to drive an automobile may be only a claim to use of property, but it concerns my personal freedom as well.").

8

9    Other considerations as well bear on the importance of the private interest at stake. One is the availability of hardship relief under the applicable law. Cf. Dixon v. Love, 431 U.S. 105, 113 (1977) (noting the availability, under an Illinois

10    statute, of provisions for "hardship and for holders of commercial licenses, who are those most likely to be affected by the deprival of driving privileges"). Under the New York City Civil Administrative Code, no provision is made for

11    situations in which the seizure and retention of a vehicle would cause particular hardship. See N.Y.C. Code § 14-140

12    (authorizing seizure of all property used as an instrumentality of crime).23 Another consideration is the length of deprivation, which increases the weight of an owner's interest in possessing the vehicle. See Logan, 455 U.S. at 434

13    (noting the Court's concern under Mathews for "the importance of the private interest and the length or finality of the deprivation"). As noted above, the City retains seized vehicles for months or sometimes years before the merits of a

14    forfeiture action are addressed. Finally, the importance of the claimant's possessory interest post-seizure and

15    pre-judgment is not diminished by the likelihood that the government will eventually prevail in forfeiture proceedings. See James Daniel Good Real Prop., 510 U.S. at 62 ("Fair procedures are not confined to the innocent. The question

16    before us is the legality of the seizure, not the strength of the Government's case."); Fuentes, 407 U.S. at 87 ("The right

17    to be heard does not depend upon an advance showing that one will surely prevail at the hearing.").

18    For these reasons, we cannot agree with the district court's cursory assessment of the interest at stake based solely

19    on its observation that the seizure of the vehicles occurred "in a jurisdiction that abounds in mass transit facilities." Krimstock, 2000 WL 1702035, at *6. The seizure authority under the statute extends not only to cars registered in

20    New York City, but to any found there; it also encompasses commercial as well as noncommercial vehicles. If the

21    named class members serve as any indication, motor vehicle use is often found among those for whom mass transportation is inadequate. Valerie Krimstock, for example, states that the seizure of her vehicle hindered her from

22    traveling from her residence in the Bronx to her job in North Tarrytown and from visiting her daughter who suffers from

23    mental illness and lives in Pennsylvania. The seizure and retention of Clarence Walters' vehicle made it difficult, he reports, to reach his construction job sites-some located in areas of Long Island or New Jersey inaccessible by mass

24    transit-and as a consequence he lost a certain amount of work. James Webb, a 77-year-old retiree, states that the seizure and retention of his vehicle made it difficult for him and his wife to see their doctors and to visit friends, and

25    prevented him from driving his granddaughter to school.

26    **B.The Risk of Erroneous Deprivation Through the Procedures Used and the Probable Value of Other Safeguards.**

27
    The second factor to be considered under the Mathews test is "the risk of an erroneous deprivation of such interest

28

---

1

2

3

4

5

6

through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles. The district court concluded that the procedures used by the City-a warrantless arrest and the ultimate forfeiture proceeding-adequately protect plaintiffs against erroneous deprivation of their vehicles. Krimstock, 2000 WL 1702035, at *6-*7. We are troubled by this conclusion. Neither the arresting officer's unreviewed probable cause determination nor a court's ruling in the distant future on the merits of the City's forfeiture claim can fully protect against an erroneous deprivation of a claimant's possessory interest as his or her vehicle stands idle in a police lot for months or years. IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035.

7

8

9

10

11

12

13

14

A City Police Officer has No Lawful Jurisdiction or Police Power Authority outside of City and County Jurisdictional Limits. That is However a Completely Separate Action that is Outside of this Matters Determination. Unless this Court and Judge deems otherwise. The only Pertinent Facts is the Probable Cause for the Stop, Arrest, Tow and Subsequent Seizure (Hold) of My Property (Vehicle) in question. Erroneous Deprivation Question is met here, this meets the Substantial showing of Prevailing on this Question.

15

## (II) - (RETURN OF MY PROPERTY IS THE ONLY REMEDY)

16

Return of my Private Property (Vehicle) is the only Remedy At-Law and in Equity.

17

18

### (A) - COURTS ALWAYS ORDER RETURN OF PROPERTY In Unlawful Seizure.

19

20

21

22

Let this Court take Judicial Notice here, that it is an Established Rule and Custom that the Courts always Order Immediate Return of Private Property (Vehicles) Seized in Violation of the Fourth and Fourteenth Amendments.

23

24

25

26

"...this Court has frequently explained that the particularized warrant requirement is also intended " `to give notice to the person subject to the search what the officers are entitled to seize.' " In the Matter of Seizure of Property Belonging to Talk of the Town Bookstore, Inc., 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting United States v. Marti, 421 F.2d 1263, 1268 (2d Cir. 1970)). Accord United States v. McGrew, 122 F.3d 847, 850 (9th Cir. 1997); United States v. Van Damme, 48 F.3d at 466 (9th Cir. 1995)

27

28

The U. S. Supreme Court has made it Rule that a Vehicle that is Seized without a

1   Probable Cause and Seizure Hearing must be Returned at once to its owner.

2
3   United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993) ("The Fourth Amendment does place
    restrictions on seizures conducted for purposes of civil forfeiture . . . ."); see also One 1958 Plymouth Sedan v.
    Pennsylvania, 380 U.S. 693, 696, 700 (1965) (holding that the exclusionary rule under the Fourth Amendment
4   applies to civil forfeiture proceedings); cf. In re Seizure of All Funds in Accounts in Names Registry Publ'g, Inc., 68
5   F.3d 577, 580 (2d Cir. 1995) ("In order to seize property under [federal civil forfeiture law], the government must
    demonstrate that there was probable cause to believe that the property is subject to forfeiture."); United States v.
6   Daccarett, 6 F.3d 37, 49 (2d Cir. 1993) ("[T]his circuit requires seizures made pursuant to [federal civil forfeiture law]
7   to comport with the fourth amendment."); United States v. $37,780 in U.S. Currency, 920 F.2d 159, 162 (2d Cir.
    1990).. In KRIMSTOCK v SAFIR, Docket No. 00-9488, (2nd Cir 2002), 2000 WL 1702035.

8
9       There is No room for Discretion to the contrary, this Court Must Order Return of my

10  Vehicle Property at once.

11      California Vehicle Code and Local County and City Ordinances which place a Hold on

12  Vehicles for (30) Days without Affording a Full Evidentiary, Probable Cause and Jury Trial is

13
14  Unconstitutional on its Face. It Violates both the Fourth and Fourteenth Amendments.

15  The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30 (1963),
    provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects,
16  against unreasonable searches and seizures, shall not be violated. . . ." In SOLDAL v. COOK COUNTY, 506 U.S. 56
17  (1992)

18  The Supreme Court has held that the Fourth Amendment protects claimants against unreasonable seizures of their
19  property in the civil forfeiture context. See United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993)
    ("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture . . . ."); see also
20  One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696, 700 (1965) (holding that the exclusionary rule
    under the Fourth Amendment applies to civil forfeiture proceedings); cf. In re Seizure of All Funds in Accounts in
21  Names Registry Publ'g, Inc., 68 F.3d 577, 580 (2d Cir. 1995) ("In order to seize property under [federal civil
22  forfeiture law], the government must demonstrate that there was probable cause to believe that the property is subject
    to forfeiture."); United States v. Daccarett, 6 F.3d 37, 49 (2d Cir. 1993) ("[T]his circuit requires seizures made
23  pursuant to [federal civil forfeiture law] to comport with the fourth amendment."); United States v. $37,780 in U.S.
24  Currency, 920 F.2d 159, 162 (2d Cir. 1990) (same).

25      Thus the Seizure (Hold for 30 days) of my Vehicle was Unlawful, In Violation of the

26  Fourth and Fourteenth Amendments, Unreasonable, Lacked Probable Cause and is Unconstitutional

27
    on its Face.
28

1    The Dodge Pick Up Truck will still remain in the Court's Jurisdiction until the End of

2  this Trial. The Court can issue and Order telling me that I cannot Sell, Transfer or give away

3
4  or get rid of the Dodge Pick Up Truck. The U.S. Supreme Court and other Court of Appeals

5  have made that Order also:

6      A second reason offered by the City for maintaining custody of vehicles prior to judgment in forfeiture proceedings is
7      that the City's in rem jurisdiction over the vehicles depends upon its unbroken possession from seizure to judgment.
       The Supreme Court has held, however, that possession of a res during the entire course of the proceedings is
8      unnecessary to preserve jurisdiction. See Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 88-89 (1992).
9      In KRIMSTOCK v SAFIR, Docket No. 00-9488, (2nd Cir 2002), 2000 WL 1702035.

10     Motor vehicles, in contrast, present no such threat and maintain their usefulness. Cf. Austin v. United States, 509
       U.S. 602, 621 (1993) ("`There is nothing even remotely criminal in possessing an automobile.'") (quoting One
11     1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965)). In James Daniel Good Real Property, for example,
12     the Supreme Court found that enforcement of the drug forfeiture laws did not present "a plausible claim of urgency"
       strong enough to dispense with normal due process guarantees. James Daniel Good Real Prop., 510 U.S. at 61.
13
14    Thus, No Legal or Legitimate Reason Exist for Denying the Quick Return of my Vehicle

15  at Once. **RETURN AT ONCE OF MY VEHICLE FREE OF CHARGES AND FEES IS**

16  **THE PROPER AND LAWFUL REMEDY.**

17
18    Court Order, Releasing of Private Property, Free of all Towing, Administrative and Storage

19  Fees is Proper and Lawful. I Move the Court to Grant this Court Order Releasing my Vehicle

20  without Fees because of pending Forfeiture of that Vehicle in Violation of Forfeiture Hearing

21  and other Due Process Requirements.

22
23     Motor vehicles, in contrast, present no such threat and maintain their usefulness. Cf. Austin v. United States, 509
       U.S. 602, 621 (1993) ("`There is nothing even remotely criminal in possessing an automobile.'") (quoting One 1958
24     Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965)). In James Daniel Good Real Property, for example, the
       Supreme Court found that enforcement of the drug forfeiture laws did not present "a plausible claim of urgency"
25     strong enough to dispense with normal due process guarantees. James Daniel Good Real Prop., 510 U.S. at 61.

26    I ask the Court to Grant me my Vehicle's Possession Back.

27  **(B) - IRREPARABLE HARM.**
28

1    Now we must address Irreparable Harm from the Continued Unlawful Seizing (Holding)

2    of my Private Property (Vehicle). The Continued Holding of my Vehicle past the (1) Day Care

3
     taking and Protection in Arrest is Unlawful and Unconstitutional on its Face. It becomes an
4

5    Unlawful Seizure of my Private Property (Vehicle) in Violation of the Fourth and Fourteenth

6    Amendments. This Deprives me of My Vehicle and Use thereof with No Remedy available. It

7
     furthers the Hardship and Irreparable Harm Inflicted. Every extra day my Vehicle is Held it
8

9    adds $ 50.00 cost and more to the total Cost of Recovery. The City of Dublin knew full well

10   of the Vehicle's Value. They knew that it is Very Rare and Worth quite a sum on Money

11   in a Lien Sale.

12
         "The Dublin Police Officers even asked Michael Swift what happened to the Dodge Pick up Truck
13       a couple of weeks earlier."

14    Thus, the Dublin Police Officers Clearly knew the Value of that 1971 Dodge Pick up
15
     Truck.
16

17       Finally, the City's asserted interest in removing dangerous drivers from the road is weakened if it extends not to all
         vehicles seized in connection with DWI arrests, *but only to those that might yield an attractive price at auction.* The
18       November 1988 Forfeiture Guide produced by the Legal Bureau of the City of New York Police Department instructs
         that "[c]ertain categories of property do not warrant forfeiture litigation due to their small value or the near
19       impossibility of a successful outcome," including "[n]on-owner operated vehicles ten years old or older," unless, inter
         alia, "the vehicle has a special value, e.g., an expensive import." 1988 Forfeiture Guide, at 24-25. We do not know
20       whether this passage reflects current policy, but we note that the City's interest in safety cannot be paramount if it
         seeks to remove from the road only a lucrative subset of the vehicles seized from intoxicated drivers. **IN KRIMSTOCK**
21       **v SAFIR,** (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.
22

23    Let Us Remember here and Take Notice, that the California Vehicle Code and City and

24   County Ordinances do Not Afford any type Full Adversarial Hearing Process whatsoever. There

25
     are a Very Speculative at Best Remedies of Trover Action and Replevin Action. Those Actions
26

27   are Both Lengthy up to 2 Years in Duration and the Results are Speculative at Best. Thus,

28

1   very little Chances of Success. They are Not Easy Actions whatsoever and offer little hope of

2   Success.

3   We have previously held that a state remedy is inadequate if it requires the owner of the seized property to go to

4   unreasonable lengths to recover his property. See Lathon v. City of St. Louis, 242 F.3d 841, 844 (8th Cir. 2001)

5   (finding Missouri replevin statute to be inadequate remedy under facts of case). In: (8th Cir. 2003), No. 02-1967

6   My Other Vehicle a 1979 Jeep CJ7 is old and it needs Repair very badly. Thus, soon

7   I will be Left without any Transportation in Tracy. There is No Bus Service on Sundays and

8
    after 6PM on Saturday and after 7 PM Monday through Friday. There is No other inexpensive
9

10  Transportation in Tracy. There is Some Taxi Service at $ 3.50 per mile. In Hardship where does

11  this Leave me? To Walking and No means to look for Suitable Employment.

12  Other considerations as well bear on the importance of the private interest at stake. One is the availability of hardship

13  relief under the applicable law. Cf. Dixon v. Love, 431 U.S. 105, 113 (1977)

14  The particular importance of motor vehicles derives from their use as a mode of transportation and, for some, the

15  means to earn a livelihood. An "individual has an important interest in the possession of his [or her] motor vehicle,"

    which is "often his [or her] most valuable possession." Lee, 538 F.2d at 31; see also Perry v. McDonald, 280 F.3d
16
    159, 174 (2d Cir. 2001) (noting that an individual's interest in driving a vehicle represents a due process concern);
17
    Coleman v. Watt, 40 F.3d 255, 260-61 (8th Cir. 1994) (stating, in the course of applying the Mathews factors to
18  impoundment of a car under state law, that "[a]utomobiles occupy a central place in the lives of most Americans,

    providing access to jobs, schools, and recreation as well as to the daily necessities of life"); Stypmann v. City & County
19
    of San Francisco, 557 F.2d 1338, 1342-43 (9th Cir. 1977) (finding a "substantial" interest in the "uninterrupted use
20  of an automobile," upon which the owner's "ability to make a living" may depend); cf. Justice Robert H. Jackson, The

    Task of Maintaining Our Liberties: The Role of the Judiciary, 39 A.B.A.J. 961, 963 (1953) ("My equal right to drive an
21
    automobile may be only a claim to use of property, but it concerns my personal freedom as well.").
22  The Decisions above spell out that I am Facing Severe Hardship and Loss of my Right

23  to Liberty. My Substantial Continued Necessary Use of my Dodge and loss of it, has become

24  a Very Severe Hardship. It will leave me with No Mode of Transportation. Thus, I will be

25
    unable to Look for Work and My Right Earn a Livelihood to Survive will be severely curtailed.
26

27  I am sure this is quite enough Hardship. This is Not also Mentioning that I bought and Own

28

this Private Property (Vehicle). It my Vehicle and it is Not Subject to Unlawful Seizure and Holds without Fourth Amendment Warrant. This Establishes a Constitutional Hardship, in the Seizing of Property Unlawfully in Violation of the Fourth and Fourteenth Amendments. I have the Inalienable Constitutional and Civil Right to Regain and Retain my Ownership and Possession over my Seized and Unlawfully Held Private Property (Vehicle). See: **UNITED STATES v. TWIN CITY POWER CO.**, 350 U.S. 222 (1956); **MEACHUM v. FANO**, 427 U.S. 215 (1976); **SANDIN v. CONNER**, 515 U.S. 472 (1995).

"...it is axiomatic that the hearing must provide a real test. `(D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'") (quoting Sniadach v. Family Fin. Corp., 395 U.S. 337, 343 (1969)

The Supreme Court has held that the Fourth Amendment protects claimants against unreasonable seizures of their property in the civil forfeiture context. See United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993) ("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture . . . ."); see also One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696, 700 (1965) (holding that the exclusionary rule under the Fourth Amendment applies to civil forfeiture proceedings); cf. In re Seizure of All Funds in Accounts in Names Registry Publ'g, Inc., 68 F.3d 577, 580 (2d Cir. 1995) ("In order to seize property under [federal civil forfeiture law], the government must demonstrate that there was probable cause to believe that the property is subject to forfeiture."); United States v. Daccarett, 6 F.3d 37, 49 (2d Cir. 1993) ("[T]his circuit requires seizures made pursuant to [federal civil forfeiture law] to comport with the fourth amendment."); United States v. $37,780 in U.S. Currency, 920 F.2d 159, 162 (2d Cir. 1990) (same).

Some risk of erroneous seizure exists in all cases, and in the absence of prompt review by a neutral fact-finder, we are left with grave Fourth Amendment concerns as to the adequacy of an inquiry into probable cause that must wait months or sometimes years before a civil forfeiture proceeding takes place. Our concerns are heightened by the fact that the seizing authority in this case "has a direct pecuniary interest in the outcome of the proceeding." James Daniel Good Real Prop., 510 U.S. at 55-56; see also Property Clerk v. Hyne, 147 Misc. 2d 774, 780, 557 N.Y.S.2d 244, 248 (Sup. Ct. N.Y. Co. 1990) (noting that § 14-140's "remedial purposes" include the fact that "revenue is generated and applied toward the cost of law enforcement"), aff'd, 171 A.D.2d 506, 567 N.Y.S.2d 603 (1st Dep't 1991).

Temporary deprivation of real or personal property pendente lite in a forfeiture action must satisfy the demands of the Fourteenth Amendment. The Supreme Court has held that even a brief and provisional deprivation of property pending judgment is of constitutional importance. See Fuentes, 407 U.S. at 84-85 ("[I]t is now well settled that a temporary, nonfinal deprivation of property is nonetheless a `deprivation' in the terms of the Fourteenth Amendment."); see also United States v. Monsanto, 924 F.2d 1186, 1192 (2d Cir. 1991) (noting that a "temporary and nonfinal" removal of a defendant's assets, pursuant to a federal criminal forfeiture statute and pending resolution of the criminal case, "is, nonetheless, a deprivation of property subject to the constraints of due process") (quotation

marks omitted). Plaintiffs here have not challenged the procedural safeguards under New York law that guarantee the accuracy of any final judgment of forfeiture. Instead, they question the legitimacy of and justification for the intermediate deprivation of their property occasioned after seizure of the vehicle and before judgment in civil forfeiture proceedings under N.Y.C. Code § 14-140, and, indeed, before those proceedings are even commenced. See <u>James Daniel Good Real Prop.</u>, 510 U.S. at 56 ("The question in the civil forfeiture context is whether ex parte seizure is justified by a pressing need for prompt action."); <u>Fuentes</u>, 407 U.S. at 80-81 (stating that due process is intended "to minimize substantively unfair or mistaken deprivations of property").

For reasons discussed more fully below, we disagree with these courts' conclusions. Contrary to the district court's determination in the present case, a warrantless arrest by itself does not constitute an adequate, neutral "procedure" for testing the City's justification for continued and often lengthy detention of a vehicle which may be owned by the arrestee or by someone entirely unconnected with the conduct that gave rise to the arrest. Further, to say that the forfeiture proceeding, which often occurs more than a year after a vehicle's seizure, represents a meaningful opportunity to be heard at a meaningful time on the issue of continued impoundment is to stretch the sense of that venerable phrase to the breaking point. We also consider it a non sequitur to hold, as the Grinberg court did, that because postponing the commencement of a forfeiture action pending the underlying criminal proceeding may not offend due process, retention of the seized vehicle without a hearing throughout that same period, or longer, is constitutionally permissible. The issues of a speedy trial and a prompt retention hearing are not parallel in this context, particularly when less restrictive methods for protecting the City's interest in the allegedly offending res are available. Cf. <u>Lee v. Thornton</u>, 538 F.2d 27, 32 (2d Cir. 1976) ("Deprivation of means of transportation for [substantial] periods requires an opportunity to be heard."); <u>DeBellis v. Property Clerk</u>, 79 N.Y.2d 49, 57, 580 N.Y.S.2d 157, 161 (1992).

that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act.'" <u>Florida v. White</u>, 526 U.S. 559, 562 n.2 (1999).

The Fourth Amendment, made applicable to the States by the <u>Fourteenth</u>, <u>Ker v. California</u>, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." In <u>SOLDAL v. COOK COUNTY</u>, 506 U.S. 56 (1992).

Thus, denial of the Right to an Adversarial and Probable Cause is Unlawful and Will Not stand. My Right to Regain Possession of my Property (Vehicle) Seized and Held Unlawfully will be Granted and Possession of my Vehicle will be Restored. The City of Dublin and the (Central Towing and Transporting) Cannot Prevail, from Unlawfully Seizing and Holding and Retain, continued Possession of my Vehicle (Private Property). This Proceedings will on Section 1983 Action, could take a Year or more. All during this time I have lost Possession of my

(Private Property) Vehicle.

## ( C) - <u>SEVERE HARDSHIP by continued Loss of Vehicle.</u>

The Continued Deprivation of the Right to Return of my Private Property (Vehicle) is causing me Continued Severe Hardship. I cannot take my Jeep CJ7 off the Road to Repair the engine and change the Bad Transmission and the other Repairs it needs. This deprives me of the Use of my Second Vehicle to Look for work, to earn the Means for my Continued Survival. It further frustrates my Economic Hardship and Survival. It furthers all my Emotional Distress and Severe Economic Hardship. It adds another Unwarranted Problem to deal with as if I don't have enough Problems to deal with. It is my belief that the America stands for the land fo the Free, where the Right to Liberty, Justice and the Pursuit of Happiness prevail. This includes the Inalienable Right to Own, Possess, Sale, Buy, Use Private Property. Automobiles are Private Property and Personal Effects. See:  <u>Carroll v. United States</u>, 267 U.S. 132 (1925); <u>Preston v. United States</u>, supra, at 366-367; <u>Chambers v. Maroney</u>, 399 U.S. 42 (1970). See also <u>South Dakota v. Opperman</u>, 428 U.S. 364, 367 (1976). <u>UNITED STATES v. CHADWICK</u>, 433 U.S. 1 (1977).

The Continual Deprivation of my Right to Recover my Stolen (Seized Property) cause the Continual Severe Hardship of my Survival.

The particular importance of motor vehicles derives from their use as a mode of transportation and, for some, the means to earn a livelihood. An "individual has an important interest in the possession of his [or her] motor vehicle," which is "often his [or her] most valuable possession." Lee, 538 F.2d at 31; see also Perry v. McDonald, 280 F.3d 159, 174 (2d Cir. 2001) (noting that an individual's interest in driving a vehicle represents a due process concern); Coleman v. Watt, 40 F.3d 255, 260-61 (8th Cir. 1994) (stating, in the course of applying the Mathews factors to impoundment of a car under state law, that "[a]utomobiles occupy a central place in the lives of most Americans, providing access to jobs, schools, and recreation as well as to the daily necessities of life"); Stypmann v. City & County of San Francisco, 557 F.2d 1338, 1342-43 (9th Cir. 1977) (finding a "substantial" interest in the "uninterrupted use of an automobile," upon which the owner's "ability to make a living" may depend); cf. Justice Robert H. Jackson, The Task of Maintaining Our Liberties: The Role of the Judiciary, 39 A.B.A.J. 961, 963 (1953) ("My equal right to drive an automobile may be only a claim to use of property, but it concerns my personal freedom as well.").

---

This Deprivation is Causing Severe Hardship to my Right to Liberty and Freedom as well. It Denies me my Absolute Right to Ownership and Possession of Private Property (My Vehicle). There is nothing even remotely criminal in possessing an automobile. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965)). Thus, it is Not Unlawful to Own, Possess, Use my Private Property (Vehicle).

The Owning and Possessing and Use Thereof my Vehicle is a Constitutional and Civil Right. It is Not a State Granted Privilege.

"First. It is well established law that the highways of the state are public property; that their primary and preferred use is for private purposes; and that their use for purposes of gain is special and extraordinary, which generally at least, the legislature may prohibit or condition as it sees fit. Packard v. Banton, 264 U. S. 140, 144, 68 L. ed. 596, 607, 44 S. Ct. 257, and cases cited; Frost & F. Trucking Co. v. Railroad Commission, 271 U. S. 583, 592, 70 L. ed. 1101, 1104, 1105, 47 A. L. R. 457, 46 S. Ct. 605; Hodge Drive-It-Yourself Co. v. Cincinnati, 284 U. S. 335, 337, 76 L. ed. 323, 326, 52 S. Ct. 144; Johnson Transfer & Freight Lines v. Perry, (D.C.) 47 F.(2d) 900, 902; Southern Motorways v. Perry, (D.C.) 39 F.(2d) 145, 147; People's Transit Co. v. Henshaw, ©. C. A. 8th) 20 F.(2d) 87, 89; Weksler v. Collins, 317 Ill. 132, 138,139, 147 N.E. 797;  Maine Motor Coaches v. Public Utilities Commission, 125 Me. 63, 65, 130 Atl. 866." Stephenson v. Binford, (1932), 287 U.S. 251, 264, 53 S. Ct. 181, 77 L. Ed. 288, 87 A.L.R. 721.

I Exercise the Right to Ownership of my Private Property (Vehicle) By Inalienable Right. It is Not a State Granted Privilege. The only Compelling State Public Interest is the Safe Use of that Vehicle upon the Public Roads and Highways. The Regulation of that Right that is Reasonable. This Right cannot be Conditions as the Legislature deems Necessary and Proper. Thus, there is No Substantive Compelling Public Interest in my Private Property (Vehicle).

"For a citizen to be made to forego even a part of so basic a liberty . . ., the subordinating interest of the State must be compelling." (Sweezy v. New Hampshire, (1956) 354 U.S. 234,265 — concurring opinion).]

Thus, my Liberty Interests of (Owning a Vehicle) cannot be denominated Public Welfare and Conditioned by the Police Powers.

The City and other Named Defendants have No Claim to Compelling Public Interests,

1  against the Return of my Vehicle Property Free of Charges and Fees.

## (III) - THIS COURT MUST ORDER THE IMMEDIATE RETURN OF MY VEHICLE FREE OF CHARGES AND FEES.

It cannot be said that the Continued Seizing (Holding) of my Vehicle (Private Property) must be maintained because of Immediate danger to the Public. Or it must be Held because it is Direct Evidence of Criminal Activity. Even if this where the case My Vehicle would Be Ordered Returned Immediately. See: James Daniel Good Real Prop., 510 U.S. at 61. The Named Defendants have No Interest in my Private Property that was Held (Seized) Unlawfully.

### (A) - My Friend tried to Take my Vehicle when I was Arrested .

My friend Steve Swift tried to offer Safe Keeping of my Vehicle when I was Unlawfully Arrested. The Only Reason that a Vehicle can Seized and Towed is for Care-Taking Function. My Friend Steve Swift tried to take my Vehicle for Care-Taking Purposes, but the Police Officer in Charge Denied that request.

> An impoundment is proper to prevent the immediate and continued unlawful operation of the vehicle or to remove a vehicle left in a public location where it creates a hazard. An officer, acting within the scope of his or her community care-taking function, is not required to consider "the existence of alternative less intrusive means" when the vehicle must in fact be moved to avoid the creation of a hazard or the continued unlawful operation of the vehicle. *See Bertine*, 479 U.S. at 374. **See also: See United States v. Gutierrez, 995 F.2d 169, 171 (9th Cir. 1993); Whren v. United States, 517 U.S. 806, 817 (1996).**

My Friend Steve Swift is a Licensed Driver and he was fully able to Custody and Control of my Private Property (Vehicle) for Car-Taker purposes. The Reasonableness of the Towing and Seizing of Vehicle (Impounding) is Not Justified as there was a Licensed Driver present who could take the Vehicle and move it to his House for Care-Taking Purposes.

> "...caretaking doctrine. In assessing this question, we must examine whether this seizure is reasonable based on all of the facts presented. See Cooper v. California, 386 U.S. 58, 59 (1967). In JORGE MIRANDA; IRENE MIRANDA,

Denial of having my Friend Steve Swift take my Vehicle for Care-Taking Purposes was Unreasonable and Unconstitutional Act outside of Policeman's Authority and Discretion.

The City of Dublin Clearly Violated the Care-Taker Doctrine for Impounding my private Property (Vehicle). The Denial of my Friends request to take my Vehicle for Care-Taking purposes was Clearly Unreasonable and in Bad Faith.

## (B) - <u>Tow Action and Seizure of my Vehicle Unreasonable.</u>

The Towing and Seizure of my Private Property (Vehicle) Unreasonable and Unlawful. The Tow and Seizing of my Vehicle took place Clearly outside of the City of Dublin and Alameda County Police Power Jurisdiction. This Question is only Concerning Unreasonableness of the Tow and Hold (Seizure) of my Vehicle, of that action before this Court. Otherwise it is a Another separate Cause Action, Unless this Court Deems otherwise. Denial of the Right to Challenge the Probable Cause of the Tow, Hold and Seizure of my Vehicle. I have the Right to Challenge the Validity of Stop and Tow as a Matter of Law and Constitutional and Civil Right.

> that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act.'" <u>Florida v. White</u>, 526 U.S. 559, 562 n.2 (1999).

A mere Tow Hearing in front of Police Tow Hearing Officer affords No Due Process Protection. It offered me No Protection in the Holding (Seizing) of my Vehicle. The Probable Cause of the Action taken, I was Denied the Right to Challenge the Unlawful Action taken.

> In <u>Colorado v. Bertine</u>, the Court allowed "the exercise of police discretion so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." 479 U.S. 367, 375 (1987).

I thus, Move the Court to Grant Immediate Court Order, Ordering Return of my Vehicle without Cost.

## ( C) - <u>**Alternative Remedy.**</u>

If the Defendants believe that they are entitled to Towing and Some Storage Fees then the Court will have Jurisdiction over the Proceedings to Order those Fees to be paid after the Trial has Ended. I am Not a Threat to Run and Flee from Justice or a Flight Risk. They the Named Defendant Central Towing and Transporting can Hold a Lien for a small acceptable Court Ordered Sum of Money, like $ 200.00. I did attempt to recover my vehicle on March 24, 2008, at 1:45 PM.

**<u>Mathews</u>, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles. <u>Krimstock</u>, 2000 WL 1702035, at 36-37.**

I will Not Owe any more than $ 200.00 if any at all. This Holding of Signed Lien of small limited sum of Money, if it is Ordered by this Court, should satisfy any Doubts by Named Towing Agency. I would Owe if anything around $ 175.00 or less for the Tow and 1 day of Storage Fees. This Court Retains Jurisdiction until the Case has been Decided. Thus, the Court can Order that I cannot sell, Trade or any way do away with my Vehicle until this Case is settled. I demand that this Court Order my Vehicle to be Returned as a matter of Constitutional and Civil Right. **This Court Must as a Matter of Law, Constitutional and Civil Right, Order the Immediate Return of My Private Property (Vehicle) Free of Charges, Fees and all other Costs.**

## **(CONCLUSION)**

Let the Court here take Judicial Notice that the Named Defendants will Lose on the

Merits, Material Issues of Fact, Law and Case Law Precedents, Evidence in Support; Notice and Opportunity to Defend; Lack of Seizure Warrant and Probable Cause Fourth Amendment. They also Failed to Afford a Post-Forfeiture Hearing. The Named Defendants Clearly Knew that their Acts and Acts of Omission where Deprivation and Violation of my Fourth and Fourteenth Amendments Rights. They Must Have Known that their Acts Deprived of my Property without Heightened Due Process Protection. They had to have Known that their Intent was the Taking of Private Property without Affording Post Seizure and Forfeiture Hearing to Determine Probable Cause and Reasonableness of Hold (Seizure). There is No Excuse for Knowing; Intentional; Deliberate and Wanton Deprivation and Violation of My Constitutional and Civil Rights. In America the Inalienable Right to Protection of Life, Liberty and Property and the Pursuit of Happiness are God-given Rights and are Supreme and Undeniable. See: **UNITED STATES v. TWIN CITY POWER CO.**, 350 U.S. 222 (1956); **MEACHUM v. FANO**, 427 U.S. 215 (1976); **SANDIN v. CONNER**, 515 U.S. 472 (1995).

In Conclusion I want my Property (Vehicle) Returned to me Immediately. I Move the Court to Grant me My Constitutional and Civil Right to have possession of my Vehicle (Private Property). I am the Full and Absolute Owner and I Claim the Right to Possessor of my Property (Vehicle). I Move the Court to Grant me back Possession of my Vehicle (Property). See: **Mathews**, 424 U.S. at 335.

**I thus, Move the Court to Draft an Order for the Immediate Return of my Vehicle Free of Towing, Administrative and Storage Fees and any other Associated Cost or Fees.**

**NOTICE OF SERVICE BY MAIL:**

I WILLIAM J. WHITSITT, _William J. Whitsitt_ , THIS THE _13th_ DAY OF MAY, 2008, AT _4PM_ PM, DID SERVE

---

**BRIEF IN SUPPORT RETURN OF VEHICLE. - GEORGE LYTLE, ET AL.**                    *Page 24 of 25*

1    BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL:   ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND
     STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS
2    SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

3    *    DUBLIN POLICE SERVICES, 100 Civic Plaza Dublin, CA   94568

4
     *    CENTRAL TOWING AND TRANSPORT   Tow Agency and Tow Operator, FREMONT - Main Office, 36849 San Pedro
5         Drive, Fremont, CA 94536

6
     *    Alameda County Sheriff's Office, Attn:   Kelly Martinez - Civil Litigation, Internal Affairs Section 1401 Lakeside
7         Drive, 7th Floor, Oakland, California, 94612.

8         ALL THE NAMED DEFENDANTS IN COMPLAINT WHERE SERVED THIS THE 22th DAY OF MAY 2008, AT: 5 PM,
9    WILLIAM J. WHITSITT, _William J. Whitsitt_____, DATED: 5-12-08_____.

10

11

12

13   I WILLIAM J. WHITSITT, _William J. Whitsitt_ THIS THE 22 DAY OF MAY, 2008, DO HEREBY DECLARE AND
14   AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE
15   BY MAIL.   5 pm

16

17

18
                      RESPECTFULLY, SUBMITTED
19
                      _William J. Whitsitt_
20
                      WILLIAM J. WHITSITT
21                    DATED: May 8, 2008

22

23

24

25

26

27

28