1   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.
    Bruce D.M. Prescott, Esq. CSB #120980
2   Daphne C. Lin, Esq.  CSB #193214
    2201 Walnut Avenue, Suite 200
3   Fremont, California 94538
    Telephone: (510) 790-0900
4   Facsimile: (510) 790-4856

5   Attorneys for Specially Appearing Defendant
    Central Towing & Transport, LLC
6

7

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11

12  WILLIAM J. WHITSITT,              )   Case Number: C 08-01802 JSW
                                      )
13                    Plaintiff,      )   **SPECIALLY APPEARING**
                                      )   **DEFENDANT CENTRAL TOWING &**
14  v.                                )   **TRANSPORT, LLC' RESPONSE TO**
                                      )   **COURT ORDER re PLAINTIFF'S**
15  SGT. GEORGE LYTLE, et al.         )   **MOTION FOR RECONSIDERATION**
                                      )
16                    Defendants.     )
                                      )
17  _____  )   Judge: Hon. Jeffrey S. White

18          Without waiving the requirement that it be served with the Summons and Complaint in

19  this action, specially appearing defendant Central Towing & Transport, LLC ("Central Towing")

20  respectfully submits its response to the Court Order dated May 29, 2008, requiring all defendants

21  to file a response to Plaintiff's Motion for Reconsideration as follows:

22          On May 23, 2008, Central Towing received by fax the cover pages of two complaints

23  filed by plaintiff William J. Whitsitt ("Plaintiff") in this Court against various parties for alleged

24  violations of 42 U.S.C. §1983.  However, to this date, Central Towing has not been served with

25  the summons or a complete copy of the complaint in this action.  As a result, no appearance has

26  been made by Central Towing as of yet, and Central Towing does not believe that it is required to

27  do so until properly served.

28          However, on Monday, June 2, 2008, Central Towing received by fax a copy of this

_____

**SPECIALLY APPEARING DEFENDANT CENTRAL TOWING & TRANSPORT, LLC' RESPONSE TO**
**COURT ORDER re PLAINTIFF'S MOTION FOR RECONSIDERATION**
1

1    Court's order requiring all defendants to respond to Plaintiff's Motion for Reconsideration by

2    June 6, 2008 at 3:00 p.m. Central Towing's counsel did not have a chance to review the Motion,

3    the original moving papers, or the complaint until June 5, 2008 after these documents were

4    downloaded from the Court's website. Unsure of whether the Court Order intended to require a

5    named defendant not yet served to file a response to Plaintiff's Motion, and not having sufficient

6    time to gather information to respond to the Motion, Central Towing requests that the Court

7    allow Central Towing additional time for Central Towing to provide a substantive response to

8    Plaintiff's Motion, if and when service is completed.

9        Plaintiff will not be prejudiced by the continuance of his Motion because the pending lien

10   sale did not go forward and Central Towing is agreeable to delaying a sale until after this Court

11   rules on the Motion. Further, Plaintiff is unlikely to prevail because Plaintiff's vehicle was

12   impounded pursuant to *California Vehicle Code* §14602.6 for unlicensed driving (without ever

13   being licensed or while license revoked or suspended). (Plaintiff's Exhibit A) Therefore,

14   Plaintiff is responsible for, and Central Towing is entitled to, all towing and storage charges

15   related to the impoundment and any administrative charges. *Cal. Veh. Code* §14602.6(e).

16   Central Towing is entitled to a lien sale pursuant to *California Civil Code* §3072. It appears that

17   Plaintiff did not dispute the lien or oppose the sale when he was offered an opportunity to do so.

18   *See* Plaintiff's Exhibit C.

19       For all of the foregoing reasons, Central Towing respectfully requests that the Court

20   extend the time within which Central Towing must respond to Plaintiff's Motion or alternatively,

21   deny Plaintiff's Motion.

22

23   Dated: June 6, 2008                          TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.

24

25                                      By: _____
                                              Bruce D. M. Prescott
26                                            Daphne C. Lin
                                              Attorneys for Specially Appearing Defendant
27                                            Central Towing & Transport, LLC

28

---

**SPECIALLY APPEARING DEFENDANT CENTRAL TOWING & TRANSPORT, LLC' RESPONSE TO
COURT ORDER re PLAINTIFF'S MOTION FOR RECONSIDERATION**

1

**PROOF OF SERVICE**

2    I, Jenny Houston, declare and say:

3    I am over the age of eighteen years and not a party to the within action. My business

4    address is 2201 Walnut Avenue, Suite 200, Fremont, California, 94538.

5    On June 6, 2008, I caused to be served the foregoing document(s) described as

6    **SPECIALLY APPEARING DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'**

7    **RESPONSE TO COURT ORDER re PLAINTIFF'S MOTION FOR**

8    **RECONSIDERATION** on the interested parties in this action by placing a true and correct copy

9    thereof in a sealed envelope addressed as follows:

10   **William J. Whitsitt, Esq.**                **Dublin Police Services**
     **335 W. Clover Road**                       **100 Civic Plaza**
11   **Tracy, CA 95376**                          **Dublin, CA 94568**
     **Telephone:    (209) 221-1405**             **Telephone:    (925) 833-6670**
12   **Plaintiff In Pro Per**                     **Facsimile:    (925) 828-2893**

13   **Alameda County Sheriff's Office**
     **Internal Affairs Section**
14   **Litigation Department**
     **1401 Lakeside Drive, 7th Floor**
15   **Oakland, CA 94612**
     **Telephone:    (510) 208-9800**
16   **Facsimile:    (510) 272-3796**

17   ____    (by personal service): I caused such envelope to be delivered by hand to the above
             address(es).
18
     ____    (by facsimile): I caused the above-referenced document(s) to be transmitted to the above-
19           named persons at each of their respective facsimile numbers listed above, a copy of
             which is attached hereto.
20
     ____    (by overnight courier): I caused the above-referenced document(s) to be delivered to an
21           overnight courier service for delivery to the above address(es).

22   XX    (by mail): I am readily familiar with the firm's practice of collection and processing
             correspondence for mailing. It is deposited with the U.S. Postal Service on that same day
23           in the ordinary course of business. I am aware that on motion of party served, service is
             presumed invalid if the postal cancellation date or postage meter date is more than one
24           (1) day after the date of deposit for mailing in the affidavit.

25   I declare under penalty of perjury under the laws of the State of California that the above

26   is true and correct and that this declaration was executed on June 6, 2008.

27

28
                                    Jenny Houston

---

**SPECIALLY APPEARING DEFENDANT CENTRAL TOWING & TRANSPORT, LLC' RESPONSE TO**
**COURT ORDER re PLAINTIFF'S MOTION FOR RECONSIDERATION**