WILLIAM J. WHITSITT
335 W. CLOVER ROAD
TRACY, CA 95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN PROPRIA PERSONA

IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| WILLIAM J. WHITSITT<br>(PLAINTIFF)<br><br>---------------VS--------------<br><br>Sgt. George Lytle Badge # 761<br><br>Central Towing & Transport -TOWING STORAGE CO.<br><br>COUNTY OF ALAMEDA<br><br>City of Dublin Police Services<br><br>TOW OPERATOR - CENTRAL TOWING & TRANSPORTING.<br><br>10 UNNAMED DEFENDANTS<br>(DEFENDANTS) | Case No: C08-01802 JSW<br><br>**REPLY BRIEF TO:**<br>**DEFENDANTS RESPONSE TO MY**<br>**MOTION FOR RECONSIDERATION**<br>**TO RELEASE OF VEHICLE FREE**<br>**OF CHARGE OF TOWING AND**<br>**STORAGE FEES OR ALTERNATIVE**<br>**REMEDY ORDER RELEASING**<br>**VEHICLE UNTIL MATTER**<br>**OF VEHICLE IS DECIDED**<br><br>~~NOTE: PLEASE SEE ALSO BRIEF IN SUPPORT.~~ |

## (I) - (INTRODUCTION)

I William J. Whitsitt, do hereby Come to this Court who Has Suit and Jurisdiction to Hear Determine all Facts of this Case. I come to this Court to Regain Possession of my Private Property (Private Vehicle) 1971 Dodge Power Wagon. See: (Attachment - A). I Move the Court to Grant Order for the Release of Vehicle which was Seized Unlawfully in Violation

---

**REPLY BRIEF TO DEFENDANTS RESPONSE TO RELEASE OF MY VEHICLE**        *Page 1 of 17*

of Due Process and Seizure Warrant of Fourth Amendment. I MOVE THE COURT TO GRANT IMMEDIATE RELEASE BEFORE MY VEHICLE IS SOLD FOR LIEN SALE FOR TOWING AND STORAGE FEES. I Remind this Court that I am Unemployed and I cannot Afford to Pay the Towing and Storage Fees of over $1500.00. I tried to Recover my Vehicle the day after it was Towed, I was as the Dublin Police Department with a Friend prepared to pay the $150.00 Tow and Storage Fees for one day. The Dublin Police Department Denied my my Inalienable Constitutional and Civil Right to Take back and Recover my Vehicle (Private Property). "...that the *Fourth Amendment applies to searches and seizures in the civil context*, See: **Camara v. Municipal Court of San Francisco**, 387 U.S. 523 (1967) In: **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY**, **510 U.S. 43, Id, at 50 (1993).**

Let the Court take Judicial Notice that Probable Cause for the Traffic Stop and Subsequent Arrest, are being Challenged as Unconstitutional and in Violation of the Fourth and Fourteenth Amendment Rights. I have full Confidence that all Impending Actions will be decided Positively in my favor.

**(I-A) - (Driver's License Suspension Claim):**

Let Judicial Notice be taken here; that I am also going to Challenge DMV Suspension of my Driver's License, to which I have made (14) Notices and Demand for Suspension Hearing in the Past (4) Years. I have made Objections, Notices and Demand for Suspension Hearings and Called the D.M.V., made fallow up Notices and Demand for Suspension Hearing Objection. See: (Exhibits 6 ). The D.M.V. has not Responded to and Either Refused or Will Not Respond to those Timely Objection to Suspension of my Driver's License and or

**REPLY BRIEF TO DEFENDANTS RESPONSE TO RELEASE OF MY VEHICLE**    *Page 2 of 17*

Suspension Hearing Demands. It is not my intention to Try my Driver's License Suspension Challenges here before this Court, but the Defendants have made mention of this as Probable Cause for the Tow and Subsequent Hold (Seizure) for (30) Days and Lien Sale of my Vehicle. I Must therefore answer this Claim as presented by the Defendants Response. If I where offered a True Due Process Hearing to Challenge Probable Cause of Tow; Seizure for (30) Days of my Vehicle before action was Taken, then I would have Presented this Facts and Evidence.

The D.M.V. Suspension of my Driver's License Right is Very much in Doubt and thus Not Valid. For Failure of the State of California to Render Suspension Hearing Prior to Suspension of Driver's License Right, Violates Procedural Due Process of Law. See: (**Rios v. Cozens,** (1972) 7 Cal.3d 792, 795 [103 Cal.Rptr. 299, 499 P.2d 979].) In **Bell v. Burson,** (1971) 402 U.S. 535, 539 [29 L. Ed.2d 90, 94, 91 S.Ct. 1586], See also: **Gerstein v. Pugh,** (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854].

> "Once licenses are issued ... their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment."

Thus, with a true Hearing to bring forth Jurisdictional Facts and Probable Cause, the Litmus Test to Test Reasonableness of Tow and Seizure (Hold) of my Vehicle would have Shown the Above Facts. The So-Called Jurisdiction by California Vehicle Code would be put to the True Adversarial Test. **This Adversarial Test by Hearing I was Denied.**

## (II) - (SUMMARY OF FACTS)

The Defendants Summary of Facts are Incorrect as to Tow Hearing and Completing the Standard Declaration of Opposition. I will Brief each point of Law Separately below.

### (II-A) - (Tow Hearing)

I Must OBJECT here, because the Facts state here are Totally Incorrect as Concerning the Tow Hearing. The Facts they State are Totally Untrue and Incorrect. The Defendants must get the Facts Correct and True to State them as Facts. First of all I brought my Friend Bob Howard to be a Witness and Observer of the Tow Hearing Facts. Bob was stopped at the or by the Police Officers who Stated to him he had to wait outside and was Not Allowed to offer Testimony, be a Witness to the Tow Hearing or to be present with me there. I OBJECTED (3) Times to the Police Officer Holding the Tow Hearing. I don't know if they Notice that I was taking down all that was said at the Tow Hearing. Here is what was said at the Tow Hearing. See: **(Exhibit 5A)**. At the Tow Hearing I was told that had No Right to Challenge Probable Cause of the Hold and Tow. I was also told that they had already made up there mind before I came to the Tow Hearing. I stated in my [1] Notices that I sent the Dublin Police Services. The Tow Hearing does Not Satisfy Due Process and Probable Cause Hearing Requirements in a Forfeiture Type of Proceedings. See:

> **Mathews**, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles..... **Krimstock**, 2000 WL 1702035, at 36-37. We are troubled by this conclusion. *Neither the arresting officer's unreviewed probable cause determination nor a court's ruling in the distant future on the merits of the City's forfeiture claim can fully protect against an erroneous deprivation of a claimant's possessory interest as his or her vehicle stands idle in a police lot for months or years.*

What Real Purpose and Good does the Right to a Tow Hearing serve when the Police Tow Hearing Officer does Not allow me to have and Call a Witness for my Defense? What Purpose does a Tow Hearing Serve in a Vehicle that has been Declared to be Held (Seized) for (30) Days, when I have No Right to Contest the Probable Cause to Hold and Seize my

---

[1] See: (Exhibits: 1, 2, 3, 4.)

1  Vehicle Under the Color and Guise of State Vehicle Code? It does Not Afford Due Process
2  of Law and it Affords No Hearing to Contest Probable Cause of Seizure of my Vehicle.

seizure without court order abridges constitutional due process. <u>Sniadach v. Family Finance Corp. of Bay View</u>, 395 U.S. 337 (1969). See Also: <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976)

Unlike a felony charge, for which a "prompt" probable cause hearing must be held or evidence of probable cause must be presented to a grand jury,...., a misdemeanor charge of DWI or Driving on a Suspended License requires no post-arrest determination of probable cause,..."There is no provision for a preliminary or probable cause hearing under the [New York] Criminal Procedure Law in misdemeanor cases."). Moreover, N.Y.C. Code § 14-140 affords the vehicle owner no opportunity for a prompt post-seizure hearing to test probable cause for the vehicle's seizure. Thus, neither New York criminal procedure nor the City's civil forfeiture law allows a DWI defendant or the owner of a vehicle driven by a DWI defendant to challenge promptly the legitimacy of the City's continued custody of the vehicle. <u>IN KRIMSTOCK v SAFIR</u>, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035.

Like the New York Statute of Seizing a Vehicle, the California Penal and Vehicle Code do Not Require "Prompt" Probable Cause Hearing.

The D.M.V. type Hearing does Not Afford any Opportunity to Contest Probable Cause of Seizure and Towing of my Vehicle. It would takes Months if Not Years for this Hearing to be Held, because it is Not pertaining to a Driver's License Right Suspension. This Hearing would be Held in Front of D.M.V. Hearing Officer who is Not Judge with General Court Jurisdiction. The Tow Hearing was a Joke and it Afforded No Due Process Protection whatsoever. I was Not even Allowed to Present any Evidence and Witness Testimony in my Favor.

### (II-B) - (Completing the Standard Declaration of Opposition)

I Served the Named Defendants (4) Notices and Demand for Forfeiture type Probable Cause Hearing. Common Intelligence says that Notice of Objection to Unlawful Tow, Hold Seizure for (30) Days means Declaration of Opposition. Not using your So-Called Proper Form does Not Defeat my Constitutional Right to Fourteenth Amendment Due Process and Fourth

Amendment Right to Seizure Warrant and or Probable Cause. This does Not Constitute Failure to Object Timely. That Form does Not contain any Information for Declaration of Procedural Rights and Hearing Requirements. There is No Notice of Procedural Hearing Rights. My (4) Notices of Objection. See: **(Exhibits 1, 2, 3, 4.)**. I did Object Timely and I did Demand for a Full Evidentiary and Probable Cause Forfeiture type Hearing Process.

> In a forfeiture proceeding, the City "bear[s] the burden of proving by a preponderance of the evidence that [it] is legally justified to continue to retain the property." IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035.
>
> The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." In SOLDAL v. COOK COUNTY, 506 U.S. 56 (1992)

With No Notice and Opportunity to Defend before Threatened Agency action is Taken, (Seizing) My Vehicle for (30) Days Violates the very Spirit and Intent of Due Process of Law.

> "...this Court has frequently explained that the particularized warrant requirement is also intended " `to give notice to the person subject to the search what the officers are entitled to seize.' " In the Matter of Seizure of Property Belonging to Talk of the Town Bookstore, Inc., 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting United States v. Marti, 421 F.2d 1263, 1268 (2d Cir. 1970)). Accord United States v. McGrew, 122 F.3d 847, 850 (9th Cir. 1997); United States v. Van Damme, 48 F.3d at 466 (9th Cir. 1995)

The Right to Notice and Opportunity to Defend is Not Dependant upon filling out and sending in the Proper Paperwork. The Due Process Clause of the Fourteenth Amendment does Not state Due Process protection is afforded only if the Proper paperwork is filled out. This Argument by the Named Defendants does Not have any merit whatsoever.

### (III) - (**PROCEDURAL STATUS**)

I Retain the Right to Object at future date to this Argument. I see No Argument to Brief here in this Procedural Status.

## (IV) - (<u>ARGUMENT</u>)

### (IV-A) - (<u>Dublin Police Effected a Valid Arrest and Seizure</u>).

Now this is where the Defendants Argument is Merit-less; Incorrect; Vague and Unlawful. The City of Dublin Police Services are Professionals, they are Trained Proper and Lawful Police Procedures. It least that is the way it is Assumed and suppose to be.

Let the Court take Judicial Notice that Probable Cause for the Traffic Stop and Subsequent Arrest, are being Challenged as Unconstitutional and in Violation of the Fourth and Fourteenth Amendment Rights. I have full Confidence that all Impending Actions will be decided Positively in my favor. The Traffic Stop which took place Clearly outside of Alameda County and City Dublin Police Power Jurisdiction and Authority.

I have [2]Several Witnesses not including myself that the Police Stop took place almost a Half mile within Contra County and the City of San Ramon California. The Stop was Outside the County of Alameda and City of Dublin California's Lawful Territorial Boundaries and Jurisdiction. The Argument that I Committed a Traffic Violation in their Presence is Not Valid. At first the Police Officer stated that could not read the Old Original License Plate. It had a April Temporary Sticker in the back Window. The License Plate has a 2009 Current registration Sticker on it. The [3]Police Officers said he was able to Read my License Plate then. He then stated I believe you have a Stop Light out. This is totally Wrong because I just checked all the Lights: Stop Lights, Turn Indicators and Head Lights just within the last half Hour to make sure everything was working and they where. Thus the old Your Stoplight is Out, Excuse for Probable Cause is Not Valid. Let Notice be taken, here I was Not Cited for the Supposed Stop Light being out. It was Lie to Establish Probable Cause. I Demanded that the Police Officer prove to me that my Stop Light was out. They Refused. The Reason they Refused to prove me that Stop Light was out was that it was working. Police Officers are Known Liars under Oath. The Police Officer's Just had to Create a Probable Cause and Excuse for the Unlawful Stop. They had to make up some Excuse for Probable Cause. See: <u>Berkermer v. McCarthy</u>, No. 83-710, decided July 2, 1984. See also <u>Adams v. Williams</u>, 407 U.S. 143, 148 and <u>Terry v. Ohio</u>, 392 U.S. 34. The Police Officers where actually looking for Michael Swift who Owned that Dodge Pick Up Truck for many years and was Harassed, Stopped without Justification, Searched and Never Charged for any Real Crime. See: (Affidavit from Michael Swift). The Dublin Police Officers even asked Michael Swift what happened to the Dodge Pick up Truck a couple of weeks earlier.

---

[2] Steve Swift, Rick Lincoln, Michael Swift, myself.

[3] Alameda County Sherif Deputys: Whithall # 429; A. Grarth # 1340, who are contracted with the city of Dublin Police Services.

**There was No Legitimate Probable Cause for the Stop other then Thinking they where Stopping Michael Swift, and to Harass him and to take the Dodge Away.**
**The Stop took place Clearly outside of City Limits and County of Alameda Jurisdiction. Thus, Acting Outside of Their Lawful Jurisdiction and Police Power Authority from the City of Dublin California. Thus, Clearly Establishing a Claim and Cause of Action Under Section 1983. I have Clear Established my Constitutional Right against Unlawful Stops outside of City of Dublin Police Jurisdiction.**

Whey are Not just talking about a Traffic Stop in another City's Jurisdiction and Authority, we are talking about Another Different County. We are also Not talking about Hot Pursuit or any Pursuit from Alameda County into Contra Costa County. The Legal Argument here is, does a Dublin Police Services \ Alameda County Sherif in Contra Costa Count on Alcosta Blvd., which never enters Alameda County have Jurisdiction and Authority in Contra Costa County? Let the Court take Judicial Notice here that the Named Dublin Police Officers are Alameda County Sheriffs contracted as Dublin Police Officers (City of Dublin Police Services). Thus, acting under the **Authority and Jurisdiction of City of Dublin Police Services**. Jurisdiction is Territorial in Nature. Authority is Territorial and Subject Matter in Nature. Relying upon the Very Legal Definition of Jurisdiction we can conclude Jurisdiction is Territorial.

**JURISDICTION:** 1. The geographical area within which a Court (or a public official) has the Right and power to operate. 2. The persons about whom and the subject matter about which a Court has the Right and power to make decisions that are legally binding. **Oran's Dictionary of the Law at Page 287.**

**JURISDICTION:** 1. A government's general power to exercise Authority over all persons and things within it territory. 2. A Court's power to decide a case or issue a decree. 3. A geographic area within which a political or judicial authority may be exercised. 4. A political or judicial subdivision within such an area. **Black's Law Dictionary Seventh Edition, At page 855.**

We can Conclude then that a City or Government Agency (City Police) are limited by Territorial Jurisdiction and Authority, to City Limits and County Boundaries. That brings us back to the Question: What was City of Dublin Police Services Officers doing Patrolling Alcosta Blvd., which lies totally within Contra Costa County Jurisdiction and Authority? Why did they

effect a Traffic Stop upon another County and City's Jurisdiction and Authority? Now let us get all the facts strait and Correct in the Legal Factual sense. The City of Dublin Police see me in the Dodge Pick Up Truck while they are Patrolling in another County and City's Jurisdiction (Territorial Boundaries). There is No Excuse of Pursuit or Hot Pursuit, just acting outside their Lawful Territorial Jurisdictional Boundaries. Thus, Acting in Excess and in Lack of Lawful Authority and Jurisdiction.

Does this Constitute a Lawful Arrest and Seizure when a Police Officer is acting outside in excess of and in Lack of Lawful Jurisdiction and Authority? The answer to this question is quite obvious there is No Lawful Arrest and Seizure for acting outside, in lack and in Excess of Lawful Jurisdiction.

"...mere good faith assertions of power and authority (jurisdiction) have been abolished." **Owens v The City of Independence, 445 U.S. 622 (1980)**

There can be No Good Faith assertions of Authority and Jurisdiction.

Once Probable Cause has been Challenged, the State and Officer must prove Probable Cause for an Arrest existed.

**Probable Cause for the Arrest and Seizure is NOT SETTLED Whatsoever and this Question Remains. Let Judicial Notice be taken here, that I have Challenged Jurisdiction, Authority and Probable Cause and I have timely OBJECTED.**

**(IV-B) - (Dublin Police Seizure the Vehicle in Connection with Plaintiff's Arrest.)**

22651 of the California Vehicle Code also states that if there is Licensed Driver in the Area who can take over Care-taking duties of the Vehicle that the Arrestee designates then the

Vehicle must be Released to that Person.

My friend Steve Swift tried to offer Safe Keeping of my Vehicle when I was Unlawfully Arrested. The Only Reason that a Vehicle can Seized and Towed is for Care-Taking Function. My Friend Steve Swift tried to take my Vehicle for Care-Taking Purposes, but the Police Officer in Charge Denied that request.

> An impoundment is proper to prevent the immediate and continued unlawful operation of the vehicle or to remove a vehicle left in a public location where it creates a hazard. An officer, acting within the scope of his or her community care-taking function, is not required to consider "the existence of alternative less intrusive means" when the vehicle must in fact be moved to avoid the creation of a hazard or the continued unlawful operation of the vehicle. See Bertine, 479 U.S. at 374. See also:  See United States v. Gutierrez, 995 F.2d 169, 171 (9th Cir. 1993); Whren v. United States, 517 U.S. 806, 817 (1996).

My Friend Steve Swift is a Licensed Driver and he was fully able to take Custody and Control of my Private Property (Vehicle) for Car-Taker purposes. The Reasonableness of the Towing and Seizing of Vehicle (Impounding) is Not Justified as there was a Licensed Driver present who could take the Vehicle and move it to his House for Care-Taking Purposes.

> "...caretaking doctrine. In assessing this question, we must examine whether this seizure is reasonable based on all of the facts presented. See Cooper v. California, 386 U.S. 58, 59 (1967). In JORGE MIRANDA; IRENE MIRANDA, Plaintiffs-Appellants, v. CITY OF CORNELIUS; ACME TOWING, No. 04-35940

Denial of having my Friend Steve Swift take my Vehicle for Care-Taking Purposes was Unreasonable and Unconstitutional Act outside of Policeman's Authority and Discretion.

The City of Dublin Clearly Violated the Care-Taker Doctrine for Impounding my private Property (Vehicle). The Denial of my Friends request to take my Vehicle for Care-Taking purposes was Clearly Unreasonable and in Bad Faith. The Police Officers had a Clear Alternative means for Care-taking duties.

### (IV-C) - (Dublin Police Substantially Complied with the Notice of Impoundment Requirements).

This is a joke right? I did Not receive Notice and Opportunity to Challenge Agency Action before it was taken. I was Served No Notice by the D.M.V. that my Vehicle was subject to Impoundment prior to Impoundment. The City of Dublin Police Services Afforded me no Pre-Seizure Hold Hearing prior to Vehicle Seizure (Hold) Impoundment for (30) Days. I was Not given Notice before (Seizure) Hold action was taken,

> The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property. See <u>United States v. $8,850</u>, 461 U.S. 555, 562, n. 12 (1983); Fuentes v. Shevin, 407 U.S. 67, 82 (1972); <u>Sniadach v. Family Finance Corp. of Bay View</u>, 395 U.S. 337, 342 (1969) (Harlan, J., concurring); <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 313 (1950).

> seizure without court order abridges constitutional due process. <u>Sniadach v. Family Finance Corp. of Bay View</u>, 395 U.S. 337 (1969). See Also: <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976)

> The practice of ex parte seizure, moreover, creates an unacceptable risk of error. Although Congress designed the drug forfeiture statute to be a powerful instrument in enforcement of the drug laws, it did not intend to deprive innocent owners of their property. The affirmative [ <u>UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY</u>, 510 U.S. 43, 54 (1993)]

The Case Law Precedents above clearly Show that Dublin Police Action to Impound my Private Property (Vehicle) Without Prior Notice and Opportunity to Defend Violates Due Process and Procedural Due Process. Failure by Dublin Police to Secure a Fourth Amendment Warrant and Prompt Probable Cause and Full Evidentiary Hearing Process Violated the Fourth Amendment Requirements. Let Judicial Notice be taken, here that I received Notice of Impoundment on April 3rd, 2008, which is (11) Days after Tow and Warrant-less Seizure of my Vehicle. This Violates the California Vehicle Code which states I must be Served that Notice within 2 days. It also

1  Fails to give a Full Notice of Remedies available for Impoundment. Let further Notice be taken
2  here that I never Received Notice of Impoundment of my Vehicle for (30) Days as is
3  Required by California Vehicle Code.
4  
5  **(IV-D) - (Dublin Police Timely held a Post Storage Hearing At Plaintiff's Request).**
6  
7  The Dublin Police Services held a Tow Hearing (9) Days after I made that Demand.
8  I also OBJECTED and Demanded for a Full Probable Cause and Evidentiary Forfeiture Seizure
9  Hearing that is Required under Federal Forfeiture Law. I timely Served the Named Defendants
10 with (4) Such Notices. See: **(Exhibits 1, 2, 3, 4.)**. The Post Storage Hearing when my Vehicle
11 was Seized Impounded for (30) Days did Not Satisfy Fourth and Fourteenth Amendments Due
12 Process and Probable Cause Requirements. Failure of the City of Dublin to hold a Prompt Post
13 Seizure Hearing to Determine Probable Cause for Seizure of my Vehicle Property Violated that
14 Constitutional and Civil Right. Thus, establishing a Clear Violation of my Civil and Constitutional
15 Rights.
16 
17 I was Not Allowed to Challenge the (30) Day Seizure Impoundment of my Vehicle
18 at the Tow and Storage Hearing.
19 
20 **(IV-E) - (Towing and Storage Liens are held by Central Towing)**.
21 
22 The Probable Cause of the Tow was Challenged from the First day of Seizure and thus,
23 the Vehicle Possession is still in question. The City of Dublin Seized Impounded my Vehicle
24 in Violation of the Fourth and Fourteenth Amendment and Probable Cause. The City of Dublin
25 Dublin Police Services did Deny and bypass my Right to a Probable Cause and Full
26 Evidentiary Hearing.
27 
28 

**REPLY BRIEF TO DEFENDANTS RESPONSE TO RELEASE OF MY VEHICLE**   *Page 12 of 17*

### (IV-G) - (Plaintiff Has Failed to Comply with Lien Sale Notice and Opposition Procedures).

I Must OBJECT timely to this Statement. First of all I don't have to Demand a Forfeiture Hearing, this Hearing is Required and Mandatory before Forfeiture and or Lien Sale Action is Taken. The Fourteenth Amendment does Not State that I must first fill out the Proper Document before I can be Afforded Due Process of Law. I have the Inalienable Constitutional Right to Due Process of Law. That Mandates a Full Evidentiary and Probable Cause Hearing in Front of a Jury. It doesn't state in the Fourteenth Amendment that I must Demand for Due Process of Law before I can Claim that Right. This is a Requirement of Due Process of Law clause of the Fourteenth Amendment.

> "To none will we sell, to none deny or delay, right or justice." (Magna Charta, 40). The guaranty of free justice is derived from the Magna Charta. "It is intended to prohibit gratuities or exactions given or demanded for the direct purposes of influencing the course of legal proceedings and to prevent the selling of justice by the sovereign . . . the guaranty is aimed not merely against bribery and corruption, but against the imposition of unreasonable charges for the use of the courts." (16D CJS, s.v., Constitutional Law, § 1433)

> The *Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."* We have long recognized that the Amendment's Due Process Clause, like its Fifth Amendment counterpart, "guarantees more than fair process." Washington v. Glucksberg, 521 U. S. 702, 719 (1997). The Clause also includes a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." Id., at 720; see also: Reno v. Flores, 507 U. S. 292, 301-302 (1993).

The above Decisions do not State that Failure to Object or Demand Constitutional Rights waives those Rights. **Let Judicial Notice be taken, here that I did Serve all the Named Defendants with (4) Notices of Objection and Demand for a Full Forfeiture Hearing Process.**

### (IV-G) - ( Present Disposition of the Vehicle).

I Object to Continual Seizure of my Vehicle without Fourth Amendment Seizure Warrant

and in Violation of Due process of Law.

### (IV-H) - (Plaintiffs Constitutional Challenges Are Without Merit).

I Must Object Timely here. This Argument has No Legal Merit whatsoever by the Named Defendants. The Constitutional Arguments Claimed here Clearly Prove that the California Vehicle Code Section 14602.1, is Unconstitutional on its Face. The Vehicle Code does Not Afford any Prompt Hearing Process to Challenge Probable Cause of Seizure (Impounding) of Vehicle.

> Mathews, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles..... Krimstock, 2000 WL 1702035, at 36-37. We are troubled by this conclusion. *Neither the arresting officer's unreviewed probable cause determination nor a court's ruling in the distant future on the merits of the City's forfeiture claim can fully protect against an erroneous deprivation of a claimant's possessory interest as his or her vehicle stands idle in a police lot for months or years.*

> seizure without court order abridges constitutional due process. Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337 (1969). See Also: Mathews v. Eldridge, 424 U.S. 319 (1976)

> It is true, of course, that the Fourth Amendment applies to searches and seizures in the civil context, and may serve to resolve the legality of these governmental actions without reference to other constitutional provisions. See Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) (holding that a warrant based on probable cause is required for administrative search of residences for safety inspections); Skinner v. Railway Labor Executives' Assn., 489 U.S. 602 (1989)

> Though the Fourth Amendment places limits on the [ UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43 (1993), 51] Government's power to seize property for purposes of forfeiture, it does not provide the sole measure of constitutional protection that must be afforded property owners in forfeiture proceedings. So even assuming that the Fourth Amendment were satisfied in this case, it remains for us to determine whether the seizure complied with our well settled jurisprudence under the Due Process Clause.

> The practice of ex parte seizure, moreover, creates an unacceptable risk of error. Although Congress designed the drug forfeiture statute to be a powerful instrument in enforcement of the drug laws, it did not intend to deprive innocent owners of their property. The affirmative [ UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, 54 (1993)] defense of innocent ownership is allowed by statute. See 21 U.S.C. 881(a)(7) ("[N]o property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner").

> *The Supreme Court has held that the Fourth Amendment protects claimants against unreasonable seizures of their property in the civil forfeiture context.* See United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993) ("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture .

1  . . ."); see also One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696, 700 (1965)

Unlike a felony charge, for which a "prompt" probable cause hearing must be held or evidence of probable cause must be presented to a grand jury,....., a misdemeanor charge of DWI or Driving on a Suspended License requires no post-arrest determination of probable cause,..."There is no provision for a preliminary or probable cause hearing under the [New York] Criminal Procedure Law in misdemeanor cases."). Moreover, N.Y.C. Code § 14-140 affords the vehicle owner no opportunity for a prompt post-seizure hearing to test probable cause for the vehicle's seizure. Thus, neither New York criminal procedure nor the City's civil forfeiture law allows a DWI defendant or the owner of a vehicle driven by a DWI defendant to challenge promptly the legitimacy of the City's continued custody of the vehicle. IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488 , 2000 WL 1702035.

"automobiles are "effects" under the Fourth Amendment, and searches and seizures of automobiles are therefore subject to the constitutional standard of reasonableness..." Carroll v. United States, 267 U.S. 132 (1925); Preston v. United States, supra, at 366-367; Chambers v. Maroney, 399 U.S. 42 (1970). See also South Dakota v. Opperman, 428 U.S. 364, 367 (1976). UNITED STATES v. CHADWICK, 433 U.S. 1 (1977)

The purpose of an adversary hearing is to ensure the requisite neutrality that must inform all governmental decision making. That protection is of particular importance here, where the Government has a direct pecunary interest in the outcome of the proceeding. 2 See [ UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43 (1993) , 12] Harmelin v. Michigan, 501 U.S. 957, n. 9 (1991) (opinion of Scalia, J.) (slip op., at 19, n. 9) ("[I]t makes sense to scrutinize governmental action more closely when the State stands to benefit"). Moreover, the availability of a post seizure hearing may be no recompense for losses caused by erroneous seizure. See IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035.

James Daniel Good Real Prop., 510 U.S. at 56 (quoting Doehr, 501 U.S. at 15); cf. Shapiro, 424 U.S. at 629 (noting that where irreparable injury may result from a deprivation of property pendente lite, "the Due Process Clause requires . . . an opportunity for some kind of pre-deprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made"). In contrast, for example, to benefits for which full retroactive relief is awarded if a plaintiff ultimately prevails, see, e.g., Mathews, 424 U.S. at 340, an owner cannot recover the lost use of a vehicle by prevailing in a forfeiture proceeding. The loss is felt in the owner's inability to use a vehicle that continues to depreciate in value as it stands idle in the police lot. Cf. Property Clerk v. Duck Jae Lee, 183 Misc. 2d 360, 363, 702 N.Y.S.2d 792, 795 (Sup. Ct. N.Y. Co. 2000) (permitting a secured lender to intervene in a vehicle forfeiture proceeding brought against a DWI arrestee who had defaulted on monthly car payments, so that "the value of the subject car will not continue to depreciate if plaintiff lets the action languish") IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035 .

Which of the above Decisions are without Merit? To which of my Arguments containing the above Decisions are without Merit? The Defendants have made a Very Bold Statement that have Predictably Failed Prove and brings forth Factual Basis for that Statement. To Attack my Arguments without Specifics Facts and Material Facts to back it up is Meit-Less and Frivolous.

## (CONCLUSION)

In Conclusion I want my Property (Vehicle) Returned to me Immediately. I Move the Court to Grant me My Constitutional and Civil Right to have possession of my Vehicle (Private Property). I am the Full and Absolute Owner and I Claim the Right to Possessor of my Property (Vehicle). I Move the Court to Grant me back Possession of my Vehicle (Property).

See: **Mathews**, 424 U.S. at 335.

The Release of My Private Property is a Legal Must Do. Especially when the Government Agency Ordering the Hold (Seizure) of my Vehicle is Lacking Authority by Fourth Amendment Seizure Warrant and Due Process under the Fourteenth Amendment. There is No Authority except California Vehicle Code which does Not Afford any Hearing Remedy whatsoever. Thus, I am Left with No Speedy, or Adequate Remedy within the Normal Court Proceedings. Thus, I Ask this Court to Grant my Prayer for Relief at the Common Law and At-Law. Order for Return of my Vehicle (Private Property) is the Proper and Legal Remedy At-Law and at the Common Law. The Named Defendants have No Lawful Reason to Hold my Vehicle as Hostage for Payment of Storage, Towing and Administrative Fees, without Lawful Justification to Continue that Hold Seizure of my Private Property (Vehicle).

I thus, Move the Court to Draft an Order for the Immediate Return of my Vehicle Free of Towing, Administrative and Storage Fees. The Named Defendants will Not be able to Prevail in their wanting to Continue to Possess my Vehicle, in an Order to Show Cause.

I Move this Court to Grant Immediate Order Releasing my Private Property (Vehicle) or in Alternative and Order to Show why the Vehicle should Not be Released At Once.

**REPLY BRIEF TO DEFENDANTS RESPONSE TO RELEASE OF MY VEHICLE**                    *Page 16 of 17*

Also Properly Served the Defendants brought up in Their Conclusion. The U.S. Marshall Served I Assume a Copy of Summons and Complaint on the Named Defendants. Thus the Defendants must have been Properly Served. The Only Defendants that might not have been Served is the City of Dublin. I am Not however sure that they need to be Served at this point in Time.

**NOTICE OF SERVICE BY MAIL:**

I WILLIAM J. WHITSITT, _William J Whitsitt_, THIS THE _10th_ DAY OF JUNE, 2008, AT _9_ AM, DID SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL:  REPLY BRIEF TO DEFENDANTS RESPONSE RELEASING VEHICLE FREE OF CHARGES OF TOWING AND STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

* DUBLIN POLICE SERVICES, 100 Civic Plaza Dublin, CA  94568

* CENTRAL TOWING AND TRANSPORT   Tow Agency and Tow Operator, FREMONT - Main Office, 36849 San Pedro Drive, Fremont, CA 94536

* Alameda County Sheriff's Office, Attn:   Kelly Martinez - Civil Litigation, Internal Affairs Section 1401 Lakeside Drive, 7th Floor, Oakland, California, 94612.

ALL THE NAMED DEFENDANTS IN COMPLAINT, WHERE SERVED THIS THE _10th_ DAY OF JUNE 2008, AT: _9 AM_, WILLIAM J. WHITSITT, _William J Whitsitt_, DATED: _6-11-08_.

I WILLIAM J. WHITSITT, _William J Whitsitt_, THIS THE _10th_ DAY OF JUNE, 2008, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE BY MAIL.

                              RESPECTFULLY SUBMITTED

                              _William J Whitsitt_
                              WILLIAM J. WHITSITT
                              DATED: June 9, 2008