WILLIAM J. WHITSITT
335 W. CLOVER ROAD
TRACY, CA 95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN PROPRIA PERSONA

FILED Court's Original

08 JUN 11 AM 11:48

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| WILLIAM J. WHITSITT (PLAINTIFF) | Case No: **C08-01802 JSW** |
| ----------------VS-------------- | |
| Sgt. George Lytle Badge # 761 | **RELEASE OF VEHICLE** |
| Central Towing & Transport -TOWING STORAGE CO. | **EXHIBIT - 5** |
| COUNTY OF ALAMEDA | **5TH DEMAND TOW HEARING** |
| City of Dublin Police Services | **DOES NOT SATISFY DUE PROCESS AND PROBABLE CAUSE AND DEMAND FOR FORFEITURE** |
| TOW OPERATOR - CENTRAL TOWING & TRANSPORTING. | **HEARING - NOTICE OF SUIT** SERVED ON NAMED DEFENDANTS APRIL 7, 2008. |
| 10 UNNAMED DEFENDANTS (DEFENDANTS) | |

I WILLIAM J. WHITSITT, DO HEREBY MOVE THE COURT TO ENTER INTO EVIDENCE ALL THE EXHIBITS AND AFFIDAVITS FILED IN THIS INDEX OF FILINGS FOR IMMEDIATE RETURN OF MY VEHICLE. I SUBMIT ALL EXHIBITS AND AFFIDAVITS AS DIRECT EVIDENCE IN THIS MATTER.    NOTE 2 OTHER NOTICES WHERE SENT ALSO. SHOWN UPON DEMAND.

RESPECTFULLY SUBMITTED

*/s/ William J. Whitsitt*
WILLIAM J. WHITSITT
DATED: May 22, 2008

WILLIAM J. WHITSITT
335 W. CLOVER ROAD
TRACY, CA 95376
(209)221-1405

FILE NO: UNKNOWN.

~~March 30, 2008~~

April 2, 2008

DUBLIN POLICE SERVICES
100 CIVIC PLAZE,
DUBLIN, CA 94568

**Vehicle Seized on March 22, 2008 at 14:45 PM**
**Attn: Sgt. George Lytle Badge # 761; CITY OF DUBLIN POLICE SERVICES**; Alameda County Sherif Deputys: Whithall # 429 ; A. Garth # 1340.

**CENTRAL TOWING AND TRANSPORT** - Tow Agency
**FREMONT - Main Office**
36849 San Pedro Drive
Fremont, CA 94536
(510) 797 - 5660 - PHONE
(510) 797 - 6359 - FAX

5th Notice

# NOTICE OF LAWSUIT FOR TOWING OF VEHICLE. 10 DAY NOTICE TO RETURN MY VEHICLE FREE OF CHARGE FOR TOWING, STORAGE AND ADMINISTRATIVE FEES.

TO THE ABOVE NAMED DEFENDANTS YOU I AM GIVING YOU NOTIFICATION THAT A SECTION 1983 LAWSUIT IS BEING FILED AGAINST YOU FOR THE VIOLATION AND DEPRIVATION OF MY CIVIL RIGHTS. LET NOTICE BE TAKEN THAT I AM SUING OVER THE 1971 DODGE PICK UP TRUCK THAT YOU ARE STEALING FROM ME WITHOUT A FORFEITURE - JURY TRIAL HEARING. **YOU CANNOT SELL MY VEHICLE NOW BECAUSE IT IS IN FEDERAL JURISDICTION. I WANT IT BACK NOW FREE OF CHARGES AND TOWING, STORAGE FEES.** THIS IS A MULTI-MILLION DOLLAR SUIT. **YOU HAVE (10) DAYS TO RETURN MY VEHICLE (PRIVATE PROPERTY) BACK TO ME. I DEMAND AS A MATTER OF CIVIL AND CONSTITUTIONAL RIGHT THE RIGHT TO A FULL FORFEITURE - JURY TRIAL HEARING IN FRONT OF A REAL SUPERIOR COURT JUDGE. SEE:**

The majority of the court concluded that, absent exigent circumstances, the Fourth Amendment requires the police to obtain a warrant prior to seizing property that has been used in violation of the Act. Ibid. According to the court, the fact that the police develop probable cause to believe that such a violation occurred does not, standing alone, justify a warrantless seizure. The court expressly rejected the holding of the Eleventh Circuit, see United States v. Valdes , 876 F. 2d 1554 (1989), and the majority of other Federal Circuits to have addressed the same issue in the context of the federal civil forfeiture law, 21 U. S. C. §§881, which is similar to Florida's. See <u>United States v. Decker</u> , 19 F. 3d 287 (CA6 1994) (per curiam); <u>United States v. Pace</u> , 898 F. 2d 1218, 1241 (CA7 1990); United States v. One 1978 Mercedes Benz, 711 F. 2d 1297 (CA5 1983); <u>United States v. Kemp</u> , 690 F. 2d 397 (CA4 1982); <u>United States v. Bush</u> , 647 F. 2d 357 (CA3 1981). But see <u>United States v. Dixon</u> , 1 F. 3d 1080 (CA10 1993); <u>United States v. Lasanta</u>, 978 F. 2d 1300 (CA2 1992); <u>United States v. Linn</u> , 880 F. 2d 209 (CA9 1989).

DEMAND ALL MY FEDERAL RIGHTS AND I WAIVE NONE OF THESE FEDERAL RIGHTS. THAT INCLUDES THE FEDERAL RIGHT AND WAY OF FORFEITURE AS THE DECISION ABOVE REQUIRES. I DEMAND FEDERAL LAW PROCEDURE - SUPREMACY OF FEDERAL LAW. I DEMAND FEDERAL LAW

AND FEDERAL CONSTITUTION PROTECTION WHICH STATE LAW DOES NOT PROTECT. I MAKE MY PLEA TO THE FEDERAL CONSTITUTION AND FEDERAL LAW BY SECTION 1983 SUIT.

Article VI of the Constitution provides that the laws of the United States shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding. Art. VI, cl. 2. Thus, since our decision in M'Culloch v. Maryland, 4 Wheat. 316, 427 (1819), it has been settled that state law that conflicts with federal law is "without effect." Maryland v. Louisiana, 451 U.S. 725, 746 (1981).

## TOW HEARING DOES NOT SATISFY DUE PROCESS FOURTEENTH AMENDMENT AND FOURTH AMENDMENT PROBABLE CAUSE FOR SEIZURE OF MY VEHICLE (PRIVATE PROPERTY)-THIRD NOTICE

I WILLIAM J. WHITSITT, DO HEREBY OBJECT AND PROTEST AND GIVE TIMELY NOTICE THAT TOW HEARING SET FOR TUESDAY, APRIL 1, 2008, DOES NOT SATISFY HEIGHTENED DUE PROCESS FORFEITURE PROCEEDINGS. IT DOES NOT SATISFY FOURTH AMENDMENT SEIZURE REQUIREMENTS. I am unable to attack Police Officers Probable Cause for Seizing my Vehicle (Private Property) and Arresting (Seizing my Person) in San Ramon City and Contra Costa County Jurisdiction.

Heightened Due Process for Civil Forfeiture of Vehicle (Private Property) see:
The purpose of an adversary hearing is to ensure the requisite neutrality that must inform all governmental decision making. That protection is of particular importance here, where the Government has a direct pecuniary interest in the outcome of the proceeding. See: [UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43 (1993), at 45], Harmelin v. Michigan, 501 U.S.957, n. 9 (1991) (opinion of Scalia, J.) (slip op., at 19, n. 9) ("[I]t makes sense to scrutinize governmental action more closely when the State stands to benefit"). Moreover, the availability of a postseizure hearing may be no recompense for losses caused by erroneous seizure.

Fourth Amendment Seizure of Vehicle (30) day Hold Seizure:
It is true, of course, that the *Fourth Amendment applies to searches and seizures in the civil context*, See: Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) In: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993).

Let Notice be taken here that the State of California and Dublin Police Services did Not Serve me with Notice of Seizure (30) day hold on my Vehicle (Seizure of Private Property) in Violation of Fourth Amendment Seizure Warrant, Violation of Fourteenth Amendment Right of Notice and Opportunity to Defend against Unlawful Seizure and Protection of my Right to Possess, use my Private Property (Vehicle).

Let Further Notice be taken here that, I Own, Possess and Use my Vehicle by Civil; Constitutional and Inalienable Right to Liberty and Property. I do Not Drive by State Granted Privilege but by Right. I own my Vehicle (Private Property) by Inalienable Constitutional and Civil Right. Not by State Granted Privilege. I am Not a Corporate Person or Corporate Officer acting under State Granted Privileges. I am Not subject to an Excise Privilege Tax. Thus, I am entitled to Full Remedy of the Inalienable Right to a Full Forfeiture Evidentiary Hearing in front of a Judge not an Administrative Police Hearing Officer.

Because real property cannot abscond, the court's jurisdiction can be preserved without prior seizure. It is true that seizure of the res has long been considered a prerequisite to the initiation of in rem forfeiture proceedings. See: Republic Nat. Bank of Miami United States, 506 U.S. ___, ___ (1992); United States v. One Assortment of 89 Firearms, 465 U.S. 354, 363 (1984). This rule had its origins in the Court's early admiralty cases, which involved the forfeiture of vessels and other movable personal property. See: Taylor v. Carryl, 20 How. 583, 599 (1858); The Brig Ann, 9 Cranch 289 (1815); Keene v. United States, 5 Cranch 304, 310 (1809). Justice Story, writing for the Court in The Brig Ann, explained the justification for the rule as one of fixing and preserving jurisdiction: "[B]efore judicial cognizance can attach upon a forfeiture in rem, . . . there must be a seizure; for until

**DEMAND FOR TOW HEARING AND OBJECTION TO SEIZURE FORFEITURE 2- DUBLIN**   Page 2 of 7

seizure, it is impossible to ascertain what is the competent forum." 9 Cranch, at 291. But when the res is real property, rather than personal goods, the appropriate judicial forum may be determined without actual seizure. [ UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43 (1993) ,at 57]

Plaintiffs in this action essentially seek an early opportunity to test the City's likelihood of success on the merits of the forfeiture action, or what the Supreme Court has termed the "probable validity" of continued deprivation of a claimant's property during the pendency of legal proceedings. Cf. Comm'r v. Shapiro, 424 U.S. 614, 629 (1976) ("[A]t least where irreparable injury may result from a deprivation of property pending final adjudication of the rights of the parties, the Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made."); Fuentes v. Shevin, 407 U.S. 67, 97 (1972) ("Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, . . . it is axiomatic that the hearing must provide a real test. `(D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'") (quoting Sniadach v. Family Fin. Corp., 395 U.S. 337, 343 (1969) (Harlan, J., concurring)).

A Police Hearing Officer Hearing cannot and probably will not provide adequate protection against Bias Decisions against me. Plus a Police Hearing Officer has No Constitutional and Legal Authority to Hear and Determine Probable Cause and Fourth Amendment Seizure. Thus, the Tow Hearing you are Offering to me is Constitutionally Inadequate and does Not Satisfy Due Process, Fourth Amendment Seizure and Forfeiture Hearing Requirements. See: KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000):
Balancing the Mathews factors, we find that the Fourteenth Amendment guarantee that deprivations of property be accomplished only with due process of law requires that plaintiffs be afforded a prompt post-seizure, pre-judgment hearing before a neutral judicial officer to determine whether the City is likely to succeed on the merits of the forfeiture action and whether means short of retention of the vehicle can satisfy the City's need to preserve it from destruction or sale during the pendency of proceedings.

We have previously held that a state remedy is inadequate if it requires the owner of the seized property to go to unreasonable lengths to recover his property. See Lathon v. City of St. Louis, 242 F.3d 841, 844 (8th Cir. 2001) (finding Missouri replevin statute to be inadequate remedy under facts of case).

For reasons discussed more fully below, we disagree with these courts' conclusions. Contrary to the district court's determination in the present case, a warrantless arrest by itself does not constitute an adequate, neutral "procedure" for testing the City's justification for continued and often lengthy detention of a vehicle which may be owned by the arrestee or by someone entirely unconnected with the conduct that gave rise to the arrest. Further, to say that the forfeiture proceeding, which often occurs more than a year after a vehicle's seizure, represents a meaningful opportunity to be heard at a meaningful time on the issue of continued impoundment is to stretch the sense of that venerable phrase to the breaking point. We also consider it a non sequitur to hold, as the Grinberg court did, that because postponing the commencement of a forfeiture action pending the underlying criminal proceeding may not offend due process, retention of the seized vehicle without a hearing throughout that same period, or longer, is constitutionally permissible. The issues of a speedy trial and a prompt retention hearing are not parallel in this context, particularly when less restrictive methods for protecting the City's interest in the allegedly offending res are available. Cf. Lee v. Thornton, 538 F.2d 27, 32 (2d Cir. 1976) ("Deprivation of means of transportation for [substantial] periods requires an opportunity to be heard."); DeBellis v. Property Clerk, 79 N.Y.2d 49, 57, 580 N.Y.S.2d 157, 161 (1992) .

I Demand as a matter of Constitutional and Civil Right the Right to Due Process of Law under the Fourteenth Amendment which Requires a Pre-Tow Hearing before a Towing and Seizing a Vehicle from Contra Costa County and city of San Ramon Jurisdiction. I OBJECT to a Post Towing Hearing as it is Violation of Due Process of Law because my Vehicle is being Held for a (30) day Hold without Notice and Opportunity to Defend and without Fourth Amendment Seizure Warrant. **I Must Timely OBJECT.**
This Court has frequently explained that the particularized warrant requirement is also intended " `to give notice to the person subject to the search what the officers are entitled to seize.' " In the Matter of Seizure of Property Belonging to Talk of the Town Bookstore, Inc., 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting United States v. Marti, 421 F.2d 1263, 1268 (2d Cir. 1970)). Accord United States v. McGrew, 122 F.3d 847, 850 (9th Cir. 1997); United States v. Van Damme, 48 F.3d at 466 (9th Cir.

**DEMAND FOR TOW HEARING AND OBJECTION TO SEIZURE FORFEITURE 2- DUBLIN**    Page 3 of 7

1995)

Thus, Seizure of my Vehicle on a (30) day Hold without Seizure Warrant is Unlawful on its face. The State California Vehicle Code cannot Authorize a Violation of the Fourth Amendment. Seizing of my Vehicle without affording a Judge Supervised Hearing on Forfeiture or (30) day Hold is Unlawful see:

Clearly, the legality of a warrantless seizure is a component of the larger question of the probable validity of continued retention of a seized vehicle. If a seizure lacked probable cause, and the City could offer no untainted post-seizure evidence to justify further retention, the claimant's vehicle would ordinarily have to be released during the pendency of proceedings. Cf. **Marine Midland Bank, N.A. v. United States**, 11 F.3d 1119, 1125 (2d Cir. 1993) ("[C]ourts in this circuit have ordered the return of seized property before the commencement of a [federal] forfeiture trial on the ground that the government lacked probable cause to seize the property at the time of the seizure.").

Sgt. George Lytle read the above decision if you can read. I must OBJECT because California Law does Not Provide for Immediate Pre-Seizure and Post-Seizure Hearing for Forfeiture of my Vehicle (Private Property). I AM ESTABLISHING A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT. YOU CANNOT CLAIM QUALIFIED IMMUNITY WHATSOEVER. SEE: **Wilson v. Layne,** (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818. CITY OF DUBLIN YOU CANNOT CLAIM IMMUNITY WHATSOEVER FROM SECTION 1983.

Thus, I am Objecting and Clear Establishing a Deprivation of Clearly Established Constitutional Right. I put Sgt George Lytle on **Notice for Unlawfully Holding (Seizing) my vehicle for (30) days** and thus causing a Hardship due to Severe Unemployment and Financial Problems a Forfeiture that is Unlawful and Unlawful Seizure in Violation of the Fourth Amendment. Thus a Clearly Established Constitutional and Civil Right Violation is Established. The City of Dublin is also Authorizing this Seizure in Violation of the Fourth Amendment. **He Denied me the Constitutional Right to Notice and Opportunity to Defend and Notice of Seizure of my Vehicle.** The Supreme Court has held that the Fourth Amendment protects claimants against unreasonable seizures of their property in the civil forfeiture context. See: **United States v. James Daniel Good Real Prop.**, 510 U.S. 43, 49 (1993) ("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture . . . ."); see also **One 1958 Plymouth Sedan v. Pennsylvania**, 380 U.S. 693, 696, 700 (1965) (holding that the exclusionary rule under the Fourth Amendment applies to civil forfeiture proceedings); cf. In re **Seizure of All Funds in Accounts in Names Registry Publ'g, Inc.**, 68 F.3d 577, 580 (2d Cir. 1995) ("In order to seize property under [federal civil forfeiture law], the government must demonstrate that there was probable cause to believe that the property is subject to forfeiture."); **United States v. Daccarett**, 6 F.3d 37, 49 (2d Cir. 1993) ("[T]his circuit requires seizures made pursuant to [federal civil forfeiture law] to comport with the fourth amendment."); **United States v. $37,780 in U.S. Currency**, 920 F.2d 159, 162 (2d Cir. 1990).. In KRIMSTOCK v SAFIR, Docket No. 00-9488, (2nd Cir 2002)

**I was also Denied by Sgt. George Lytle Badge No 761, The Notice that my Vehicle (Private Property) was being Stored (Seized) for 30 days without Seizure Warrant.** No showing California Vehicle Code Authority Fourth Amendment Seizure Warrant. I am **Establishing a Clearly Established Constitutional and Civil Right, Deprivation and Violation**. See: **Saucier v. Katz,** (U.S. 2001), 533 U.S. 194; P.B. v. Koch, C.A.9 (Idaho) 1996, 96 F.3d 1298; **Wilson v. Layne,** (U.S. Md. 1999) 526 U.S. 603. Thus waiving Qualified Immunity Defense. The City of Dublin has No Qualified Immunity Defense. I Demanded the Right to Notice of Where and who my Property was being held by. (March 24th, 2008 at 2:42 PM). **I Demanded for my Vehicle (Private Property) to be Relased.. (Bob Howard is a Witness of this Denial). (Myself also).**

**Unlawful Tow and Seizing of my Vehicle (Private Property) outside of City and County Jurisdiction.** The Stop for the Alleged Vehicle Code Violation took place over a 1/4 mile in Contra Costa County and the city of San Ramon Jurisdiction. The Lights came on clearly outside the Jurisdiction and Authority of Alameda County and the City of Dublin. I have several witnesses of this that will testify to this besides myself. Thus the Police Officers clearly Violated their Lawful Jurisdiction and Authority as City of Dublin Police Officers. City and County Jurisdiction is limited to Territorial Jurisdiction of within those boundaries. You will then say that they are State

Officer but they are not. They have Authority and Jurisdiction to Arrest within their Territorial Boundaries only. The State Police Powers anywhere in California they do not possess. Thus, Clearly they acted outside of their Lawful City of Dublin and Alameda County Police Powers. There is Not Immunity Defense for acting outside of Lawful Authority and Jurisdiction. See: Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) Qualified Immunity " `shield[s] [government agents] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Behrens v. Pelletier, 516 U.S. 299, 305 (1996) (quoting: Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

At the Common Law 2 witnesses besides myself establish a Material Fact of Law. Police Officers are inherently liers and bearers of False Testimony. Thus I will invoke the Hostel Witness Rule. I have 2 witnesses besides myself who are witnesses of where the stop and Siezure took place in Contra Costa County and the City of San Ramon. Witnesses: **(Richard Lincoln) (Steven V. Swift) ( Michael Swift) (Myself also)**.

I am a Constitutionalist and a Citizen Freeman and I am Not Required to have Privilege to drive my vehicle upon the Public Roads and Highways. I am Establishing this Material Fact and Foundation before Section 1983 Suit is filed.

Thus a Post Deprivation Hearing will Not Satisfy Due Process requirements. See: Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982). Seeking redress through a tort suit is apt to be a lengthy and speculative process, which in a situation such as this one will never make the complainant entirely whole." Parratt v. Taylor, 451 U.S. 527 (1981), Id. at 436-37. Parratt was a property loss case and while Ingraham was a liberty case the holding there was not that, standing alone, a tort remedy was an adequate process. It is not clear, therefore, that a tort remedy could ever be an adequate substitute for some kind of hearing in a liberty loss situation. Parratt v. Taylor, 451 U.S. 527 (1981). Thus the Informal Police Officer Hearing for Unlawful Tow Action will Not Satisfy Due Process and Common Law Right. Under California law, city has burden of persuasion to demonstrate that seizure of motor vehicle is valid. West's Ann. Cal. Vehicle Code § 22852.

Seizing of my Vehicle (Private Property) for (30) days, which is owned by Civil and Constitutional and Inalienable Right, is Not Valid unless Seized by Fourth Amendment Seizure Warrant. "...this Court has frequently explained that the particularized warrant requirement is also intended " `to give notice to the person subject to the search what the officers are entitled to seize.' " In the Matter of Seizure of Property Belonging to Talk of the Town Bookstore, Inc., 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting United States v. Marti, 421 F.2d 1263, 1268 (2d Cir. 1970)). Accord United States v. McGrew, 122 F.3d 847, 850 (9th Cir. 1997); United States v. Van Damme, 48 F.3d at 466 (9th Cir. 1995).

I mus OBJECT Timely and Protest to Establish a Clear Constitutional and Civil Right Violation and Deprivation, of Seizing my Vehicle (Private Property) without Fourth Amendment Seizure Warrant and Notice and Hearing for Notice and Opportunity to Defend. Sgt. George Lytle you given Warning and Notice of Clearly Established Constitutional and Civil Right Violation. Let also the City of Dublin and County of Alameda also Take Notice and Warning of Clearly Established Constitutional and Civil Right. Let also the Tow Operator take the same Notice and Warning.

**Let further Notice be Taken here, that Severe Hardship and Economic and Financial Hardship is Claimed.** Witnesses: **(Richard Lincoln) (Steven V. Swift) (Michael Swift) (Bob Howard) (Myself also)**

Let Notice be taken here, that the Vehicle Code states that the Question of Legality of Tow and Authority of Tow is on the Police Agency. Thus the Dublin Police Services must prove its Authority and Justification to Tow and Seize my Vehicle Property. See: Under California law, city has burden of persuasion to demonstrate that seizure of motor vehicle is valid. West's Ann. Cal. Vehicle Code § 22852.

The Police (Sherif Deputy) lacked Probable Cause for Vehicle Code Tow and Seizure upon Private Property Parking Lot. See: Gasho v. United States , 39 F.3d 1420, 1438-39 (9th Cir. 1994). See also: Adams v. Williams, 407 U.S. 143, 148 and Terry v. Ohio, 392 U.S. 34. "Where police lack probable cause to make arrest, arrestee has claim under § 1983 for false imprisonment based on detention pursuant to that arrest." Groman v. Township of Manalapan, 47 F3d 628 (3rd Cir. 1995)

**DEMAND FOR TOW HEARING AND OBJECTION TO SEIZURE FORFEITURE 2- DUBLIN**   Page 5 of 7

The Individual operating or an automobile does not lose able expectation of privacy cause automobile and its use to government regulations. **State of Delaware v. Prouse,** Del. 1979, 99 S. Ct 1391, 440 U.S. 648, 59 L.Ed.2d 660.

Let Notice be taken here that I did OBJECT and state that he was Arresting and Seizing my person and Towing and Seizing my Vehicle Property without Probable Cause and Vehicle Code Authorization outside of City of Dublin and County of Alameda Jurisdiction. Thus Qualified Good Faith Immunity is Waived. A court evaluating claim of Qualified Immunity, must first determine whether the plaintiff has alleged a deprivation of an actual constitutional right at all, if so, proceed to determine whether that Right was clearly established at the time of alleged violation. **Wilson v. Layne,** (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818. See also: **P.B. v. Koch,** C.A.9 (Idaho) 1996, 96 F.3d 1298. Tow was Unlawful and Wrongful Intentional Act of Deprivation of my Civil and Constitutional Rights. The Police (Sherif Deputy) must have Known that her action was in Violation of my Clearly Established Constitutional and Civil Rights. Thus, Good Faith Immunity is Waived by Intentional Deprivation of a My Civil and Constitutional Rights.

Towing and Seizing of my Person and Vehicle Property CLEARLY outside of Territorial Jurisdiction of City of Dublin and Alameda County without Justification and Authority of Vehicle Code and Penal Code renders action Unlawful, Wrongful, Deliberate, Intentional, Knowing and Wanton. Using of Police Powers in Violation of and in excess of Authority is Waiver of Immunity and it violates Federal and California State Law. Due process required that, prior to seizure of automobile from private lot as allegedly abandoned motor vehicle, village had to first provide vehicle owner, whose identity could readily be determined from vehicle's license plates, with adequate notice and opportunity for hearing. **U.S.C.A. Const.Amend. 14. Perry v. Village of Arlington Heights,** 905 F.Supp. 465. West's Ann. **Cal. Vehicle Code § 22852.** Witnesses: **(Richard Lincoln) (Steven V. Swift) (Myself also).**

I Demand as a Matter of Civil and Constitutional Right a TOW HEARING JUSTIFICATION and a False and Unlawful Arrest Hearing. I also make Notice of OBJECTION to False and Unlawful Arrest, Wrongful and Unlawful Towing and Seizing of my Vehicle Property. See: **Mathews v. Eldridge,** 481 U.S. 252 (1987). **Logan v. Zimmerman Brush Co.,** 455 U.S. 422, 435-36 (1982). **Parratt v. Taylor,** 451 U.S. 527 (1981). "...where a temporary deprivation would be less severe and the opposing interest is important, the hearing may come later,\277\ **Arnett v. Kennedy,** 416 U.S. 134 (1974); **Mathews v. Eldridge,** 424 U.S. 319 (1976); **Barry v. Barchi,** 443 U.S. 55 (1979). "...so long as it is promptly assured. **Barry v. Barchi,** Id. at 66.

Forfeiture without Fourth Amendment Seizure Warrant and or Forfeiture Hearing is a Violation of my Clear Established Constitutional and Civil Rights. You have No Excuse I have Clearly Established my Constitutional Right at the Time of the Unlawful Seizure and Holding of my Vehicle (Private Property).

I Demand that the City of Dublin Return my Vehicle at once (NOW) without Tow and Storage Fees and pay a Damage award of $ 1,500.00 Five Hundred Dollars per day for loss and enjoyment of Vehicle Use. I further Demand $ 25,000.00 Twenty Five Thousand Dollars for Unlawful and False Arrest. I Move and Demand that the City of Dublin Grant all Remedies Demanded for. I Demand that the City of Dublin Grant all Remedies Demanded for within (15) Fifteen Days of Receipt of this Notice.

**I DEMAND THAT MY VEHICLE BE RELEASED FREE OF CHARGE FOR UNLAWFUL TOW AND SEIZURE WITHOUT PROBABLE CAUSE.**

Let Notice be Taken Here Officers Alameda County Sherif Deputies: Whithall # 429 ; A. Grarth # 1340, Section 1983 Suit is being filed against you also. **This is Notice of Suit.**

I WAS NOT SENT NOTICE BY THE STATE OF CALIFORNIA THAT MY VEHICLE WOULD BE SEIZED AND HELD FOR (30) DAYS, AS IS REQUIRED BY VEHICLE CODE AND DUE PROCESS OF LAW. NOTICE AND OPPORTUNITY TO DEFEND. THE CITY OF DUBLIN HAS NOT GIVEN ME NOTICE. SEE: **Washington v. Glucksberg,** 521 U. S. 702, 719 (1997); **Reno v. Flores,** 507 U. S. 292, 301-302 (1993).

## NOTICE OF SERVICE OF PROCESS

**NOTICE OF SERVICE BY MAILING AND FAX:**

I WILLIAM J. WHITSITT, _William J Whitsitt_, THIS THE _7th_ DAY OF APRIL 2008, DID PERSONALLY SERVE BY FAX AND MAILING: THE CITY OF DUBLIN AND POLICE DEPARTMENT WITH THIS: DEMAND FOR TOW HEARING AND HEARING FOR FALSE AND UNLAWFUL ARREST AND OBJECTION TO SEIZURE AND HOLD UNLAWFULLY WITHOUT FOURTH AMENDMENT SEIZURE WARRANT AND FORFEITURE HEARING 2nd Notice. I DID SERVE DUBLIN POLICE SERVICES AND CENTRAL TOWING AND TRANSPORTING - TOW AGENCY.

**POOF OF SERVICE BY FAX:**

I WILLIAM J. WHITSITT, _William J Whitsitt_, THIS THE _7th_ DAY OF APRIL 2008, DID SERVE BY FAX: DEMAND FOR TOW HEARING AND HEARING FOR FALSE AND UNLAWFUL ARREST AND OBJECTION TO SEIZURE AND HOLD UNLAWFULLY WITHOUT FOURTH AMENDMENT SEIZURE WARRANT AND FORFEITURE HEARING Second Notice. I DID FAX IT TO DUBLIN POLICE SERVICES AT: 1(925) 828-2893 AT: _1:18 PM_ ON: _April 7th, 2008_; TO CENTRAL TOWING AND TRANSPORTING AT: 1(510)797-6359 _1:30 PM April 7, 2008._

**PROOF OF SERVICE BY MAIL:**

I WILLIAM J. WHITSITT, _William J Whitsitt_, THIS THE _7th_ DAY OF APRIL 2008, DID SERVE A TRUE COPY OF THIS: DEMAND FOR TOW HEARING AND HEARING FOR FALSE AND UNLAWFUL ARREST OF FORFEITURE BY MAIL. I DID DEPOSIT IT POSTAGE PREPAID VIA CERTIFIED MAIL AT: _4:30 PM_ TRACY POST OFFICE ADDRESSED TO: CITY OF DUBLIN POLICE SERVICES, ATTN: SGT. GEORGE LYTLE, CITY OF DUBLIN, AT: 100 CIVIC PLAZA, DUBLIN, CA 94568. AT: CENTRAL TOWING AND TRANSPORTING - TOW AGENCY AT: 36849 San Pedro Drive, Fremont, CA 94536

RESPECTFULLY SUBMITTED

_William J Whitsitt_
WILLIAM J. WHITSITT
DATED: ~~March 30, 2008~~ April 7, 2008

# Fax

To: <u>Central Towing & Transporting</u> From: <u>William J Whitsett</u>

Fax: <u>510 797 6359</u>   Phone: <u>209-221 1405</u>

Phone: _____   Date: <u>4-7-08</u>

Re: <u>1971 Dodge Power Wagon Pick Up</u>   Pages: <u>10</u>
<u>Notice of Section 1983</u>

☒ Urgent   ☐ Review   ☐ Comment   ☐ Reply   ☐ Recycle

Messages:

---

| Telephone Number | Mode | Start | Time | Page Result | Note |
|---|---|---|---|---|---|
| 915107976359 | NORMAL | 7,13:24 | 5'45" | 10 | * O K |

Apr 7 2008 13:30

P.1

\*\*\* Transmit Conf. Report \*\*\*

EDD TRACY WORKNET CTR   Fax:209-833-1027

# Fax

To: Dublin Police Services       From: William J Whitsitt

Fax: 1925 828 2893             Phone: 209 221 1405

Phone:                          Date: 4-7-08

1971 Dodge Power Wagon

Re: Notice of Suit            Pages: 10

☒ Urgent   ☐ Review   ☐ Comment   ☐ Reply   ☐ Recycle

Messages:

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

*** Transmit Conf. Report ***

| Telephone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 9192582882893 | NORMAL | 7,13:12 | 5'48" | 10 | * O K | |

Apr 7 2008 13:18

P.1

EDD TRACY WORKNET CTR Fax:209-833-1027