RICHARD E. WINNIE [68048]
County Counsel
DIANE C. GRAYDON [164095]
Deputy County Counsel
Office of the County Counsel County of Alameda
1221 Oak St., Suite 450
Oakland, CA 94612
Telephone:     (510) 272-6700
Facsimile:      (510) 272-5020

Attorneys for Defendant County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT<br><br>               Plaintiff,<br><br>  vs.<br><br>SGT. GEORGE LYTLE BADGE # 761;<br>CENTRAL TOWING & TRANSPORT;<br>COUNTY OF ALAMEDA; CITY OF DUBLIN<br>POLICE SERVICES; TOW OPERATOR; and<br>10 Unnamed Defendants.<br><br>            Defendants. | Case No.:  C08-01802 JSW<br><br>DEFENDANT COUNTY OF ALAMEDA'S<br>NOTICE OF MOTION TO DISMISS<br>PURSUANT TO FRCP 12(b)(6), OR<br>ALTERNATIVELY, MOTION FOR A<br>MORE DEFINITE STATEMENT AND<br>MOTION TO STRIKE<br><br>Date:  August 29, 2008<br>Time:  9:00 am<br>Courtroom: 2 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 29, 2008 at 9:00am, in Courtroom 2, 17th

Floor of the United States District Court at 450 Golden Gate Avenue, San Francisco, CA,

Defendants COUNTY OF ALAMEDA, SGT. GEORGE LYTLE BADGE # 761, ALAMEDA

COUNTY SHERIFF'S OFFICE  [erroneously sued herein as "CITY OF DUBLIN POLICE

SERVICES"] (hereinafter "County Defendants") will and hereby do move the Court for an order

granting dismissal of the Complaint pursuant to Federal Rule of Civil Procedure("FRCP")

---

*Whitsitt v. Lytle et al, C08-01802 JSW*
*Defendants' Notice of Motion and Motion to Dismiss*                                        1

1    12(b)(6), or alternatively, requiring a more definite statement pursuant to FRCP 12(e) and

2    motion to strike pursuant to FRCP12(f).

3         This motion is made on the grounds that Plaintiff's Complaint lacks sufficient factual

4    allegations to support a claim for relief against the County Defendants under 42 U.S.C § 1983;

5    is vague, ambiguous, redundant, immaterial and unintelligible; and for all the reasons set forth

6    in the Memorandum of Points and Authorities accompanying the motion.

7         Said Motion will be based on this Notice, the Memorandum of Points and Authorities,

8    the allegations of Plaintiff's Complaint, the papers and records on file herein, and on such oral

9    and documentary evidence as may be presented at the hearing of the motion.

10   DATED:         *June 17, 2008*                    RICHARD E. WINNIE

11                                                     County Counsel in and for the County of
                                                       Alameda, State of California
12

13                                                     By _____

14                                                        DIANE C. GRAYDON
                                                          Deputy County Counsel
15                                                        Attorneys for County Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..7

A.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . .. . .  7

    a.  12(b)(6) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

    b.  Plaintiff Has Failed to Allege Sufficient Facts  to State a Section
    §1983 Claim against County Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
        i.  *Plaintiff Has Failed to Allege Facts to Support a Violation*
        *of His Constitutional Rights by County Defendants' Policies,*
        *Customs, or Practices* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
        ii.  *Plaintiff Has Failed to Identify A Constitutional Right*
        *That Was Violated.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

                1.  **Impoundment Did Not Violate Plaintiff's**
                    **Constitutional Rights** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
                2.  **Tow Hearing Did Not Violate Plaintiff's**
                    **Constitutional Rights** . . . . . . . . . . . . . . . . . . . . . . . . . .  10

    c.  Plaintiff's Complaint Fails to State a Cause of Action against
     Defendant LYTLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

B.  IN THE EVENT THE COMPLAINT IS NOT DISMISSED, THIS COURT
SHOULD ORDER PLAINTIFF TO FILE A MORE DEFINITE STATEMENT . . . . . . . . . . . . 12

    a.  FRCP 8 Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . 12

    b.  12(e) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

    c.  Plaintiff's Complaint is So Indefinite that Defendants Cannot
    Be Expected to Frame a Proper Response in Good Faith Without
    Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        i.  *Plaintiff's Complaint Fails to Identify the Statute He Claims*
        *is Facially Unconstitutional.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        ii.  *This Court Should Order Plaintiff to File a Clear*
        *and Concise Pleading.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C. PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN PER FRCP  12(f).  . . . . . . . . . .. . . .14
    a.  12(f) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

    b.  This Court Should Strike Plaintiff's Entire Complaint . . . . . . . . . . . . . . . . . . . . 15

    c.  In the Alternative, This Court Should Strike All References to the Arrest . . . . . . . 15

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

---

*Whitsitt v. Lytle et al, C08-01802 JSW*
*Defendants' Notice of Motion and Motion to Dismiss*                                    3

**TABLE OF AUTHORITIES**

**Federal Statutes**

42 U.S.C § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8

FRCP 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 5, 7, 8, 16

FRCP 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 13, 16

FRCP 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 14


**Federal Case Law**

*Arnold v. Int'l Business Machines Corp.,* (9th Cir. 1981) 637 F2d 1350, 1355 . . . . . . . . 9

*Associated General Contractors of California, Inc. v. California State Council of Carpenters* (1983) 459 U.S. 519, 526 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Barrett v. City of Allentown,* (1993) 152 F.R.D. 50, 52 . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240 . . . . . . . . . . . . . . . . . . 7, 9

*Lee v. City of Los Angeles,* 250 F3d 668, 681-682 (9th Cir, 2001) . . . . . . . . . . . . . . . . 8

*Monell v. Dep't of Social Services.,*(1978) 436 U.S. 658, 691 . . . . . . . . . . . . . . . . . .8, 9

*Navarro v. Block* (9th Cir. 2001) 250 F. 3d 729, 732 . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Neitzke v. Williams* (1989) 490 U.S. 319, 327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Newman v. Sathyavaglswaran* (9th Cir. 2002) 287 F.3d 786, 788 . . . . . . . . . . . . . . . . 7

*Reddy v. Linton Ind.,* (9th Cir. 1990) 912 F.2d 291, 293, *cert denied,* 502 US 921(1991). 7

*Saucier v. Katz,* (2001)  533 U.S. 194, 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Scofield v. Hillsborough,* (9th Cir. 1988) 862 F.2d 759, 764 . . . . . . . . . . . . . . . . . . . . . 10

*SEC v. Digital Lightwave,* (2000) DC FL) 196 F.R.D. 698, 700 . . . . . . . . . . . . . . . . . 13

*Siegert v. Gilley* (1991) 500 U.S. 226, 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sun Co., Inc. v. Badger Design* (ED Pa 1996) 939 F. Supp. 365 . . . . . . . . . . . . . . . 13

*Transphase Systems, Inc. v. So. Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718 . 7, 9


**California Statutes**

Cal. Veh. Code §14601.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Veh. Code §14602.6(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Cal. Veh. Code 22651(h)(1)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cal. Veh. Code § 22852 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

**Other Citations**

W. Prosser, Law of Torts § 41 at 238-239 (4th ed, 1971) . . . . . . . . . . . . . . . . . . . . . 9

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant COUNTY OF ALAMEDA, SGT. GEORGE LYTLE BADGE # 761, ALAMEDA COUNTY SHERIFF'S OFFICE [erroneously sued herein as "CITY OF DUBLIN POLICE SERVICES"] (hereinafter "County Defendants") by and through the Office of County Counsel, hereby move to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6), or alternatively, for a more definite statement pursuant to FRCP 12(e) and to strike portions of the Complaint pursuant to FRCP 12(f).

### I. INTRODUCTION

On April 3, 2008, Plaintiff WILLIAM WHITSITT ("Plaintiff") filed a Complaint asserting a federal civil rights claim pursuant to 42 U.S.C § 1983 for the "unlawful and wrongful seizing of my vehicle under color of state law." The Complaint alleges that on or about March 23, 2008, Defendant Dublin Police Services "(DPS") towed Plaintiff's 1971 Dodge Power-wagon in violation of his constitutional due process rights. Plaintiff claims that DPS violated his 4th Amendment rights by not obtaining a warrant prior to the seizure of his vehicle. Plaintiff further contends that the *unidentified* statute that requires a 30 day civil hold is unconstitutional on its face because it does not provide a notice and opportunity to be heard before a state court judge and jury. Plaintiff further appears to challenge the driver's licensing system and any legislation which would allow seizure of his personal property or limit his right to travel the public highways.

Plaintiff's 28 pages of allegations are interposed with cut-and-paste legal citations, conclusory allegations and random assertions of private individual rights. As drafted, the allegations of plaintiff's complaint mix a fantasy-based view of both plaintiff's legal rights as well as the jurisdiction of this Court. The result is a nontraditionally worded and indecipherable Complaint, to which County Defendants are challenged to respond. It is impossible to articulate a substantive answer to the allegations. Thus, in addition to the other problems warranting dismissal with prejudice, it should be dismissed on the basis of fatal uncertainty pursuant to FRCP 12(b)(6). In the alternative, this Court should order Plaintiff to file a more

definite statement pursuant to FRCP 12(e) and grant Defendants' motion to strike all redundant and immaterial statements therein pursuant to FRCP 12(f).

## II. STATEMENT OF FACTS

On or about March 23, 2004, Plaintiff was pulled over by the Dublin Police Services ("DPS") while driving his 1971 Dodge Powerwagon (the "Vehicle"). (Complaint, at 2:17-19, 5:9) A warrant check revealed that Plaintiff was operating a vehicle on a suspended license, and already had a warrant out for the same infraction. (Complaint, at 6:1-6)  On this basis, officers placed Plaintiff under arrest and had the Vehicle impounded. (Complaint, at 11:12-15) Per "state law and local ordinance", the Vehicle was ordered to be held for 30 days. (Complaint, at 3:9)  Plaintiff claims that there was no probable cause for the initial stop and arrest of his person, but that "the false and unlawful arrest are not on trial with this separate cause of action against individual police officer George Lytle Badge No. 761." (Complaint 12:9-14). Plaintiff has filed a separate action for the alleged unlawful arrest in this court. (Complaint, at 17:11-14; ND CAL Case No. C08-01803.)

Plaintiff came to the DPS office the following day demanding the return of his Vehicle without charge. (Complaint, at 11:11-13) His request was denied because California law requires that the Vehicle be held for thirty days following such an arrest. (Complaint, at 12-15.) At his request, DPS scheduled a Tow Hearing and mailed him the formal Notice of Tow Hearing.  (Complaint, at 15:6-9)

The Tow Hearing was held on April 1, 2008. (Complaint, at 16:18) Plaintiff's appeal of the tow circumstances was apparently denied at hearing on the determination that the underlying arrest and impoundment were valid. (Complaint, at 16:7-8)  However, the hearing officer determined that Plaintiff's Notice of Tow Hearing had been mailed two days late, and so agreed to hold the Vehicle for only fifteen days instead of thirty. (Complaint, at 16:15)  After that point, Plaintiff was free to "pay the $150 dollar administration fee" and negotiate the release of his vehicle with the towing company. (Complaint, at 16:12-14). Plaintiff  was unable to pay the "towing and storage fees of well over $1500." (Complaint, at 4:18)  He contends that given his

financial hardships, the impoundment "would in reality be a forfeiture under the color of state law." (Complaint, at 4:16)  From each Defendant, Plaintiff demands $1500 in actual damages and $350,000 in punitive damages.

### III. ARGUMENT

D.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

    a.  12(b)(6) Standard

    Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." (Fed. R. Civ. P. 12(b)(6).) A claim must be dismissed when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (*Neitzke v. Williams* (1989) 490 U.S. 319, 327.) In reviewing a complaint under Rule 12(b)(6), all allegations of material fact must be taken as true. (*Newman v. Sathyavaglswaran* (9th Cir. 2002) 287 F.3d 786, 788.) The Court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. (*In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240,  *Transphase Systems, Inc. v. Southern Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718.)

    Courts, however, will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." (*Associated General Contractors of California, Inc. v. California State Council of Carpenters* (1983) 459 U.S. 519, 526.) Dismissals under Rule 12(b)(6) are proper when there is a lack of a cognizable theory or an absence of sufficient facts alleged under a cognizable legal theory. (*Navarro v. Block* (9th Cir. 2001) 250 F. 3d 729, 732.)

    Further, under Federal Rule of Civil Procedure 12(b)(6) a complaint should be dismissed where it appears with certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *(Reddy v. Linton Indus,* (9th Cir. 1990) 912 F.2d 291, 293, *cert denied*, 502 US 921 (1991).   As set forth below, Plaintiff's claims in this case are barred by

1    either and/or all of the above FRCP 12(b)(6) grounds.  Hence, his Complaint must be dismissed

2    for failure to state a cause of action.

3         b.  Plaintiff Has Failed to Allege Sufficient Facts to State a Section §1983 Claim
             against County Defendants

4

5              i.  Plaintiff Has Failed to Allege Facts to Support a Violation of His
                   Constitutional Rights by County Defendants' Policies, Customs, or Practices

6    A public entity is only liable under 42 U.S.C § 1983 where it has a policy, custom or

7    practice that violates the constitutional rights of an individual. *Monell v. Dep't of Social*

8    *Services.*, 436 U.S. 658, 691(1978).  It bears no vicarious liability for the acts or omissions of,

9    for example, employees. (*Ibid.*)  "[T]o prevail on their § 1983 claims, plaintiffs must have

10   sufficiently alleged that: (1) they were deprived of their constitutional rights by defendants and

11   their employees acting under color of state law; and (2) that the defendants have customs or

12   policies which 'amount[] to deliberate indifference' to their constitutional rights; and (3) that

13   these policies are the 'moving force behind the constitutional violation.'" *Lee v. City of Los*

14   *Angeles*, 250 F3d 668, 681-682 (9th Cir, 2001).

15   The "policy" Plaintiff seeks to hold County Defendants liable for is a policy of following

16   California law. In California, "[w]henever a peace officer determines that a person was driving a

17   vehicle while his or her driving privilege was suspended or revoked, ... the peace officer may

18   either immediately arrest that person and cause the removal and seizure of that vehicle ..... A

19   vehicle so impounded shall be impounded for 30 days." (Cal. Veh. Code §14602.6(a)(1).)

20   Applicable notice and hearing requirements are set forth in Cal. Veh. Code § 22852, with which

21   Plaintiff concedes County Defendants substantially complied setting a "Tow Hearing" on his

22   demand. (Complaint, at 15:6-7.)

23   Plaintiff's contends that "the seizing and (stealing) of vehicles unlawfully in violation of due

24   process of law, has become a multi billions of dollars industry" under "color of law". (Complaint,

25   at 7:14-17).  He then asserts that the "City of Dublin Police Services probably shares in about 5

26   to 10 millions of dollars per year" for such towing and impoundment. (Complaint, at 24-26.)

27

28   Beyond his assertion that the underlying arrest was invalid, which he states is not at issue here

*Whitsitt v. Lytle et al, C08-01802 JSW*
*Defendants' Notice of Motion and Motion to Dismiss*                                          8

because he brought a separate suit in federal court to challenge his arrest, his only claim is that County Defendants were following what he asserts is a facially unconstitutional law.

Quite simply, there is no *Monell* liability for County Defendants' adherence to state arrest and impoundment procedures. As such, Plaintiff has failed to state a cause of action against County Defendants.

> ### ii.   Plaintiff Has Failed to Identify A Constitutional Right That Was Violated.

"The causation requirement of section 1983 is not satisfied by a showing of mere causation in fact. *See* W. Prosser, Law of Torts § 41 at 238-239 (4th ed, 1971). Rather, the plaintiff must establish proximate or legal causation." *Arnold v. Int'l Business Machines Corp.,* 637 F2d 1350, 1355 (9th Cir. 1981). Defendants' acts must be the proximate cause of the injury. (*Ibid.*) The Court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240,  *Transphase Systems, Inc. v. Southern Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718.

Plaintiff states that Defendant LYTLE ordered that Plaintiff's vehicle be held for 30 days "under the color and guise of state law and local ordinance." (Complaint at 3:7-9). The crux of Plaintiff's Complaint is that his vehicle was seized without a warrant and without a pre-seizure probable cause hearing. (Complaint, at 3:22 and 4:6-7) He incorrectly contends that the Fourth Amendment requires either a "probable cause hearing in front of [a] state court judge" or a "seizure warrant" *before* his vehicle can be held. This is not required.

Plaintiff's mere conclusions are not only insufficient, most are also incorrect and contradictory. As such, County Defendants' actions were consistent with state law and satisfied Plaintiff's due process protections as specifically discussed below.

//

//

//

//

1

**1.  Impoundment Did Not Violate Plaintiff's Constitutional Rights**

2     County Defendants acted within California law in arresting Plaintiff and impounding his

3  Vehicle.

4         "A peace officer… may remove a vehicle located within the
   territorial limits in which the officer or employee may act, under the
5  following circumstances…(h)(1) When an officer arrests a person driving
   or in control of a vehicle for an alleged offense and the officer is, by this
6  code or other law, required or permitted to take, and does take, the person
   into custody." (Cal. Veh. Code 22651(h)(1).)
7

8         "Whenever a peace officer determines that a person was driving a
   vehicle while his or her driving privilege was suspended or revoked, … the
9  peace officer may either immediately arrest that person and cause the
   removal and seizure of that vehicle ….. A vehicle so impounded shall be
10  impounded for 30 days." (Cal. Veh. Code §14602.6(a)(1).)

11     Plaintiff was pulled over while driving his Vehicle. (Complaint, at 2:17-19, 5:9)  A

12  warrant check revealed that Plaintiff was operating a vehicle on a suspended license, and

13  already had a warrant out for the same infraction. (Complaint, at 6:1-6)  On this basis, officers

14  placed Plaintiff under arrest and had the Vehicle impounded. (Complaint, at 11:12-15) Per

15  "state law and local ordinance", the Vehicle was ordered to be held for 30 days. As such, a

16  thirty day hold is *required* by Cal. Vehicle Code § 14602.6(a)(1) when, as here, the driver is

17  arrested for driving on a suspended license and the vehicle is impounded. (Complaint, at 3:9)

18

**2.  Tow Hearing Did Not Violate Plaintiff's Constitutional Rights**

19     County Defendants provided Plaintiff with the opportunity for a post-storage "Tow

20  Hearing" in substantial compliance with the statutory scheme. "Whenever an authorized

21  member of a public agency directs the storage of a vehicle… the agency or person directing

22  the storage shall provide the vehicle's registered and legal owners of record, or their agents,

23  with the opportunity for a poststorage hearing to determine the validity of the storage." (Cal.

24  Veh. Code § 22852(a).  A notice shall be mailed within 48 hours of the impoundment, and if a

25  request is made, a hearing shall be held within ten days of such request. (Cal. Veh. Code §

26  22852(b).  Moreover, a tow hearing under Cal. Vehicle Code § 22852 "satisfies due process

27  concerns." (*Scofield v. Hillsborough,* (9th Cir. 1988) 862 F.2d 759, 764).

28

---

*Whitsitt v. Lytle et al, C08-01802 JSW*
*Defendants' Notice of Motion and Motion to Dismiss*                                       10

Plaintiff personally appeared before County Defendant DPS and LTYLE the day following his arrest and requested that the Vehicle be release immediately. (Complaint, at 11:11-13) While no notice had yet been mailed, County Defendants on Plaintiff's verbal request set a hearing within the ten day period, for April 1, 2008. (Complaint, at 15:6-9) Plaintiff was allowed to testify extensively before the Tow Hearing Officer, but was not permitted to have witnesses testify on his behalf. (Complaint, at 15:12 – 16:17.) Plaintiff's challenge of the validity of the impoundment failed because County Defendants were allowed to hold Plaintiff's Vehicle for 30 days incident to an arrest pursuant to Cal. Veh. Code § 14601.2. (Complaint, at 16:7-8) Because the statutory notice of right to a hearing had been mailed two days late, despite the timely scheduling of the hearing, the Tow Hearing Officer agreed to impound Plaintiff's vehicle for only fifteen days, instead of the statutory thirty. (Complaint, at 16:15-16). Plaintiff was able to pick up his Vehicle on April 8, 2008. (Id.)

Plaintiff was provided with his requested "Tow Hearing." His challenge to the validity of the underlying arrest failed because he was caught driving on a suspended license. Thus, his challenge of the validity of the tow and impoundment also failed. Plaintiff was afforded a tow hearing in accordance with the statutory mandates of the California Vehicle Code.

    c.  <u>Plaintiff's Complaint Fails to State a Cause of Action against Defendant LYTLE</u>

Plaintiff contends that Defendant LYTLE, the Sergeant with whom he spoke the day he demanded return of his Vehicle free of charge, is not immune for his acts. (Complaint, at 11:11-20) However, as the Court noted in *Saucier v. Katz* , "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier v. Katz*, (2001) 533 U.S. 194, 201, citing *Siegert v. Gilley* (1991) 500 U.S. 226, 232.) "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." (Id.)

When this standard is applied, it is clear that no causes of action sound against Defendant LYTLE. Plaintiff alleges that Defendant LYTLE "acted without the constraint of administrative adjudication" by ordering that his vehicle be held for thirty days. (Complaint, at 5:4-5) Plaintiff further demands punitive damages on the basis that Defendant LYTLE "has reckless disregard" for Plaintiff's constitutional and civil rights. (Complaint, at 21:18-20.) Plaintiff claims that Defendant LYTLE waived his qualified immunity because "he knew his acts were outside his authority" when he "acted in discretionary manner" and ordered the Vehicle be held for 30 days. (Complaint, at 22:16-26, 24:8.)

Plaintiff's attention to the second prong of a qualified immunity analysis fails without satisfaction of the first prong. As he acknowledged in his Complaint, Plaintiff was first required to show that a constitutional right was violated. (Complaint, at 24:22-26). However, as discussed above, because no constitutional right was violated, there is no reason to assess whether Defendant LYTLE would have understood that he was violating a right. Thus, even by Plaintiff's own argument, no cause of action against Defendant LYTLE exists because he has qualified immunity.

E.  IN THE EVENT THE COMPLAINT IS NOT DISMISSED, THIS COURT SHOULD ORDER PLAINTIFF TO FILE A MORE DEFINITE STATEMENT

a. FRCP 8 Standard

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, *shall* contain (1) a *short and plain* statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." FRCP 8(a), emphasis added. Also, "each averment of a pleading *shall* be *simple, concise, and direct*." FRCP (8)(e)(1).

As drafted, Plaintiff's 28 page Complaint does not comply with FRCP 8 requiring the pleading be simple, concise and direct. On the contrary, it is a tirade of his personal property rights intermixed with vague and conclusory references to a valid arrest and temporary impoundment of his Vehicle "under color of law." For the reasons set forth below, this Court should order Plaintiff to file a more definite statement consistent with FRCP 8.

   b.   12(e) Standard

"A party may move for a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response." (FRCP 12(e).) "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." *SEC v. Digital Lightwave*, (2000 DC FL) 196 F.R.D. 698, 700, citing, *Sun Co., Inc. v. Badger Design (ED Pa 1996) 939 F. Supp. 365.*

   c.   Plaintiff's Complaint is So Indefinite that Defendants Cannot Be Expected to Frame a Proper Response in Good Faith Without Prejudice

Plaintiff uses 28 pages of cut-and-paste citations to case law in his complaint to argued his alleged entitlement to a "full evidentiary hearing" prior to the seizure of his vehicle. The Complaint repeats full paragraphs of conclusory allegations relating allegedly clearly established constitutional and statutory "rights." It recounts conflicting versions of the same alleged incident: When his vehicle was towed incident to his arrest for driving on a suspended license.

By way of example, Plaintiff includes one full-page paragraph relating to his "right to be free from government interference with [his] right to travel and carry on [his] private concerns and rights." (Complaint, at 14:25-26). The Complaint also includes a "transcript" of the tow hearing which he contends he has replicated word for word. In general, the Complaint is not presented to state a cause of action. Defendants are unable to respond in any coherent manner to the Complaint as drafted.

//

*i. Plaintiff's Complaint Fails to Identify the Statute He Claims is Facially Unconstitutional*

Plaintiff states only that the "30 day hold statute" is unconstitutional and that it provides no remedy. (Complaint, at 5:5). In connection with Plaintiff's argument that Defendants actions are part of a "multi billions dollars industry" the Complaint further contends "This is also what I am attacking it is Unconstitutional on its Face and an Action Under the Color of State Law which Violates the Fourth Amendment and the Fourteenth Amendment." (Complaint, at 8:3-5)

Plaintiff's facial challenge to the state law and local ordinance that authorized the hold fails because he did not identify the law he supposes to challenge. It goes without saying that a facial challenge to a statute should necessarily identify the specific statute being challenged. In the event that Plaintiff intends on pursuing facial challenge, at the very least he should identify the law he so contests.

*ii. This Court Should Order Plaintiff to File a Clear and Concise Pleading*

As described above, Plaintiff's Complaint is deficient in many ways such that Defendants are unable to frame a proper response in good faith without prejudice. In order for Defendants to respond in a meaningful way such that this matter may be efficiently resolved, Plaintiff should be ordered to file a clear and concise Complaint to which Defendants may then respond.

F. PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN PER FRCP 12(f)

a. 12(f) Standard

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." (FRCP 12(f).) Published decisions relating to motions to strike are few in the 9th Circuit because they generally appear to be resolved at the district court level. In a published opinion from the Eastern District of Pennsylvania, the Court faced a nearly identical situation as that faced by County Defendants. In granting the defendant's motion to strike all material contained in plaintiff's "legal claim" argument portion of his complaint, the

court reasoned: "The material contained in pages 15 - 48 is legal argument in support of the claims. It would be unfair to allow this material to remain in the Complaint because Defendants would be compelled to *weed through the verbiage* and respond to the material contained therein or risk having the material deemed admitted. Retention of this material would be prejudicial to Defendants." (*Barrett v. City of Allentown*, (1993) 152 F.R.D. 50, 52, emphasis added.)

   b.  This Court Should Strike Plaintiff's Entire Complaint

   Like *Barrett*, Plaintiff's 28-page Complaint is almost entirely "argument" with splices of facts interwoven for illustration. The burden in combing through each (unnumbered) paragraph, where line spacing and font size and type randomly change, and admitting or denying such that this Court can accurately determine Defendants' position is nearly impossible.  Because so much of the Complaint is argument in support of Plaintiff's claims, like *Barrett*, were it possible to do so, this Court could simply strike all of Plaintiff's legal claims.  However, because Plaintiff's legal arguments start  on page one, end on page twenty-eight, and are indecipherably intertwined with all of the facts and conclusory allegations, this Court should strike Plaintiff's Complaint in entirety. County Defendants see no alternative that would not prejudice their ability to respond without the risk of having material deemed admitted.

   c.  In the Alternative, This Court Should Strike All References to the Arrest

   Plaintiff has requested that the Court take judicial notice that "the City of Dublin and other Stopping Police Officers of Dublin Police Services are being sued in other Separate Complaints and they are Not Part of this Section 1983 Suit". (Complaint, at 17:5-9).  He then recounts four pages of detail relating to his arrest. (Complaint, pp 17 – 20).  Because Plaintiff himself states that he is bringing a separate action for the "false and unlawful arrest", any such references to the arrest, and more specifically, Plaintiff's contests of probable cause, are redundant and immaterial and should be stricken from his Complaint in this action.

//

1

## IV. CONCLUSION

In sum, Plaintiff's Complaint as currently pled should be dismissed pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief should can be

granted. Alternatively, Plaintiff should be ordered to file a more definite statement pursuant to

Federal Rule of Civil Procedure 12(e) and strike the redundant matter, as his claim is so vague

and ambiguous as currently pled that County Defendants cannot reasonably prepare a

response. In the event this Court denies any of Defendants' motions herein, Defendants

request an additional thirty days within which to respond.

DATED: *June 17, 2008*

RICHARD E. WINNIE
County Counsel in and for the County of
Alameda, State of California


By _____
DIANE C. GRAYDON
Deputy County Counsel
Attorneys for Defendants

*Whitsitt v. Lytle et al, C08-01802 JSW*
*Defendants' Notice of Motion and Motion to Dismiss*                    16

DECLARATION OF SERVICE

William J. Whitsitt v. Sgt. George Lytle, et al.

Case No. C08-01802 JSW

I, Sandra Walker, declare that:

I am a citizen of the United States, over the age of 18 years and not a party to the within entitled action. I am employed at the Office of the County Counsel, County of Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

On June 17, 2008, I served the following document:

    1. **DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION TO DISMISS PURSUANT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE**

on the following parties:

William J. Whitsitt
335 W. Clover Road
Tracy, CA 95376

[x]    BY MAIL: I caused true and correct copies of the above document(s) to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) with postage thereon fully prepaid, and I further caused said envelope(s) to be placed in the United States mail, in the City of Oakland, California.

[]    BY FACSIMILE: I caused a copy (or copies) of such document(s) to be sent via facsimile transmission to the office(s) of the addressee(s).

[]    BY PERSONAL SERVICE: I caused true and correct copy (or copies) of the above document(s) to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Oakland, California on June 17, 2008.

SANDRA A. WALKER