IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

v.

SGT. GEORGE LYTLE, et al.

    Defendants.

No. C 08-01802 JSW

**ORDER DENYING IN PART MOTION FOR RECONSIDERATION**

    This matter comes before the Court upon consideration of Plaintiff's Motion for Reconsideration of this Court's Order denying his motion for immediate release of his vehicle. Upon review of the Plaintiff's motion for reconsideration, the Court noted that, construed liberally and viewed in the light most favorable to Plaintiff, Plaintiff appears to assert that his due process rights have been violated because he was not been provided adequate notice and opportunity to be heard with respect to the allegedly unconstitutional seizure of his vehicle.

    In light that issue, and because Plaintiff submitted evidence to suggest that his vehicle may have been sold at a lien sale, the Court ordered responses to the motion for reconsideration. The responses submitted by Central Towing and Transport and the County of Alameda demonstrate that Plaintiff's vehicle has not yet been sold, and that Central Towing "is agreeable to delaying a sale until after this Court rules on the motion." (Specially Appearing Defendant Central Towing & Transport, LLC's Response to Court Order re Plaintiff's Motion for Reconsideration at 2:9-11.)

As set forth in the Court's previous Order, to prevail on a motion for temporary restraining order or to receive preliminary injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in favor of the moving party. *Stahlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839-840 (9th Cir. 2001). These alternative standards are "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993).

"Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964))   As an "irreducible minimum," the moving party must demonstrate "a fair chance of success on the merits" or "questions ... serious enough to require litigation." *Sports Form, Inc. v. United Press Intern., Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (citations omitted). If the moving party fails to show any chance of success on the merits, a court need not determine whether there is potential injury or balance the hardships. *Id*.

The Court concludes that Plaintiff still has not met his burden to show an immediate release of the vehicle is warranted. Accordingly, Plaintiff's motion for reconsideration is DENIED. However, the Court HEREBY ORDERS that the vehicle shall not be disposed of pending resolution of the motion to dismiss filed by Defendants, which is noticed for hearing on August 29, 2008. In addition, the Court finds good cause in this case to waive the requirement of a bond.

**IT IS SO ORDERED.**

Dated: June 18, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

  v.

SGT. GEORGE LYTLE et al,

    Defendant.

Case Number: CV08-01802 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
335 W. Clover Road
Tracy, CA 95376

Dated: June 18, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk