1   WILLIAM  J.  WHITSITT
2   335 W. CLOVER  ROAD
    TRACY,  CA  95376
3   (209) 221-1405
    WHITSITTW@GMAIL.COM
4
5   IN  PROPRIA  PERSONA

6

7

8   IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN
    FRANCISCO
9                                           )   CASE NO:  C08-01802 JSW
10  WILLIAM  J.  WHITSITT                    )
        (PLAINTIFF)                          )
11                                           )
                                             )
12  --------------VS--------------           )
                                             )  OBJECTION AND OPPOSITION
13                                           )  TO MOTION TO DISMISS
                                             )  PURSUANT TO FRCP 12(b)(6),
14  Sgt. George Lytle Badge # 761            )  OR ALTERNATIVELY, MOTION
                                             )  FOR A MORE DEFINITE
15  Central Towing & Transport -TOWING STORAGE CO.  )  STATEMENT AND MOTION TO
                                             )  STRIKE
16  COUNTY OF ALAMEDA                        )      I  MUST  OBJECT  TIMELY
                                             )
17  City of Dublin Police Services           )
                                             )
18                                           )
19  TOW OPERATOR - CENTRAL TOWING & TRANSPORTING.  )
                                             )
20  10 UNNAMED DEFENDANTS                    )
        (DEFENDANTS)                         )
21                                           )
                                             )
22  _____)

23      TO  ALL  NAMED  DEFENDANTS  AND  COUNTY  COUNSEL, TO  THIS  COURT,  I

24  WILLIAM  J.  WHITSITT,  DO  HEREBY  FILE  WITH  THIS  COURT:  OBJECTION  AND

25  OPPOSITION  TO:  DEFENDANTS  MOTION  TO  DISMISS  PURSUANT  TO  **FRAP  12(b)(6)**,  OR
26
27  ALTERNATIVELY,  MOTION  FOR  A  MORE  DEFINITE  STATEMENT  AND  MOTION  TO

28

1    STRIKE.

2        OBJECTION THAT THE TOWING AGENCY HAS NOT FILED A SEPARATE ANSWER

3    TO MY COMPLAINT. I THUS RESERVE THE RIGHT TO REPLY TO THEIR ANSWER TO
4
5    MY COMPLAINT. ALSO LET OBJECTION BE MADE THAT ANY ATTEMPT BY COUNTY

6    COUNSEL TO ANSWER FOR TOWING AGENCY AS CONFLICT OF INTEREST.

7        I MUST FURTHER OBJECT THAT THE COUNTY COUNSEL IS REPRESENTING G.
8
     LYTLE # 761. ALL THE NAMED DEFENDANTS ARE BEING SUED AS INDIVIDUALS AND
9
10   THUS COUNTY COUNSEL IS CREATING A CONFLICT OF INTEREST.

11   ## (I) - (INTRODUCTION).

12   I Must OBJECT:

13
     The County Counsel for the Named Dublin Police Services and County of Alameda
14
15   Defendants, is somewhat Correct. Although as County Counsel states "Appears to Challenge the

16   Driver's License Right is Incorrect. This Complaint does Not Contain this Challenge whatsoever.

17   I will let my Causes of Action and Claims under Section 1983 speak for themselves.
18
     ## (A) - (FATAL UNCERTAINTY DISMISSAL PURSUANT TO FRCP 12
19   (b)(6)).

20
     I Must OBJECT:
21

22   This Statement by County Counsel is WITHOUT LEGAL MERIT. Fatal Uncertainty, this

23   Term is Not Contained in **FRCP 12 (b)(6)**. The fallowing Decision that I have Quoted here as

24   well as other Decision, I will not Interpret and Paraphrase them into my own words, I will
25
     let those Decisions Speak for themselves without my Interpretation.
26

27   Under Rule **12 (b) (6)**, the complaint of a pro se litigant "should not be dismissed for failure to state a claim unless
     It appears beyond doubt that the plaintiff can prove no set of facts In support of his claim which would entitle him to
28

---

relief. See Hughes v. Rowe, 449 US 5, 9 (1980) (citing Haines v. Kerner, 404 US 519, 520 (1972)); See Also Conley, 355 US at 45-46. All material allegations in the complaint must be taken as true and construed in the light most favorable to Plaintiff. See: IN Re Silicon Graphics Inc Sec. Lit., 183 F.3d 970, 980 n10 (9th Cir. 1999). The Court may also consider documents attached to the complaint in connection with a FRCP 12 (b) (6), Motion to Dismiss. Parks School of Business, Inc v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). If Motion to Dismiss is granted for failure to state a claim, "leave to amend should be granted..." Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

The term: "Fatal Uncertainty" is Not Contained in the Above quotes of Stare Decisis, decisions. Pro Se Complaints such as mine are Held to Less Stringent Pleading Standards. See: Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, Id at 521.

The standard is a liberal one that does not require the Plaintiff to set forth all the factual details of his claim, rather, all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993) Citing: Conley v. Gibson, 355 US 41, 47 (1957).

Thus, nowhere does the Statement: "Fatal Uncertainty" Exist.

The County Counsel States that: FRCP 12(e) More Definite Statement and Grant the Defendants Motion to Strike all redundant and Immaterial Statements therein pursuant to FRCP 12(f). The term Definite must be accompanied by a list of Causes to which a Definite Statement must be made. See: **FRCP Rule 12(e)**. The Immaterial; Redundant Statements on Motion to Strike, must be stated with Exactness not just generalizations. A Motion to Strike must Contain a true list of Immaterial and Redundant Statements to Strike. See: **FRCP 12(f)**.

# (II) - (STATEMENT OF FACTS)

I Must OBJECT:

*    **This Statement is False: On or about March 23, 2004.** The actual date was March 23, 2008.

1    * **While Operating a Vehicle with a Suspended License.** The Suspended License is Alleged

2    not proven. This is being Challenged in another Case and Cause of Action.

3

4    * **On this Basis Officers placed Plaintiff under Arrest and Impounded Vehicle.** The

5    Probable Cause for the Arrest is being Challenged and thus Not a Fact to be Presented to

6    this Court. Thus, Probable Cause for Impoundment is being Challenged and it is thus, Not a

7    Fact that has been Proven as Factual. The Probable Cause of my Arrest and Impoundment of

8
9    my Vehicle is Not Valid and it is being Challenged.

10       I have No other Valid way to Challenge Probable Cause of the Traffic Stop in another

11   County Clearly outside of their Lawful Jurisdiction and Authority. I have filed with this Court

12   Sworn Affidavits that Prove the Traffic Stop was entirely outside Alameda County and the City

13
14   of Dublin Police Power Jurisdictional Limits and Authority.

15       "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint
         of liberty," Gerstein v. Pugh, 420 U.S. 103 at 114 (1975), "either before or promptly after arrest," Gerstein v. Pugh,
16       420 U.S. 103 At 125 (1975). COUNTY OF RIVERSIDE v. McLAUGHLIN, 500 U.S. 44 (1991)

17       A Traffic Stop for Identification purposes only when outside of County of Alameda and
18
19   City of Dublin Jurisdictional Limits, Cannot be considered Reasonable and giving rise to Probable

20   Cause for Arrest and Seizure of my Person and Vehicle.

21       "Where police lack probable cause to make arrest, arrestee has claim under § 1983 for false imprisonment based
22       on detention pursuant to that arrest." Groman v. Township of Manalapan, 47 F3d 628 (3rd Cir. 1995).

23       Thus, giving rise to Cause of Action under Section 1983.

24   * This gives rise to Very Section 1983 Cause of Action because California Law offers
25
26   No Opportunity to Challenge Probable Cause of Police Stop and Subsequent Unlawful and

27   Unreasonable Seizure of my Vehicle. See: **IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488 , 2000**

28

1  WL 1702035.

2
3    that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act.'" **Florida v. White**, 526 U.S. 559, 562 n.2 (1999).

4

5        The Right to a Full Adversarial type Hearing with Witnesses, Testimony to Determine

6  Probable Cause for Seizure of my Vehicle and Person and Determination of Validity of Arrest

7  Warrant is a Constitutional Right.

8
9    The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." In **SOLDAL v. COOK COUNTY**, 506 U.S. 56 (1992). IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.

10

11

12        The California Vehicle Code does Not Authority to bypass the Fourth Amendment

13  Requirements of a Seizure Warrant to Impound my Vehicle for (30) Days.

14        The Tow Hearing where there is No Adversarial type of Probable Cause Hearing in Front

15
16  of an Administrative Judge, Violates the Fourth Amendment and Fourteeth Amendment Right to

17  Unreasonable Seizure of my Vehicle and Due Process of Law. I am unable to recover the

18  Continued and Past Loss of my Vehicle in Violation of the Fourth Amendment.

19
20    Mathews, 424 U.S. at 340, an owner cannot recover the lost use of a vehicle by prevailing in a forfeiture proceeding. The loss is felt in the owner's inability to use a vehicle that continues to depreciate in value as it stands idle in the police lot. Cf. Property Clerk v. Duck Jae Lee, 183 Misc. 2d 360, 363, 702 N.Y.S.2d 792, 795 (Sup. Ct. N.Y. Co. 2000)

21

22

23        I claimed Hardship from the First Notice and Warning and I Demanded a Full Forfeiture

24  Hearing to Determine Probable Cause and to Satisfy Due Process of Law Fourteenth Amendment.

25  *    The Towing and Storage Fees and the $ 150.00 and other related Fees Total well over

26  $ 1500.00 for 15 days of Unlawful and Unconstitutional Hold of my Vehicle.

27

28  # (III) - (ARGUMENT)

---

## (D.) - (PLAINTIFFS COMPLIANT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM)

I Must OBJECT:

This Argument that I failed to State a Claim upon which Relief can be Granted is Without Merritt and is Frivolous.

### (a) - (12(b)(6) Standard)

I Must OBJECT:

This Statement by County Counsel is WITHOUT LEGAL MERIT. Fatal Uncertainty, this Term is Not Contained in **FRCP 12 (b)(6)**. The fallowing Decision that I have Quoted here as well as other Decision, I will not Interpret and Paraphrase them into my own words, I will let those Decisions Speak for themselves without my Interpretation.

Under Rule 12 (b) (6), the complaint of a pro se litigant "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hughes v. Rowe, 449 US 5, 9 (1980) (citing Haines v. Kerner, 404 US 519, 520 (1972)); See Also Conley, 355 US at 45-46. All material allegations in the complaint must be taken as true and construed in the light most favorable to Plaintiff. See: IN Re Silicon Graphics Inc Sec. Lit., 183 F.3d 970, 980 n10 (9th Cir. 1999). The Court may also consider documents attached to the complaint in connection with a FRCP 12 (b) (6), Motion to Dismiss. Parks School of Business, Inc v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). If Motion to Dismiss is granted for failure to state a claim, "leave to amend should be granted..." Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

The term: "Fatal Uncertainty" is Not Contained in the Above quotes of Stare Decisis, decisions. Pro Se Complaints such as mine are Held to Less Stringent Pleading Standards. See: Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, id at 521.

The standard is a liberal one that does not require the Plaintiff to set forth all the factual details of his claim, rather,

---

all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993) Citing: Conley v. Gibson, 355 US 41, 47 (1957).

Thus, nowhere does the Statement: "Fatal Uncertainty" Exist.

## (b.) - (Plaintiff Has Failed to Allege Sufficient Facts to State a Section 1983 Claim against County Defendants)

I MUST OBJECT:

### (i) *Plaintiff Has Failed to Allege Facts to Support a Violation of his Constitutional Rights by County Defendants Policy, Customs or Practices.*

I Must OBJECT:

**\*    (I-1) - (Fourth Amendment)**

The Unlawful Seizure (Hold) of my Property without Seizure Warrant and Probable Cause hearing, and the Right to Challenge that Seizure Establishes Cause of Action under Section 1983. I was Denied Post-Seizure and Pre-judgment Hearing to Challenge Probable Cause of (30) day Seizure (Hold) of my Vehicle (Private Property). This alone establishes Section 1983 Cause of Action. See: Krimstock, 2000 WL 1702035, at 36-37.

Mathews, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles. Krimstock, 2000 WL 1702035, at 36-37.

The Fourth Amendment applies to all Civil Seizures.

It is true, of course, that the *Fourth Amendment applies to searches and seizures in the civil context*, See Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) In: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993)

The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." In SOLDAL v. COOK COUNTY, 506 U.S. 56 (1992). IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.

This alone establishes Section 1983 Cause of Action. See: **Krimstock, 2000 WL 1702035, at 36-37.**

## * (I-2) - (Fourteenth Amendment)

Failure of City of Dublin, County of Alameda to Serve Notice of Seizure (Hold) of my Vehicle prior to Seizure (Hold), violates my Right to Notice and Opportunity to Defend, Due Process of Law - Fourteenth Amendment. Denial of the Right to Challenge Police Administrative Action (Hold) Seizure of my Vehicle prior to action taken, Violates my Fourteenth Amendment Due Process Right. See: **Fuentes v. Shevin, 407 US 67, 92 S.Ct. 1983, 32 L.Ed. 2d 556 at Page 569.** The Right to prior Notice and Hearing before Action is taken by Agency, see: **Stanley v. Illinois, 405 US 645, 647, 31 L. Ed. 2d 551, 556, 92 S. Ct. 1208.** Let Judicial Notice be taken here, that I did Serve the Named Defendants with (5) Notice and Demand for Due Process and Probable Cause Hearing. **KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000), 2000 WL 1702035, at 36-37.** :

*("[A]t least where irreparable injury may result from a deprivation of property pending final adjudication of the rights of the parties, the Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made."); Fuentes v. Shevin, 407 U.S. 67, 97 (1972) ("Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, . . . it is axiomatic that the hearing must provide a real test. `(D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'") (quoting: Sniadach v. Family Fin. Corp., 395 U.S. 337, 343 (1969) (Harlan, J., concurring)).*

The Right to Procedural Due Process is Fundamental, Unconditional and Undeniable. Denial of this Due Process Right to Procedural Due Process Clearly Establishes a Constitutional Right and a Cause of Action under Section 1983.

## * (I-3) - (Clearly Established Constitutional Right)

I Clearly Established the above Constitutional Rights (Fourth and Fourteenth) Amendment

---

Rights to Due Process of Law, and the Right to Fourth Amendment Seizure Warrant and Probable Cause Hearing. I Served all the Named Defendants with [1]Notice and Demand for Due Process of Law and Fourth Amendment Seizure Warrant and Probable Cause Hearing. I did give the Named Warning and Notice of Violation and Deprivation of my Civil and Constitutional Rights. Thus, I Clearly Established the Constitutional and Civil Rights at the time of Violation.

Clearly established Right Qualified Immunity - ask whether such Right was clearly established , see: **Saucier v. Katz**, (U.S. 2001), 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d. 272; **Wilson v. Layne**, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692.

Thus, Section 1983 Causes of Action are stated, Established and I have Proof.

California Vehicle Code Section **14602.6 (a)(1)**, is Unconstitutional on its face. Thus County Named Defendants who enforced and Acted under the Color of California State Vehicle Code. The Named Defendants must have Known that Impounding, Seizing, Holding for (30) Days without Prior Notice; Probable Cause, Seizure Warrant and Due Process Hearing to Challenge that Seizure. The Fourth and Fourteenth Amendments are Not new Constitutional Requirements. I did Serve the Named Defendants with [1](5) Notices and Demands for Fourth and Fourteenth Amendment Rights. The Acting under the Color and Guise of California State Law grants Jurisdiction to Section 1983 Action.

Ultimate issue in determining whether person is subject to suit under federal statute governing civil action for depriva-tion of rights is same question posed in cases arising under Fourteenth Amendment, i.e., whether alleged infringement of federal rights is "fairly attributable to the state." **Rendell—Baker v. Kohn, Mass.**, 1982, 102 S.Ct. 2764, 457 U.S. 830, 73 L.Ed.2d 418.

Misuse or Excess power possessed by State Law is the Determining factor.

---

[1] See: (Exhibits 2, 4, 5.) ** Already Served with Return of Vehicle and Response.

The Named Defendants County Counsel needs to learn to Read that is all that necessary.

## (1.) - *Impoundment Did Not Violate Plaintiff's Constitutional Rights.*

I Must OBJECT:

The California Vehicle Code Section 22651 (h)(1), "may remove a vehicle within the Territorial Limits in which the Officer or Employee may act" This is the Caretaker rule. See: See Bertine, 479 U.S. at 374. See also: See United States v. Gutierrez, 995 F.2d 169, 171 (9th Cir. 1993); Whren v. United States, 517 U.S. 806, 817 (1996). Within Territorial Limits. This is a major Issue of Fact in this Matter. The Traffic Stop did Not take place within (50) Feet of City of Dublin and County of Alameda Boundaries (Territorial Limits) as stated by County Counsel. The Police where patrolling Alcosta Blvd. which is Not at any time within within Alameda County and City of Dublin Territorial Boundaries. Within Jurisdictional and Authority Territorial Limits. The Traffic Stop took place over a Quarter mile into Contra Costa County and the City Of San Ramon. California and Alameda County or City of Dublin Vehicle Code or Ordinances does Not Afford any type of Hearing to Contest and Challenge Probable Cause and or Authority to Seize, Hold and Impound Vehicle. The California Vehicle Code and County, City Ordinances does Not Give Prior Notice to afford Due Process Notice and Opportunity to Contest or Challenge DMV Agency Action. This Violates Procedural Due Process under Fourteenth Amendment and Administrative Procedures Act.

The applicability of procedural due process rights is not governed by any wooden distinction between "rights" and "privileges." Board of Regents v Roth, 408 US 564, 92 S Ct 2701, see also: Stanley v Illinois, 405 US 645, 92 S Ct 1208,

The Right to Procedural Due Process is Not Subject to State Law, Rules and Regulations. Tow Hearing did Not afford Opportunity to Contest and Challenge Probable Cause and Right to Notice and Opportunity to Challenge Due Process in Due Process Hearing.

## (2.) - *Tow Hearing Did Violate Plaintiffs Constitutional Rights*.

I Must OBJECT:

The Tow Hearing did Violate my Constitutional and Civil Rights. I was Denied the Right to have my Friend Bob Howard present at and to Testify on my behalf at the Tow Hearing. I was Not afforded and Denied the Right to Contest and Challenge Probable Cause at Tow Hearing. I was Denied and Not Afforded Notice and Opportunity to Contest and Challenge Agency Impoundment (Seizure) of my Vehicle before or After. I was told at the Tow Hearing by Tow Hearing Officer, that I have No Right to Challenge or Contest in any way the (30) Day Impoundment (Seizure) of my Vehicle.

> that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act.'" **Florida v. White**, 526 U.S. 559, 562 n.2 (1999).

> "...this Court has frequently explained that the particularized warrant requirement is also intended " `to give notice to the person subject to the search what the officers are entitled to seize.' " **In the Matter of Seizure of Property Belonging to Talk of the Town Bookstore, Inc.**, 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting **United States v. Marti**, 421 F.2d 1263, 1268 (2d Cir. 1970)). Accord **United States v. McGrew**, 122 F.3d 847, 850 (9th Cir. 1997); **United States v. Van Damme**, 48 F.3d at 466 (9th Cir. 1995)

Fourth Amendment Warrant Requirement protects my Private Property from this type of Deprivation and Stealthy Encroachments under the Color and Guise of Police Power Regulation. The Tow Hearing in front of Police Tow Hearing Officer afforded me No Due Process protection to Challenge Probable Cause of Tow and Subsequent Seizure of my Vehicle for (30) days. I was told by the Police Tow Hearing Officer that the Fourth and Fourteenth Amendments do Not apply to (30) Day Impoundment of my Vehicle a Civil Seizure. Then they say the Tow Hearing did not Violate my Constitutional Rights? Let us recap what I stated in my Claim,

\*      I was denied the Right to Contest and Challenge Probable Cause of the Tow and Seizure of my

---

**OBJECTION AND OPPOSITION TO MOTION TO DISMISS OR ALTERNATIVE.." C08-01802JSW**          *Page 11 of 23*

Vehicle.

*   I was Denied the Right to Present a Witnesses Testimony.

*   I was Denied the Right to Confront and Cross Examine the Police Officers.

*   I was Denied the Right to present Evidence at the Tow Hearing.

*   I was Denied my Right to an Adversarial Hearing in front of an Administrative Judge.

*   I was facing probable Forfeiture of my Private Property (Vehicle) and Denied the Right to a Forfeiture Hearing to Determine Probable Cause of Tow and Seizure of my Vehicle.

*   I am Denied the Right to True Record of an Adversarial Hearing Process.

*   I was Denied the Right to Administrative Review of Administrative Action Taken, prior to Action being taken, before Impoundment (Seizure) of my Vehicle. In front of Administrative Judge.

A Tow Hearing may possibly be acceptable to a Tow and Release of a Vehicle of one day (Very Temporary Deprivation) but it Does Not Satisfy Due Process of an Indefinite Deprivation and Subsequent Forfeiture of Vehicle.

## (C.) - (Plaintiff's Complaint Fail to State a Cause of Action against Defendant Lytle).

I Must OBJECT:

The Complaint is Directed against G Lytle, he is the Sargent who Ordered the (30) Day Hold (Seizure) of my Vehicle. G. Lytle is Named and mentioned several times in my Complaint. See: Pages 3, Lines 6 through 25; Pages 4, Lines 1 through 25; Pages 5, Lines 5 through 25; Pages 8 - 9; Pages 11 - 13;

The Suit is Aimed at his Conduct George Lytle is also known as the Named Police Officer or Officer Named. George Lytle is the Police Officer who Ordered my Vehicle Held (Seized) for (30) Days. George Lytle made a discretionary Decision to which he is Not Qualified or Competent to make. The Police Officer is Acting in Judicial Function which is

well beyond his Competence and Authority to act. Delegation of Authority to make Determinations, which are reserved to Judicial Officers of Judiciary who are Qualified, Competent to make Judicial Determinations. The Delegation of Authority to make Judicial Determination by Police Officers is Unconstitutional and in Excess of Authority and Jurisdiction by that Officer. See: **United States v. Gemmill, 535 F.2d 1145 (9th Cir. 1976); Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093 (9th Cir. 1981). See also: United States v. Providence Journal Company, 485 U.S. 693, 108 S.Ct. 1502 (1988):**

"All persons in the United States are chargeable with knowledge of the Statutes-at-Large....[I]t is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority," 650 F.2d, at 1100.

Thus, the Delegated Authority and Discretion is Unconstitutional and in Violation thereof of Police Power Authority and Jurisdiction. G. Lytle acted Ministerial in Ordering (30) Day Hold (Seizure) of my Vehicle. He acted in Excess and outside his Police Power Authority and Jurisdiction in Ordering a (30) Day Hold (Seizure) of my Vehicle.

The Ordering of Holding (Seizure) Impoundment of my Private Property (Vehicle) without Court Order even if Authorized by Statute is Not within a Policeman's Authority to make. This Warrant-less Seizure of my Vehicle violates the Fourth and Fourteenth Amendments to the Federal Constitution. George Lytle who acted to Order a Civil Seizure; Hold, Impoundment of my Constitutionally Protected Private Property (Vehicle), has No Immunity whatsoever. He cannot claim the Defense of Good Faith, because I Served him with (5) Notices and Demand for Constitutional Rights and Full Objections. These Notices Clearly Informed him and Established my Constitutional Rights and Constitutional Deprivations and Violations of my Civil Rights. This is Stated in my Complaint. I gave Brief Statement of Deprivation and Violation of my Civil and Constitutional Rights and the Reasons why. My Complaint contained Fair Notice of the

Claims; Material Facts, Allegations and Claims which rise to the level of Section 1983 Causes of Action. See: **Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993)** Citing: **Conley v. Gibson, 355 US 41, 47 (1957)**. Police Officers making Judicial Determinations even if Authorized by California Vehicle Code is Not acting within the outer Limits of Authority and Jurisdiction. No State Law or Statute can Authorize a Violation of Constitutional and Civil Rights and Federal Law or State Constitutional Rights and Law.

It is clear, of course, that no act of Congress can authorize a violation of the Constitution. But under familiar principles of constitutional adjudication, our duty is to construe the statute, if possible, in a manner consistent with the Fourth Amendment. **Almeida-Sanchez v. United States, 413 U.S. 266 (1973)**.

The above decision also applies to State Legislatures.

"All Laws which are repugnant to the constitution are null and void." **Marbury v. Madison, 5 U.S. 137, 174, 176 (1803)**.

"No right granted or secured by the Constitution of the United States can be impaired or destroyed by a state enactment, whatever may be the source from which the power to pass such enactment may have been derived." **Connolly v. Sewer Pipe Co.**, 184 U.S. 540, 22 S. Ct. 431, 46 L. Ed. 679. (See, also, **Dobbins v. Los Angeles**, 195 U.S. 223, 237 [25 S.Ct. 18, 49 L.Ed. 169].)

Thus there can be No Good Faith assertion of power and Authority to Violate the Fourth and Fourteenth Amendment Rights, Prohibitions and Requirements. The Police Officer G. Lytle has No Authority to Order that which will violate the Fourth and Fourteenth Amendments. The Reasonable Person would have known that the Fourth and Fourteenth Amendments are Superior to the Police Powers and Legislative Enactments that Violate the Clearly Established Constitutional and Civil Rights.

**Harlow**, 102 S.Ct. at 2739. "...conduct *does not violate clearly established statutory or constitutional rights of which a reasonable person would have known*."

"...a court must carefully examine the specific factual allegations against each individual defendant." 229 F.3d 1287.

1
2
3

There is no material difference between an order denying a motion for summary judgment based on qualified immunity and an order denying a motion based on absolute immunity that would favor a different analysis here. Furthermore, quite aside from the special concerns regarding the need for early resolution of matters concerning immunity. (see, e.g. <u>Saucier v. Katz</u>, 121 S. Ct. 2151, 2155-56 (2001)),

4
5
6
7

Making Judicial Determinations which abridge the Fourth and Fourteenth Amendments and my Constitutional and Civil Rights is clearly outside the scope and Jurisdiction of G. Lytle's Authority as a Policeman.

8
9

Let Judicial Notice be taken, here that even if George Lytle is held to be protected by Qualified Immunity, this does Not Immune the Other Named Defendants.

10
11

"[A] municipality is not entitled to the shield of quali- fied immunity from liability under <u>S 1983</u>. " <u>Brandon v. Holt</u>, 469 U.S. 464, 473 (1985); see also <u>Chew v. Gates</u>, 27 F.3d 1432, 1439 (9th Cir. 1994).

12
13
14

Thus, the Named Defendants are Liable for the Deprivation and Violation of my Clearly Established Constitutional and Civil Rights.

15
16
17

## (E.) - IN THE EVENT THE COMPLAINT IS NOT DISMISSED, COURT SHOULD ORDER PLAINTIFF FILE A MORE DEFINITE STATEMENT.

### *(a.) - FRCP 8 Standard.*

18
19
20
21

I Must OBJECT here, my Complaint does contain all the Requirements listed in **Rule 8(e)(1).** Now to County Counsel's Reference to Vague Conclusory References. The Quotes are

22
23
24
25

Directly from the U.S. Supreme Court and the various Circuit Court of Appeals. They represent Case Law precedents and Stare Decisis. I let the Quoted Decision make the Determination of Law. If the County Counsel has a Argument against that let them take it up with those Courts.

26
27
28

The County Counsel needs to read more and limit the Attacks with Procedural Matters. I am almost certain that the County Counsel's Procedural Attack on my Complaint is an

Automatic Response and Answer to a Pro Se's Complaint. Dismissal of my Complaint is a Merit-less Issue. A more Definite Statement of Complained about Claims and Causes of Action is Possible Option for the Court to Order.

If the Court can Understand and Interpret my Claims and Causes of Action contained in my Complaint then the County Counsel is able to the do the same.

### (b.) - *12(e.) Standard.*

I must OBJECT here because my Complaint is very strait forward and Unambigous. It States the Claims and Causes of Action and why. That is all that I am Required to do. See: **Leatherman v. Tarrant County Narcotics Intell & Coord. Unity,** 507 US 163, 168 (1993) Citing: **Conley v. Gibson,** 355 US 41, 47 (1957). These decisions are Case Law Precedents.

### (c.) - *Plaintiff's Complaint is so Indefinite that Defendants Cannot be expected to Frame a Proper Response in Good Faith Without Prejudice.*

I must Object here, the County Counsel is attempting to Prejudice the Court because I made a Lawful Argument of the Right to Drive and Use the Public Roads and Highways for Private Travel. This is a True Statement but it is Not a Claim for Cause of Action here. The County Counsel again has failed to give examples of their Claim here.

### (I.) - *Plaintiff's Complaint fails to Identify the Statute He Claims is Facially Unconstitutional.*

I MUST OBJECT:

The Statute that I find to be Patently and Facially Unconstitutional is Cal. Vehicle Code, Section **14602.6(a)(1)**. George Lytle Stated that this Vehicle Code is (14602.6). I find that this

---

Statute Authorizes Unconstitutionally an Infinite amount of Discretion to Counties, Cities and Individual Police Officers to Violate the Fourth and Fourteenth Amendment Rights, Requirements and Prohibitions. It allows them an Avenue to bypass and Violate the Fourth and Fourteenth Amendment Rights to Challenge Probable Cause, Notice and Right to a Hearing to Challenge and Contest Police Agency Action before it is Taken. It affords No Right to an Immediate Hearing to Contest and Challenge (Impoundment) (Seizure) of Private Property (Vehicle). I have No Convictions for the Alleged Misdemeanor Vehicle Code Violation (14601.1). The Vehicle Code does Not even Require the City to Prove that Jurisdiction and Action is Correct and Lawfully Valid. The Stated Vehicle Code puts the Burden of Proof on me Unconstitutionally. It puts the Presumption of Validity and Proof upon me the Accused. It is also Labeled Civil when it is Punitive and Criminal in Nature and Application. It allows Absolute Police Discretion without Judicial Determination. It allows Police agency to act without Restraint and with Absolute Discretion without Administrative Review. A Police Officer acting a Tow Hearing Officer who does Not Allow for Cross Examination of Police Officer's Involved and a Probable Cause Hearing in Front of Administrative Judge offers No Administrative Procedural Due Process Review of action taken. How can a Police Tow Hearing Officer who is employed by City Police Department who Towed the Vehicle, hold the Scales of true Justice, Fairness Required by Due Process of Law.

Let Judicial Notice be taken here I was Denied my Right to Present Evidence and to have my Friend Bob Howard Testify or even be present at the Tow Hearing by the Tow

Hearing Officer. I was Denied the Right to Contest and Challenge the (30) Day Hold (Seizure) Impoundment of my Vehicle. This Tow Hearing did Not Satisfy Due Process Requirement at all. This is like very much having a Hearing for a crime in front of a Prosecutor. The expectation of Neutrality, Justice and Fairness is nothing less than a Dream and or Fairytale.

Let this Court take Judicial Notice that even though I made 5 Objections and Protests; Demanding for a True Full Hearing Process with Probable Cause and Evidentiary Hearing with Confrontation and Cross Examination of Witness for and Against. The Tow Company Named was moving a head to Lien Sale my Vehicle before that hearing was ever held. My Vehicle would have been sold and I would be left with No Remedy or Recourse in State Law.

The Lack of Due Process and Administrative Review and Procedural Due Process Affords No Legal Remedy that Satisfies Due Process Clause of Fourteenth Amendment and Probable Cause Hearing to Satisfy Fourth Amendment. The DMV Hearing proposed by the Tow Operator is a Lengthy Process up to a Year that Affords No Real Due Process Protection and Probable Cause Hearing protection per Fourth Amendment.

## (2.) - *This Court should Order Plaintiff to File a Clear and Concise Pleading.*

I OBJECT, I have filed a Complaint with Alleged Claims and Facts to support those Claims. I have Complied with my portion of the Complaint process. It is Now time for the County Counsel to File their Answer to the Complaint with something more than a Motion to Dismiss and or Strike my Complaint.

Let the Court take Judicial Notice here, that False Arrest Claim is Not a Cause of

Action at this time before this Court, unless it is Ordered to be by the Court.

## (F.) - (PLAINTIFFS COMPLAINT SHOULD BE STRIKEN PER FRCP 12(f)).

### (a.) - *12(f) Standard*

I must again OBJECT. They quoted a case they say supports their Remedy of Striking my Complaint. I will offer a Decision that will support my Claim against Striking and Dismissal of my Complaint.

Section 1983 Action Dismissed: Fed. R. Civ. P. 23(a) and (b)(2) and for a preliminary injunction under Fed. R. Civ. P. 65. The City cross-moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). REVERSED: IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488 , 2000 WL 1702035.

The Case above is an Exact Action such as mine for the same type of Hold for Forfeiture. This Case is from a Circuit Court of Appeals and Not just a District Court Decision.

### ( b.) - *The Court should Strike Plaintiff's Entire Complaint.*

I must OBJECT to this Claim by County Counsel as Totally out there. Like KRIMSTOCK v SAFIR, this action was Dismissed by the District Court and it was Reversed by the 2nd Circuit Court of Appeals. The County County strategy is to throw enough mud in the wind so to speak and it will stick somewhere. This Pleading misses the Mark because it makes lot of Claims for this and that, which lacks Legal Merit. Strike the Whole Complaint without identifying portions which they claim should be struck is Frivolous on its face. Indecipherably Intertwined from page 1 through 28 with legal Arguments. I decided to add the whole Legal

Quote instead of trying to paraphrase the meaning. It would lose its meaning if I where to give it my own Paraphrased Interpretation of that Quoted Legal Argument. The Claimed Legal Arguments do render a Lawful Court Conclusion that totally make the County Counsel Action Unlawful and in Violation of Section 1983. It is Not the Complaint the County Counsel is Attacking in Reality it is the Legal Arguments which all go against their Unlawful Action that is being attacked.

### *(C.) - In the Alternative, This Court Should Strike All References to the Arrest.*

I Must OBJECT:

The County Counsel brought up the Arrest Issue. I must at the very least show the Court that the Police Traffic Stop and Subsequent Arrest are being Challenged in another Court Action. The Probable Cause for the Arrest and Traffic Stop are Not on Trial here in this Action. That is the only reason I made Reference to the Arrest because it has to be Lawfully Challenged also. The County Counsel would have brought up this Issue if it was left Unchallenged. Thus, reference to Unlawful Arrest is made only for the Purpose of Notifying this Court that Arrest is Being Challenged as Unlawful.

## (IV) - (No Conviction of any Crime Driving with a Suspended or Revoked License or Unlicensed).

As California Vehicle Code Section: [2]**14602.6(a)(1),**

**14602.6. (a) (1)** Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, driving a vehicle while his or her driving privilege is restricted pursuant to Section

---

[2]See: Attachment A.

1   13352 or 23575 and the vehicle is not equipped with a functioning, certified interlock device, or driving a vehicle
    without ever having been issued a driver's license, the peace officer may either immediately arrest that person and
2   cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and
    seizure of the vehicle without the necessity of arresting the person in accordance with Chapter 10 (commencing with
3   Section 22650) of Division 11. A vehicle so impounded shall be impounded for 30 days.

4
    The above Cited California Vehicle Code Section: 14602.6(a)(1), allows an Incompetent
5
6   Police Officer to make a Judicial Determination.

7   *   Let Judicial Notice be taken, here that I have Not been Convicted of Driving on a Suspended
8       License or while being Unlicensed.

9   *   Let further Notice be taken here, that I did Object Timely and Demand a Suspension Hearing through
10      California Department of Motor Vehicles; to Contest Probable Cause and Validity of Suspension.

11  *   I did make Timely Objection to Suspension of my Right to Drive and Operate My Vehicle upon the
12      Public Roads and Highways.

13  *   I made Timely Demand for the Right To Drive and Use my Vehicle upon the Public Roads and
14      Highways as a Freeman free from State of California Government Granted Privilege.

15  *   I Contested and made all the Above Objections at the Tow Hearing and in my Notices of Objection
16      and Demand for a Forfeiture Hearing.

17      Thus, Probable Cause and Validity of Hold (Seizure) is very much in Doubt and Lacking.

18
19  Affording me the Right to a Probable Cause Hearing and Notice and Opportunity to Defend;

20  before Agency took Action would have Stopped Action before Taken. This would have alleviated

21  the Necessity for a Section 1983 Suit for Damages.

22
23  ("[A]t least where irreparable injury may result from a deprivation of property pending final adjudication of the
    rights of the parties, the Due Process Clause requires that the party whose property is taken be given an opportunity
24  for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity
    of the deprivation must be made."); Fuentes v. Shevin, 407 U.S. 67, 97 (1972) ("Since the essential reason for the
25  requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, . . . it is axiomatic that
    the hearing must provide a real test. `(D)ue process is afforded only by the kinds of "notice" and "hearing" that
26  are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged
    debtor before he can be deprived of his property.'") (quoting: Sniadach v. Family Fin. Corp., 395 U.S. 337, 343
27  (1969) (Harlan, J., concurring)). In KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000), 2000 WL
28

1    1702035.

2    Thus, No Authority or Jurisdiction for Hold (Seizure) of my Vehicle existed. A Police

3
4    Officer who is Not Competent to Receive and Exercise Judicial Discretion acted Beyond

5    Jurisdiction and Authority to Order Hold (Seizure) of my Vehicle.

6    With No Convictions of Driving while Unlicensed or license is Suspended, renders

7
8    Jurisdiction and Authority for the Hold (Seizure) of my Vehicle as Moot and Unlawful. This

9    is why California Vehicle Code Section: 14602.6(a)(1), is patently Unconstitutional on its face.

10
11   Because it Authorizes action without Judicial Determination and or Restrainment. It Authorizes

12   Action without proving Criminal Intent, and a Crime beyond a Reasonable Doubt. It Fails to

13   afford Due Process protection against Invalid and or Mistaken Probable Cause. It fails to Afford

14
15   a Probable Cause Hearing to Challenge and Contest Validity of Action taken. It Affords No

16   Notice and Opportunity to Contest Validity of Action before action is Taken. It Authorizes a

17
18   Policeman to make a Judicial Determination which is clearly outside their Lawful Authority and

19   Jurisdiction.

20   If the objective of a State practice is to discourage the assertion of a Constitutional Rights, then it is patently
21   Unconstitutional. Chaffin v. Stynchcombe, 412 US 17, 93 S. Ct. 1977; Shapiro v. Thompson, 394 US 618.

22   There has be a Severe Miscarriage of Action taken by County of Alameda and City of

23
24   Dublin Police Agency by Holding (Seizing) my Vehicle for (30) Days. The Action taken by the

25   Named Defendants is Unconstitutional, Unreasonable, Unlawful, Unauthorized and Under the Color

26   and Guise of Guise of State Law. I Move this Court and I Demand that this Court Reverse

27
28   it Order Denying Immediate Return of My Vehicle and to Order Immediate Release and

Return of my Vehicle.

I **MUST ALSO OBJECT** THAT CENTRAL TOWING AND TRANSPORTING AND G. LYTLE # 761 ARE NOT PART OF THIS MOTION FOR DISMISSAL, ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE. THIS WOULD BE A **CONFLICT OF INTEREST TO REPRESENT** GEORGE LYTLE #761 AND CENTRAL TOWING AND TRANSPORTING. THESE NAMED DEFENDANTS MUST FILE THEIR OWN MOTION AND ANSWER TO MY COMPLAINT. THUS LET THIS COURT TAKE JUDICIAL NOTICE OR THIS **LAWFUL OBJECTION**.

**I FURTHER OBJECT BECAUSE I JUST RECEIVED CENTRAL TOWING AND TRANSPORTING COUNSEL  THIS DAY I AM REQUIRED TO RESPOND TO MOTION TO DISMISS BY COUNTY COUNSEL.**

<u>**NOTICE OF SERVICE BY MAIL:**</u>

I WILLIAM J. WHITSITT, _Willm J Whitsitt_, THIS THE _7th_ DAY OF ~~MAY~~, July, 2008, AT _4 PM_ PM, DID SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL:   ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

*    COUNTY COUNSEL FOR ALAMEDA COUNTY AT: ATTN: Richard E. Winnie - County Counsel  Diane C. Graydon - Deputy County Counsel 1221 Oak Street, Suite 450, Oakland, CA  94612 - 4226

*    CENTRAL TOWING AND TRANSPORT COUNSEL FOR:   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  Bruce D. M. Prescott, Daphne C. Lin, 2201 Walnut Ave., Suite 200, Fremont, CA  94538

I WILLIAM J. WHITSITT, _Willm J Whitsitt_ THIS THE _7th_ DAY OF JULY, 2008, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE BY MAIL.

RESPECTFULLY  SUBMITTED

_William J Whitsitt_

WILLIAM J. WHITSITT

DATED:  July 3, 2008