WILLIAM J. WHITSITT
335 W. CLOVER ROAD
TRACY, CA 95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN PROPRIA PERSONA

ORIGINAL FILED
JUL 10 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

**WILLIAM J. WHITSITT**
**[PLAINTIFF]**

---------------VS--------------

**Sgt. George Lytle Badge # 761**

**Central Towing & Transport -TOWING STORAGE CO.**

**COUNTY OF ALAMEDA**

**City of Dublin Police Services**

**TOW OPERATOR - CENTRAL TOWING & TRANSPORTING.**

**10 UNNAMED DEFENDANTS**
**[DEFENDANTS]**

Case No: **C08-01802 JSW**

**OBJECTION TO ORDER DENYING IN PART MOTION FOR IMMEDIATE ORDER FOR RELEASE OF VEHICLE FREE OF CHARGE OF TOWING AND STORAGE FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS DECIDED**

I William J. Whitsitt, Do hereby OBJECT to this Court Order Denying Immediate Release and Return of my Unlawfully Seized, Held and Set for Forfeiture Private Property (Vehicle). I Move and this Court will Reverse it Order Denying Immediate Return of my Vehicle.

## (I) - (I HAVE THE RIGHT TO RETURN OF MY VEHICLE)

## (A) - (I have the Inalienable Right to Recover My Unlawfully Seized Property).

The Federal Constitution and its Fourth and Fourteenth Amendment Requirements have Not Changed. The Property I Own, Possess and Use is Private Property and it is Protected against Unlawful Seizures by the Fourteenth Amendment. "...seizure without court order abridges constitutional due process. Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337 (1969). See Also: Mathews v. Eldridge, 424 U.S. 319 (1976).

> The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." In SOLDAL v. COOK COUNTY, 506 U.S. 56 (1992). IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.

The Fourth Amendment requires a Seizure Warrant to Seize my Vehicle. See: "...that the *Fourth Amendment applies to searches and seizures in the civil context*, See: Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) In: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993). The Fourteenth Amendment requires Due Process of Law before Private Property (Vehicle) can be taken. See: Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337 (1969). See Also: Mathews v. Eldridge, 424 U.S. 319 (1976). The Named Defendants have No Court Order (Fourth Amendment Seizure Warrant). They have Denied me the Right to full Due Process Hearing in Front of a Real Judge Not a Police Tow Hearing Officer. California Vehicle Code offers No Quick, Immediate, Speedy and Adequate Remedy that offer Sufficient Due Process protection. Thus, the taking of my Private Property without Due Process of Law. See: Krimstock, 2000 WL 1702035, at 36-37; UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993). Thus, I am being Denied a True Constitutional Remedy At-Law. I Move this Court as a

Matter of Constitutional Right and Requirement and Law to Reverse its Order Denying my Right to Immediate Recovery of my Private Property (Vehicle). The Appellate Courts when confronted with this exact Question of Return of Property as opposed to Unlawfully Held (Seized) Private Property (Vehicles) have consistently Ordered the Immediate Return of the Property to the Owner. See: **<u>In KRIMSTOCK v SAFIR</u>, Docket No. 00-9488, (2nd Cir 2002), 2000 WL 1702035.** This is especially true where Property Held for more than one day, becomes more than a mere Temporary Deprivation. Where the Storage, Tow and Administrative Fees become Prohibitive and beyond the Property's Value then it becomes a Forfeiture under the Color and Guise of Lien Sale and Police Power Regulation. The Counties, Cities and Police and Tow Agencies are just in it to make money and a Profit to share and put in their pockets. Vehicles that can get an attractive price under the Color Legitimate Lien Sales when they are Covetly Civil Forfeitures and bypassing the Right to a Full Forfeiture Hearing Right. The Profit Under the Color of Police Powers for Lien Sale Vehicles are what this is all about. See: **<u>IN KRIMSTOCK v SAFIR</u>, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035.**

### *(1) - (<u>Elaborate Scheme</u>)*

This is a rather elaborate and Intricate scheme here, the Named Police Agency Tows a Vehicle then without Notice it Holds that Vehicle for (30) Days without Fourth Amendment Seizure Warrant. The Tow Agency Holds the Vehicle under the Color and Guise of Civil Hold. All under the Color and Guise of Legitimate Police Power Regulation. (Cal. Veh, Code Sect. **<u>14602.6(a)(1).</u>** The Elaborate Scheme here is the Private Tow Agency is Holding the Vehicle and Their Creditor will Put Lien on the Vehicle within (7) Days and Lien Sale that Vehicle within (30) Days. There will be No Offer of Forfeiture Hearing to offer Challenge of Probable

Cause of Hold, No Real Due Process Hearing in front of a Real Judge. No Jury Trial as is Required by California State Constitution and Law. Just by Using the Term Civil Hold of Vehicle. This amounts to a Civil Penalty and Excessive Fines under the Constitution. A Penalty and Fine without Due Process of Law. See: **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 .S. 43, 54 (1993).** This Vehicle Hold Scheme is nothing more than a way to Seek Forfeiture of Property under the Color and Guise of Civil Hold then Lien Sale by Towing Company.

There is another reason here for Immediate Return of my Vehicle.

> **("`There is nothing even remotely criminal in possessing an automobile.'") (quoting One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965))**

Thus my Possessing, Owning and Using my Vehicle for the Inalienable Right to Private Travel is Not Criminal or a Crime. The Use of my Vehicle for Private Travel is a part of my Right to Personal Liberty. The Right to Travel in the State of California and the United States is Protected Regulated Right under Liberty. See:

> **Packard v. Banton, 264 U. S. 140, 144, 68 L. ed. 596, 607, 44 S. Ct. 257, and cases cited; Frost & F. Trucking Co. v. Railroad Commission, 271 U. S. 583, 592, 70 L. ed. 1101, 1104, 1105, 47 A. L. R. 457, 46 S. Ct. 605; Hodge Drive-It-Yourself Co. v. Cincinnati, 284 U. S. 335, 337, 76 L. ed. 323, 326, 52 S. Ct. 144; Johnson Transfer & Freight Lines v. Perry, (D.C.) 47 F.(2d) 900, 902; Southern Motorways v. Perry, (D.C.) 39 F.(2d) 145, 147;**

The Exercising of a Constitutional Right cannot be made into a crime. See:

> **"Constitutional rights would be of little value if they could be ... indirectly denied." Smith v. Allwright, 321 U.S. 649, 664 (1943) "... or 'manipulated out of existence'" Gomillion v. Lightfoot , 364 U.S. 339, 345 (1960)**

> **If the objective of a State practice is to discourage the assertion of a Constitutional Rights, then it is patently Unconstitutional. Chaffin v. Stynchcombe, 412 US 17, 93 S. Ct. 1977.; Shapiro v. Thompson, 394 US 618.**

This is an Elaborate Scheme to Steal Private Property (Vehicles) under the Color and guise of Police Power Civil Penalty. **I Move and Demand that this Court Reverse its Order Denying Immediate Return of my Vehicle and Order Immediate Return of my Vehicle.**

## (B) - (Defendants Claim Under California Vehicle Code Is Unconstitutional on ts Face).

The Cited Authority of California Vehicle Code Section **14602.6(a)(1)**, is Unconstitutional as it Applies to me. It allows Police Officers to Act with Discretion and act outside of Administrative Review by Administrative Adjudication. See: **Shaughnessy v. Pedreiro, N.Y. 1955, 591 349 US 48.** Restrainment by Administrative Adjudication subjects Police Agency to Procedural Due Process of Law. It Allows Police Officer Unconstitutional Unrestrained Authority to bypass and Deny Guaranties by the Fourth and Fourteenth Amendments. This is Violation Injunctive Protection and Amendments 4, 5, 7 14, 42 U.S.C.A. Section 1983, 5 U.S.C. Section 554 - 557.

> **Formal administrative adjudication : shares With Judge supervised trials two key; qualities that diminish the need for individual suits to correct constitutional transgressions: (1) the impartiality of the decision ! : maker and (2) the reliability of the informal ition forming the basis of the decision. See: Butz,438 U.S. at 512-13, 98 S.Ct. at 2913-14. Safeguards inherent in both forums foster these qualities. The first quality is fostered in formal agency adjudication by the checks and balances afforded when a different person assumes the roles comparable to those of prosecutor and judge, with the adjudicator independent of agency control. Hearing examiners are neither required to perform prosecutorial and investigative functions inconsistent with their judicial role nor to answer! to those who do. Id. at 513-14, 98 S.Ct. at 2914-15. This unbiased adjudicator provides a check on agency zeal. Id. at 515, 98 I S.Ct. at 2915. One group of quasi-prosecutorial agency officials immunized in Butz were those who brought a proceeding to seek sanctions. Id. at 515, 98 S.Ct. at 2915. They did not impose the sanctions.**

It also Confers Authority to Transcend the Lawful Authority and the Requirements and Prohibitions of the Fourth and Fourteenth Amendments. No State Law, Police Regulation or Legislative enactment can Authorize a Violation of the Federal Constitutional Right or Prohibition. "It is clear, of course, that no act of Congress can authorize a violation of the Constitution." Fourth Amendment. Almeida -Sanchez v. United States, **413 U.S. 266 (1973)**. Thus any Act of the Legislature which Authorized a Violation of the Fourth and Fourteenth Amendments and any other Constitutional Guaranty is Is Patently Unconstitutional on its face. (California Vehicle Code Section **14602.6(a)(1)**). This

Vehicle Code Section Unconstitutionally Authorizes a Police Agency or Policeman to Violate the the Prohibitions of the Fourth and Fourteenth Amendments. It is Unlawful and Unconstitutional to Authorize and In-power a Policemen with Discretion that is Unrestrained and Un-Reviewable and in Excess of Lawful Authority and Jurisdiction to Act.

> **The acknowledged police power of a state cannot legitimately be exerted so as to defeat or impair a right secured by the national Constitution any more than to defeat or impair a statute passed by Congress in pursuance of the powers granted to it. Reid v Colorado, 187 Us 137, 23 S Ct 92, 47 L Ed 108. See Also: Coppage v Kansas, 236 US 1, 35 S Ct 240, 59 L Ed 441; Panhandle Eastern Pipe Line Co. v State Highway Corn., 294 US 613, 55 S Ct 563, 61 L Ed 480; Bibb v Navajo Freight Lines, Inc., 359 US 520, 79 S Ct 962, 3 L Ed 2d 1003.**

The Named Defendants have Seized my Vehicle in Violation thereof the Fourth and Fourteenth Amendments. They have No Authority or Constitutional Authority to Continue to Hold Seize my Vehicle in Violation of the Fourth and Fourteenth Amendments.

Acting in Excess of Constitutional Authority, Authorizes and Command that this Court take action to Grant Remedy and the Relief I have Demanded for. **I MUST OBJECT to this Courts Failure to Render All Relief I have Demanded for in Immediate Release of my Vehicle.**

## (C.) - (No Hearing Process or Available Remedy within State Law).

### *(1) - No Notice and Opportunity to Defend Agency Action Prior to Hold (Seizure) of Vehicle.*

Cal Veh Code Sect. [1]**14602.6(a)(1)**, affords No Notice and Opportunity to Defend. It does Not give Vehicle Owner any Prior Warning before Agency Action is Taken, Prior to Action taken to Afford Owner Due Process Right to Challenge Agency Action. Failure to Afford

[1] See: Attachment A

Notice and Opportunity to Defend, Prior to Agency Action being taken, Violates Due Process Requirement of Fourteenth Amendment.

> Fuentes v. Shevin, 407 U.S. 67, 97 (1972) ("*Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property*, . . . it is axiomatic that the hearing must provide a real test. `*(D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity*, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'") (quoting: Sniadach v. Family Fin. Corp., 395 U.S. 337, 343 (1969) (Harlan, J., concurring)). In: KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000)

Agency Action taken without Fair Notice and Opportunity to Defend, Challenge Threatened Action before it is Taken, Violates the very Nature and Fundamentals of Procedural Due Process. See: Washington v. Glucksberg, 521 U. S. 702, 719 (1997); see also Reno v. Flores, 507 U. S. 292, 301-302 (1993). No State Legislative Action can Violate the Due Process Clause of the Fourteenth Amendment. **See:** IN RE WINSHIP , 397 U.S. 358 (1970); In UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993) also in: Fuentes v. Shevin, 407 US 67, 92 S.Ct. 1983, 32 L.Ed. 2d 556 at Page 569. Thus, the Due Process Right to Notice and Opportunity to Challenge Agency Action before it is Taken, is Regarded as Fundamental. The Right to Notice and Opportunity to Challenge Agency Action prior to action being taken is an Inalienable Constitutional Right. See: SANDIN v. CONNER, 515 U.S. 472 (1995); EDWARDS v. AGUILLARD, 482 U.S. 578 (1987)

> The fact that the Founding Fathers believed devotedly that there was a God and that the unalienable rights of man were rooted in Him is clearly evidenced in their writings, from the Mayflower Compact to the Constitution itself." Abington School District v. Schempp, 374 U.S. 203, 213 (1963). In EDWARDS v. AGUILLARD, 482 U.S. 578 (1987)

Let the Court take Judicial Notice that our Founding Fathers recognized that the Concept of the Protection to Life, Liberty and Property came from God and that Right is Foundation of the Federal Constitution. The Right Notice and Opportunity to Defend Property, Life and Liberty from the State Legislature was Paramount and Inalienable. It does Not allow for watering

down and or Slow and Silent Encroachment upon that Right. The Fourteenth Amendment makes the Right to Due Process Notice and Opportunity to Defend an Absolute Right. This Right is Not Ambiguous it is Unambiguous and Absolute and Not given over to the Courts to Dilute or Waterdown.

### *(2.) - __No Fourth Amendment Right to Probable Cause Challenge__.*

The California Vehicle Code Section [2]**__14602.6(a)(1)__**, Affords No Remedy and Due Process of Law Hearing to Challenge Probable Cause of Tow Action, Hold (Seizure) of Vehicle for (30) Days. The California Vehicle Code Section **__14602.6(a)(1)__**, does Not afford a Prompt, Post Probable Cause Hearing to Challenge Validity of (30) Day Hold (Seizure) of Vehicle. The Fourteenth Amendment makes the Fourth Amendment Requirements and Prohibitions mandatory on State Agency Actions. See: **The Fourth Amendment, made applicable to the States by the Fourteenth, __Ker v. California__, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." In __SOLDAL v. COOK COUNTY__, 506 U.S. 56 (1992)**. This includes the Right to Challenge Probable Cause of Agency Action before Action is Taken. The Fourth Amendment Seizure Warrant Requirement is Mandatory before my Vehicle can be Held (Seized). This Fourth Amendment Right places the Prompt Post Adversarial Hearing Requirement also on State, County and City Police Agency. See: "...**seizure without court order abridges constitutional due process. __Sniadach v. Family Finance Corp. of Bay View__, 395 U.S. 337 (1969)**. See Also: **__Mathews v. Eldridge__, 424 U.S. 319 (1976).**

> **"...this Court has frequently explained that the particularized warrant requirement is also intended " `to give notice to the person subject to the search what the officers are entitled to seize.' " __In the Matter of Seizure of Property__**

---

[2]**See: Attachment A.**

**Belonging to Talk of the Town Bookstore, Inc., 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting United States v. Marti, 421 F.2d 1263, 1268 (2d Cir. 1970)). Accord United States v. McGrew, 122 F.3d 847, 850 (9th Cir. 1997); United States v. Van Damme, 48 F.3d at 466 (9th Cir. 1995).**

The Fourth and Fourteenth Amendment Requirements still Apply and are Mandatory. The State, County and City Police Powers and Police Agencies still must Yield to the Federal Constitution and Rights. This Court has a Solemn Constitutional Duty and Requirement to be watchful of any Stealthy Encroachments against Federal Constitutional and Civil Rights. See: **Boyd v. U.S., 116 U.S. 635.**

**Constitutional provisions for the security of person and property should be liberally construed. It is the duty of the courts to be watchful of constitutional rights against any stealthy encroachments thereon. Boyd v. U.S., 116 U.S. 635.**

Thus, the Named Defendants have to Lawful Reason to Continue to Hold (Seizure) of my Private Property (Vehicle). Which was Unlawfully and Unconstitutionally Seized in Violation of the Fourth and Fourteenth Amendment Rights.

**I Object and I Demand as a Matter of Constitutional and Civil Right that this Court Order the Immediate Return of my Held (Seized) Private Property (Vehicle).**

### *(3) - No Legitimate and Lawful Reason to Continue to Hold my Vehilce.*

The Named Defendants are thus left with No Legitimate and Lawful Reason to have Held (Seized) My Vehicle and to Continue that Hold (Seizure). They do Not have a Fourth Amendment Seizure Warrant or Court Order to Continue to Hold (Seizure) of my Vehicle.

***The Supreme Court has held that the Fourth Amendment protects claimants against unreasonable seizures of their property in the civil forfeiture context.*** **See United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993)** ***("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture . . . ");*** **see also One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696, 700 (1965)** ***(holding that the exclusionary rule under the Fourth Amendment applies to civil forfeiture proceedings);*** **cf. In re Seizure of All Funds in Accounts in Names Registry Publ'g, Inc., 68 F.3d 577, 580 (2d Cir. 1995)**

Thus, making the Hold (Seizure) and Continued Hold and (Seizure) of my Vehicle

Unreasonable, Unlawful and in Violation of the Fourth and Fourteenth Amendments.

I have been Denied the Right to a Legitimate Due Process and Forfeiture Hearing to Challenge Probable Cause for the Tow, Hold (Seizure) of my Vehicle. The Constitution and Law require a Full Adversarial Hearing in Front of a Real Judge who has Competency and Judicial Authority to Hear and Determine Questions of Law, Probable Cause and Cross Examination of Witnesses for and Against me.

> **The purpose of an adversary hearing is to ensure the requisite neutrality that must inform all governmental decisionmaking. That protection is of particular importance here, where the Government has a direct pecuniary interest in the outcome of the proceeding. 2 See [ UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43 (1993) , 55], Harmelin v. Michigan, 501 U.S. 957, ___, n. 9 (1991) (opinion of Scalia, J.) (slip op., at 19, n. 9) ("[I]t makes sense to scrutinize governmental action more closely when the State stands to benefit"). Moreover, the availability of a postseizure hearing may be no recompense for losses caused by erroneous seizure.**

The U.S. Supreme Court fully Recognizes and Requires a Full Adversarial Hearing in Forfeiture. Oh that is Right the Named Defendants have Changed the Name to Civil Lien Sale from Forfeiture. The change is to hide the Under the Color of State Law and to Deny the Right to a Forfeiture Hearing. It also is to get around the Right to Prior Notice and Hearing.

> **The right to prior notice and a hearing is central to the Constitution's command of due process. "The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment - to minimize substantively unfair or mistaken deprivations of property. . . ." Fuentes v. Shevin, 407 U.S., at 80 -81.**

The Right to a Forfeiture Hearing is a Constitutional Mandate and Requirement. Due Process of Law is an Inalienable Right and it Does Not have to be demanded for to be Required. This is a Requirement of Procedural Due Process of Law. See: **Fuentes v. Shevin, 407 US 67, 92 S.Ct. 1983.**

The Right to a Forfeiture Hearing is Not a Privilege I have make a Demand for it is a Fundamental Requirement before Forfeiture Action is Taken. It becomes a Fundamental part

of Procedural Due Process. See: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43 (1993) ,55. **This Court is Left with only one Lawful and Reasonable Remedy and that is Ordering Immediate Release of my Vehicle.**

## (II) - (I DEMAND IMMEDIATE RELEASE OF MY VEHICLE).

I demand as a Matter of my Constitutional and Civil Rights Immediate Release and Return of my Vehicle.

## (A) - (No Forfeiture Hearing Commands Release of my Vehicle).

The Named Police Agency failed to Give Prior Notice of Hold (Seizure) and to Afford Opportunity to Defend against that Seizure prior to Action being taken. This Hearing process is Required to be a Full Adversarial type Trial, with Hearing for Probable Cause and Evidentiary and Cross Examination of Witnesses, for and Against in Front of an Administrative Judge. See: KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000), 2000 WL 1702035; Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337 (1969) . See Also: Mathews v. Eldridge, 424 U.S. 319, 335 (1976). See also: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, 51 (1993).

The Fourth and Fourteenth Amendments place a Prohibition upon State, County and City Police Agencies that a Hold (Seizure) for more than Temporary (2) or more Days, Requiring Fourth Amendment Seizure Warrant. See: Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967), In UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, 51 (1993). See Also: KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000), 2000 WL 1702035. seizure without court order abridges constitutional due process. Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337 (1969) . See Also: Mathews v. Eldridge, 424 U.S. 319 (1976).

A full Forfeiture Hearing is Required to Hold (Seize) my Vehicle Private Property for

more than a very Temporary Deprivation and duration of more than (1) Day. Any time a Lien Sale Threat is Present, (Forfeiture of Property) then a Full Forfeiture Hearing is Commanded by Due Process Fourteenth Amendment. It is also Required by Federal and California State Forfeiture Law.

**See: United States v. $8,850, 461 U.S. 555, 562 , n. 12 (1983); Fuentes v. Shevin, 407 U.S. 67, 82 (1972); Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 342 (1969) (Harlan, J., concurring); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).** In **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, 51 (1993).** See Also: **KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000), 2000 WL 1702035.**

Violation of the Right to a Forfeiture Hearing. Fourth and Fourteenth Amendment Right to Prior Notice and Opportunity to Defend Violates any Authority and Jurisdiction to Continue to Hold (Seize) My Vehicle. **Thus I Demand as a Matter of Constitutional Right and Law that this Court Order my Vehicle to be Immediately Released and Returned to me.**

## (B) - (No Conviction of any Crime Driving with a Suspended or Revoked License or Unlicensed).

As California Vehicle Code Section: [3]14602.6(a)(1),

**14602.6. (a) (1) Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, driving a vehicle while his or her driving privilege is restricted pursuant to Section 13352 or 23575 and the vehicle is not equipped with a functioning, certified interlock device, or driving a vehicle without ever having been issued a driver' s license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person in accordance with Chapter 10 (commencing with Section 22650) of Division 11. A vehicle so impounded shall be impounded for 30 days.**

The above Cited California Vehicle Code Section: **14602.6(a)(1)**, allows an Incompetent Police Officer to make a Judicial Determination.

* **Let Judicial Notice be taken, here that I have Not been Convicted of Driving on a Suspended License or while being Unlicensed.**

---

[3]**See: Attachment A.**

* **Let further Notice be taken here, that I did Object Timely and Demand a Suspension Hearing through California Department of Motor Vehicles; to Contest Probable Cause and Validity of Suspension.**

* **I did make Timely Objection to Suspension of my Right to Drive and Operate My Vehicle upon the Public Roads and Highways.**

* **I made Timely Demand for the Right To Drive and Use my Vehicle upon the Public Roads and Highways as a Freeman free from State of California Government Granted Privilege.**

* **I Contested and made all the Above Objections at the Tow Hearing and in my Notices of Objection and Demand for a Forfeiture Hearing.**

Thus, Probable Cause and Validity of Hold (Seizure) is very much in Doubt and Lacking. Affording me the Right to a Probable Cause Hearing and Notice and Opportunity to Defend; before Agency took Action would have Stopped Action before Taken. This would have alleviated the Necessity for a Section 1983 Suit for Damages.

> **("*[A]t least where irreparable injury may result from a deprivation of property pending final adjudication of the rights of the parties*, the Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made."); Fuentes v. Shevin, 407 U.S. 67, 97 (1972) ("*Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property*, . . . it is axiomatic that the hearing must provide a real test. `*(D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity*, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'") (quoting: Sniadach v. Family Fin. Corp., 395 U.S. 337, 343 (1969) (Harlan, J., concurring)). In KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000), 2000 WL 1702035.**

Thus, No Authority or Jurisdiction for Hold (Seizure) of my Vehicle existed. A Police Officer who is Not Competent to Receive and Exercise Judicial Discretion acted Beyond Jurisdiction and Authority to Order Hold (Seizure) of my Vehicle.

With No Convictions of Driving while Unlicensed or license is Suspended, renders Jurisdiction and Authority for the Hold (Seizure) of my Vehicle as Moot and Unlawful. This is why California Vehicle Code Section: **14602.6(a)(1)**, is patently Unconstitutional on its face.

Because it Authorizes action without Judicial Determination and or Restrainment. It Authorizes Action without proving Criminal Intent, and a Crime beyond a Reasonable Doubt. It Fails to afford Due Process protection against Invalid and or Mistaken Probable Cause. It fails to Afford a Probable Cause Hearing to Challenge and Contest Validity of Action taken. It Affords No Notice and Opportunity to Contest Validity of Action before action is Taken. It Authorizes a Policeman to make a Judicial Determination which is clearly outside their Lawful Authority and Jurisdiction.

> **If the objective of a State practice is to discourage the assertion of a Constitutional Rights, then it is patently Unconstitutional. Chaffin v. Stynchcombe, 412 US 17, 93 S. Ct. 1977; Shapiro v. Thompson, 394 US 618.**

There has be a Severe Miscarriage of Action taken by County of Alameda and City of Dublin Police Agency by Holding (Seizing) my Vehicle for (30) Days. The Action taken by the Named Defendants is Unconstitutional, Unreasonable, Unlawful, Unauthorized and Under the Color and Guise of Guise of State Law. I **Move this Court and I Demand that this Court Reverse it Order Denying Immediate Return of My Vehicle and to Order Immediate Release and Return of my Vehicle.**

**NOTICE OF SERVICE BY MAIL:**

I WILLIAM J. WHITSITT, [signature], THIS THE 7th DAY OF ~~MAY~~ July, 2008, AT 4 PM PM, DID SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL: ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

* COUNTY COUNSEL FOR ALAMEDA COUNTY AT: ATTN: Richard E. Winnie - County Counsel Diane C. Graydon - Deputy County Counsel 1221 Oak Street, Suite 450, Oakland, CA 94612 - 4226

* CENTRAL TOWING AND TRANSPORT COUNSEL FOR: TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP Bruce D. M. Prescott, Daphne C. Lin, 2201 Walnut Ave., Suite 200, Fremont, CA 94538

I WILLIAM J. WHITSITT, [signature], THIS THE 7th DAY OF JULY, 2008, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE BY MAIL.

RESPECTFULLY SUBMITTED

[signature]

WILLIAM J. WHITSITT

DATED: July 7, 2008

# ATTACHMENT - A

**WHITSITT VS G. LYTLE et. al.**

**C-08 -01802 JSW**

**PLEASE ENTER INTO EVIDENCE THIS ATTACHMENT A.**

## CALIFORNIA VEHICLE CODE SECTION: (14602.6).

14602.6. (a) (1) Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, driving a vehicle while his or her driving privilege is restricted pursuant to Section 13352 or 23575 and the vehicle is not equipped with a functioning, certified interlock device, or driving a vehicle without ever having been issued a driver' s license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person in accordance with Chapter 10 (commencing with Section 22650) of Division 11. A vehicle so impounded shall be impounded for 30 days.

(2) The impounding agency, within two working days of impoundment, shall send a notice by certified mail, return receipt requested, to the legal owner of the vehicle, at the address obtained from the department, informing the owner that the vehicle has been impounded. Failure to notify the legal owner within two working days shall prohibit the impounding agency from charging for more than 15 days' impoundment when the legal owner redeems the impounded vehicle. The impounding agency shall maintain a published telephone number that provides information 24 hours a day regarding the impoundment of vehicles and the rights of a registered owner to request a hearing. (b) The registered and legal owner of a vehicle that is removed and seized under subdivision (a) or their agents shall be provided the opportunity for a storage hearing to determine the validity of, or consider any mitigating circumstances attendant to, the storage, in accordance with Section 22852. (c) Any period in which a vehicle is subjected to storage under this section shall be included as part of the period of impoundment ordered by the court under subdivision (a) of Section 14602.5. (d) (1) An impounding agency shall release a vehicle to the registered owner or his or her agent prior to the end of 30 days' impoundment under any of the following circumstances: (A) When the vehicle is a stolen vehicle. (B) When the vehicle is subject to bailment and is driven by an unlicensed employee of a business establishment, including a parking service or repair garage. (C) When the license of the driver was suspended or revoked for an offense other than those included in Article 2 (commencing with Section 13200) of Chapter 2 of Division 6 or Article 3 (commencing with Section 13350) of Chapter 2 of Division 6. (D) When the vehicle was seized under this section for an offense that does not authorize the seizure of the vehicle. (E) When the driver reinstates his or her driver's license or acquires a driver's license and proper insurance. (2) No vehicle shall be released pursuant to this subdivision without presentation of the registered owner's or agent's currently valid driver's license to operate the vehicle and proof of current vehicle registration, or upon order of a court. (e) The registered owner or his or her agent is responsible for all towing and storage charges related to the impoundment, and any administrative charges authorized under Section 22850.5. (f) A vehicle removed and seized under subdivision (a) shall be released to the legal owner of the vehicle or the legal owner's agent prior to the end of 30 days' impoundment if all of the following conditions are met:

/

(1) The legal owner is a motor vehicle dealer, bank, credit union, acceptance corporation, or other licensed financial institution legally operating in this state or is another person, not the registered owner, holding a security interest in the vehicle. (2) The legal owner or the legal owner's agent pays all towing and storage fees related to the seizure of the vehicle. No lien sale processing fees shall be charged to the legal owner who redeems the vehicle prior to the 15th day of impoundment. Neither the impounding authority nor any person having possession of the vehicle shall collect from the legal owner of the type specified in paragraph (1), or the legal owner's agent any administrative charges imposed pursuant to Section 22850.5 unless the legal owner voluntarily requested a poststorage hearing.

(3) The legal owner or the legal owner's agent presents a copy of the assignment, as defined in subdivision (b) of Section 7500.1 of the Business and Professions Code, and any one of the following: a certificate of repossession for the vehicle, a security agreement for the vehicle, or title showing proof of legal ownership for the vehicle. Any documents presented may be originals, photocopies, or facsimile copies, or may be transmitted electronically. The law enforcement agency, impounding agency, or any person acting on behalf of those agencies shall not require any documents to be notarized. The law enforcement agency, impounding agency, or any person acting on behalf of those agencies may require the agent of the legal owner to produce a photocopy or facsimile copy of its repossession agency license or registration issued pursuant to Chapter 11 (commencing with Section 7500) of Division 3 of the Business and Professions Code, or to demonstrate, to the satisfaction of the law enforcement agency, impounding agency, or any person acting on behalf of those agencies that the agent is exempt from licensure pursuant to Section 7500.2 or 7500.3 of the Business and Professions Code. No administrative costs authorized under subdivision (a) of Section 22850.5 shall be charged to the legal owner of the type specified in paragraph (1), who redeems the vehicle unless the legal owner voluntarily requests a poststorage hearing. No city, county, city or county, or state agency shall require a legal owner or a legal owner's agent to request a poststorage hearing as a requirement for release of the vehicle to the legal owner or the legal owner's agent. The law enforcement agency, impounding agency, or any person acting on behalf of those agencies shall not require any documents other than those specified in this paragraph. The law enforcement agency, impounding agency, or any person acting on behalf of those agencies shall not require any documents to be notarized. (g) (1) A legal owner or the legal owner's agent that obtains release of the vehicle pursuant to subdivision (f) may not release the vehicle to the registered owner of the vehicle or any agents of the registered owner, unless the registered owner is a rental car agency, until after the termination of the 30-day impoundment period.

(2) The legal owner or the legal owner's agent may not relinquish the vehicle to the registered owner until the registered owner or that owner's agent presents his or her valid driver's license or valid temporary driver's license to the legal owner or the legal owner's agent. The legal owner or the legal owner's agent shall make every reasonable effort to ensure that the license presented is valid.

(3) Prior to relinquishing the vehicle, the legal owner may require the registered owner to pay all towing and storage charges related to the impoundment and any administrative charges authorized under Section 22850.5 that were incurred by the legal owner in connection with obtaining custody of the vehicle.

(h) (1) A vehicle removed and seized under subdivision (a) shall be released to a rental car agency prior to the end of 30 days' impoundment if the agency is either the legal owner or registered owner of the vehicle and the agency pays all towing and storage fees related to the seizure of the vehicle.

(2) The owner of a rental vehicle that was seized under this section may continue to rent the vehicle upon recovery of the vehicle. However, the rental car agency may not rent another vehicle to the driver of the vehicle that was seized until 30 days after the date that the vehicle was seized.

(3) The rental car agency may require the person to whom the vehicle was rented to pay all towing and storage charges related to the impoundment and any administrative charges authorized under Section 22850.5 that were incurred by the rental car agency in connection with obtaining custody of the vehicle.

(i) Notwithstanding any other provision of this section, the registered owner and not the legal owner shall remain responsible for any towing and storage charges related to the impoundment, any administrative charges authorized under Section 22850.5, and any parking fines, penalties, and administrative fees incurred by the registered owner.

(j) The law enforcement agency and the impounding agency, including any tow yard acting on behalf of the law

Attachment A Cont

**enforcement agency or impounding agency, shall not be liable to the registered owner for the improper release of the vehicle to the legal owner or the legal owner's agent provided the release complies with the provisions of this section.**