RICHARD E. WINNIE [68048]
County Counsel
By: Diane Graydon [164095]
Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone: (510) 272-6700
Attorneys for County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>                Plaintiff,<br><br>v.<br><br>DEPUTY SHERIFF JEAN ZEDLITZ, BADGE #1625; R. LANCE & SON TOWING STORAGE AGENCY; CITY OF DUBLIN; COUNTY OF ALAMEDA, CREDIT REGULATING SERVICES; 10 UNNAMED DEFENDANTS<br><br>                Defendants. | Case No.: C08-01803 JSW<br><br>DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)<br><br>Date: September 5, 2008<br>Time: 9:00 am<br>Courtroom: 2 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 5, 2008 at 9:00 am, in Courtroom 2, 17th Floor of the United States District Court at 450 Golden Gate Avenue, San Francisco, CA, Defendants DEPUTY SHERIFF JEAN ZEDLITZ, BADGE #1625; CITY OF DUBLIN; COUNTY OF ALAMEDA, (hereinafter "County Defendants") will and hereby do move the Court for an order granting dismissal of the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

This motion is made on the grounds that Plaintiff's Complaint lacks sufficient factual allegations to support a claim for relief against the County Defendants under 42 U.S.C § 1983; is vague, ambiguous, redundant, immaterial and unintelligible; and for all the reasons set forth in the Memorandum of Points and Authorities accompanying the motion.

This Motion will is based on this Notice, the attached Memorandum of Points and Authorities, Request for Judicial Notice, and the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing of the motion.

DATED: July 22, 2008

RICHARD E. WINNIE
County Counsel in and for the County of Alameda, State of California

By _____
DIANE C. GRAYDON
Deputy County Counsel
Attorneys for County Defendants

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

  A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
     STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     a. 12(b)(6) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     b. Plaintiff Has Failed to Allege Sufficient Facts to State a Section
        §1983 Claim against County Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
         i. Plaintiff Has Failed to Allege Facts to Support a Violation
           of His Constitutional Rights by County Defendants' Policies,
           Customs, or Practices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
         ii. Plaintiff Has Failed to Identify Any Alleged Constitutional Violation. . . . . . . 10
           1. **Towing, Arrest, Vehicle Seizure, and Hold Did Not Violate
             Plaintiff's Constitutional Rights. . . . . . . . . . . . . . . . . . . . . 11
           2. Conditions of Overnight Confinement at Santa Rita Jail Do Not
             State a Claim of Cruel and Unusual Punishment. . . . . . . . . . . . 12
           3. Plaintiff Was Granted a Tow Hearing . . . . . . . . . . . . . . . . . . . . 12
           4. There is No Inalienable Right to Drive Without a License. . . . . . . . 13
           5. Damage to Plaintiff's Credit Rating States No Cause of Action
             Against County Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . 13**

     c. Plaintiff's Complaint Fails to State a Cause of Action against
        COUNTY DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Federal Statutes**

42 U.S.C § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10
FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 16

**Federal Case Law**

*Arnold v. Int'l Business Machines Corp.*, (9th Cir. 1981) 637 F2d 1350, 1355 . . . . . . . . 11
*Associated General Contractors of California, Inc. v. California State Council of Carpenters* (1983) 459 U.S. 519, 526 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Estelle* v. *Gamble*, 429 U.S. 97 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
*In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240 . . . . . . . . . . . . . . . . . . 9, 11
*Lee v. City of Los Angeles*, 250 F3d 668, 681-682 (9th Cir, 2001) . . . . . . . . . . . . . . . 10
*Monell v. Dep't of Social Services.*,(1978) 436 U.S. 658, 691 . . . . . . . . . . . . . . . . . 10, 11
*Navarro v. Block* (9th Cir. 2001) 250 F. 3d 729, 732 . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Neitzke v. Williams* (1989) 490 U.S. 319, 327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Newman v. Sathyavaglswaran* (9th Cir. 2002) 287 F.3d 786, 788 . . . . . . . . . . . . . . . . 9
*Reddy v. Linton Ind.*, (9th Cir. 1990) 912 F.2d 291, 293, *cert denied*, 502 US 921(1991). 9, 14
*Robinson v. California*, 370 U.S. 660, 666, (1962) . . . . . . . . . . . . . . . . . . . . . . . . . 13
*Saucier v. Katz*, (2001) 533 U.S. 194, 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*Siegert v. Gilley* (1991) 500 U.S. 226, 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*Transphase Systems, Inc. v. So. Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718 . 9,11

**California Statutes**

Cal Pen Code § 830.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Cal. Veh. Code §14601.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Cal. Veh. Code §14602.6(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Cal. Veh. Code 22651(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Cal. Veh. Code § 22852 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Other Citations**

W. Prosser, Law of Torts § 41 at 238-239 (4th ed, 1971) . . . . . . . . . . . . . . . . . . . . 11

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants DEPUTY SHERIFF JEAN ZEDLITZ, BADGE #1625; CITY OF DUBLIN; COUNTY OF ALAMEDA, ("County Defendants") by and through the Office of County Counsel, hereby move to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6), or alternatively, for a more definite statement pursuant to FRCP 12(e) and to strike portions of the Complaint pursuant to FRCP 12(f).

### I. INTRODUCTION

On April 3, 2008, Plaintiff WILLIAM WHITSITT ("Plaintiff") filed a Complaint asserting a federal civil rights claim pursuant to 42 U.S.C § 1983 for the "Wrongful Tow of My Vehicle From Private Property," "False Arrest From Private Property," "Seizing of Vehicle Property In Violation of the Fourth and Fourteenth Amendments," "Action Under the Color of State Law," "City of Dublin California and Police Department Authority Used in Seizure of My Person and Vehicle Property," "False Imprisonment," "Denial of the Right to Travel," "False Imprisonment," "Cruel & Unusual Punishment," ""Denial of Forfeiture Hearing," "Conspiracy Under Color of Law." County Defendants were first served with this Complaint on July 2, 2008. An Amended Complaint was also filed on April 25, 2008, alleging another cause of action entitled "Denial of the Right to a Good Name and Damage of my Credit Under Color of State Law."

Plaintiff concedes the County Defendants acted within the scope of the authority granted them pursuant to City Ordinances, the California Vehicle Code, and the California Penal Code. (Complaint, at 9:24-26.) The crux of Plaintiff's Complaint and Amended Complaint is that the Fourth and Fourteenth Amendments of the United States Constitution prohibit states from enacting laws to protect public safety or grant enforcement powers to peace officers, **if** such laws may inhibit Plaintiff's perceived absolute freedom to originate and declare his own sovereign rights—specifically to drive without a license, shield himself from law enforcement by entering private land, and to be free from the consequences flowing from his unlawful actions. (Complaint, at 9:25-27; 12:15-18; 14:17-18; Amended Complaint, at 2:21.)

Plaintiff's 30 pages of allegations are interposed with cut-and-paste legal citations, conclusory allegations, and unsupported random assertions of private individual rights. As drafted, the allegations of Plaintiff's complaint mix a fantasy-based view of both Plaintiff's legal rights. The result is a nontraditionally worded and indecipherable Complaint, to which it is impossible for County Defendants to respond.

Neither the Complaint nor the Amended Complaint allege any facts forming a prima facie basis supporting the notion that County Defendants violated any Constitutional Right possessed by the Plaintiff. Thus, the Complaint fails to state a claim upon which relief may be granted. In addition to the other problems warranting dismissal with prejudice, it should be dismissed on the basis of fatal uncertainty pursuant to FRCP 12(b)(6).

## II. STATEMENT OF FACTS

Plaintiff fails to provide facts sufficient to respond to the instant Complaint. However, piecing together splices of information woven into Plaintiff's argument County Defendants provide the following statement of facts.

The Alameda County Sheriff's Office contracts with City of Dublin Police Services to provide law enforcement services in their jurisdiction. (Complaint, at 5:7-12.)

On an unstated date, in a private parking lot, in an unspecified location, Plaintiff's vehicle was seized and towed incident to his arrest on a misdemeanor warrant. (Complaint at 3:25; 28:9-15.) The arrest and seizure resulted from Plaintiff's Vehicle Code violations. (Complaint at 12:11; 18:15.) Plaintiff did not have a valid driver's license. (Complaint, at 29:3-5.) The arrest and seizure did not result from a report made by the parking lot owner. (Complaint 4:7) During the incident the Defendant Zedlitz was in constant communication with dispatch and participated in ordering the arrest and vehicle seizure. (Complaint, at 11:14-17.) Three times Defendant Zedlitz "was told by [Plaintiff] that [Plaintiff] was a Private Parking Lot (Private Property) and the Vehicle Code has No Jurisdiction. (Complaint, at 4:22-25; 6:6-9). Plaintiff warned the Defendant officer that the Vehicle Code and Penal Code was insufficient authority to justify the arrest. (Complaint at 16:14-15.) Plaintiff was not provided with a copy of

the warrant for his arrest warrant. (Complaint at 15:15-16.)  The arrest warrant was not a felony warrant. (Complaint, at 14:10-11.)

Upon seizure of the vehicle, the tow was performed by R. Lance & Son Towing Agency. (Conplaint, at 5:14.)  Plaintiff admits, "The Named Police (Sheriff Deputy) Clearly Acted under the Authority of City Ordinance and California Vehicle Code and Penal Code." (Complaint at 9:23-25; 11:2-5.)  Plaintiff admits the Defendant officer, Jean Zedlitz, acted with the consent of the parking lot owner. (Complaint at 11:3-5.)

After the arrest, Plaintiff alleged he was held overnight at Santa Rita Jail. (Complaint at 15:11-13.) Plaintiff alleged he was first kept in a cement holding cell with 5 other men. (Complaint at 17:18-19.)  Plaintiff alleged was not provided with a pillow, blanket, or mattress. (Complaint at 17:17-19).  Plaintiff alleged the floor and toilet in the cell were dirty.  (Complaint at 18:3.) Plaintiff alleged the drinking water was above the toilet. (Complaint at 18:4.)  Plaintiff alleged the phone did not work for five hours. (Complaint at 18:5-6.)  Plaintiff alleged he was moved to a second cell, which held twenty five men. (Complaint at 18:7-8.)  Plaintiff alleged the physical conditions were similar to those of the first. (Complaint at 18:7-9.)  Plaintiff alleged the third cell was also similar and held 6 men. (Complaint at 18:10-14.)

Plaintiff has not been granted a full jury trial to contest the forfeiture of his vehicle. (Complaint at 26:5-26.) At some unknown date before or after the Tow Hearing, one or more of the named Defendants filed for a lien on the Vehicle, which has adversely impacted Plaintiff's credit rating. (Amended Complaint, at 2:21-25.)

Plaintiff demands $2,785,000 general damages against County Defendants, and $200,000 punitive damages against the each County Defendant.

### III. ARGUMENT

A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

    a. <u>12(b)(6) Standard</u>

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." (Fed. R. Civ. P.

12(b)(6).) A claim must be dismissed when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (*Neitzke v. Williams* (1989) 490 U.S. 319, 327.) In reviewing a complaint under Rule 12(b)(6), all allegations of material fact must be taken as true. (*Newman v. Sathyavaglswaran* (9th Cir. 2002) 287 F.3d 786, 788.) The Court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. (*In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240, *Transphase Systems, Inc. v. Southern Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718.)

Courts, however, will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." (*Associated General Contractors of California, Inc. v. California State Council of Carpenters* (1983) 459 U.S. 519, 526.) Dismissals under Rule 12(b)(6) are proper when there is a lack of a cognizable theory or an absence of sufficient facts alleged under a cognizable legal theory. (*Navarro v. Block* (9th Cir. 2001) 250 F. 3d 729, 732.)

Further, under Federal Rule of Civil Procedure 12(b)(6) a complaint should be dismissed where it appears with certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *(Reddy v. Linton Indus,* (9th Cir. 1990) 912 F.2d 291, 293, *cert denied*, 502 US 921 (1991). As set forth below, Plaintiff's claims in this case are barred by either and/or all of the above FRCP 12(b)(6) grounds. Hence, his Complaint must be dismissed for failure to state a cause of action.

    b. <u>Plaintiff Has Failed to Allege Sufficient Facts to State a Section §1983 Claim against County Defendants</u>

        i. *Plaintiff Has Failed to Allege Facts to Support a Violation of His Constitutional Rights by County Defendants' Policies, Customs, or Practices*

A public entity is only liable under 42 U.S.C § 1983 where it has a policy, custom or practice that violates the constitutional rights of an individual. *Monell v. Dep't of Social Services.,* 436 U.S. 658, 691(1978). It bears no vicarious liability for the acts or omissions of, for example, employees. (*Ibid.*) "[T]o prevail on their § 1983 claims, plaintiffs must have

sufficiently alleged that: (1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; and (2) that the defendants have customs or policies which 'amount [...] to deliberate indifference' to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation.'" *Lee v. City of Los Angeles*, 250 F3d 668, 681-682 (9th Cir, 2001).

Under the tenth amendment of the United States Constitution, "the powers not delegated to the United States by the constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."  The right of a State to enact laws and regulations to protect the health safety and welfare of its citizens is fundamental and well settled Tenth Amendment Constitutional Doctrine. The United States Supreme Court, in *Thurlow v. Massachusetts*, 46 U.S. 504, 589 (U.S. 1847), explained,

> "The acknowledged police power of a State extends often to the destruction of property. [...] Every thing prejudicial to the health [...] of a city may be removed. [...] [The police power of a State] is a power essential to self-preservation, and exists, necessarily, in every organized community. It is, indeed, the law of nature, and is possessed by man in his individual capacity. And it is the settled construction of every regulation of commerce, that, under the sanction of its general laws, no person can introduce into a community any thing which endangers its safety. And this is an acknowledged principle applicable to all general regulations. Individuals in the enjoyment of their own rights must be careful not to injure the rights of others." (*Id.*)

The "policy" for which Plaintiff seeks to hold County Defendants liable is a policy of following California law—law Constitutionally enacted to protect the safety and welfare of California citizens from hazards imposed on roadways by unlicensed drivers. In California,

> "[w]henever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, [...] the peace officer may [...] immediately arrest that person and cause the removal and seizure of that vehicle [....]. A vehicle so impounded shall be impounded for 30 days."
> (Cal. Veh. Code §14602.6(a)(1).)

Plaintiff concedes that County Defendants acted under statutory authority. Thus, there is no *Monell* liability for County Defendants' adherence to state arrest and impoundment procedures. As such, Plaintiff has failed to state a cause of action against County Defendants.

### ii. Plaintiff Has Failed to Identify Any Alleged Constitutional Violation.

"The causation requirement of section 1983 is not satisfied by a showing of mere causation in fact. *See* W. Prosser, Law of Torts § 41 at 238-239 (4th ed, 1971). Rather, the plaintiff must establish proximate or legal causation." *Arnold v. Int'l Business Machines Corp.*, 637 F2d 1350, 1355 (9th Cir. 1981). Defendants' acts must be the proximate cause of the injury. (*Ibid.*) The Court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240, *Transphase Systems, Inc. v. Southern Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718.

The crux of Plaintiff's current Complaint is that he was stopped, arrested, and his vehicle was seized on some unspecified date in the private parking lot of another, who had contracted with DPS to provide law enforcement services. (Complaint, at 3:22-24; 4:6-7; 19:12-14) He alleges that this series of events led to a lien being placed on the Vehicle, which he can not afford to recover from Lance & Son Tow Storage. (Amended Complaint, at 2:25.) Plaintiff appears to interpret "Color of Law," to mean, "pursuant to statute." Plaintiff provides no law facially supporting the illegality of any conduct alleged. In fact, Plaintiff concedes the County Defendants acted within the scope of the authority granted them pursuant to City Ordinances, the California Vehicle Code, and the California Penal Code. (Complaint, at 9:24-26.) Plaintiff's alleged Constitutional violations arise from a self-created Bill of Rights, which is inconsistent with the Constitution of the United States and corresponding common law precedents.

County Defendants' actions were consistent with state law and satisfied Plaintiff's due process protections as specifically discussed below.

#### 1. Towing, Arrest, Vehicle Seizure, and Hold Did Not Violate Plaintiff's Constitutional Rights

County Defendants acted within California law in arresting Plaintiff and impounding his Vehicle.

"Any sheriff, undersheriff, or deputy sheriff, employed in that capacity, of a county […]any police officer, of a city, […]or […]of a district, […] authorized by statute to

---

maintain a police department, [...] is a peace officer. The authority of these peace officers extends to any place in the state, as follows:  (1)As to any public offense committed or which there is probable cause to believe has been committed within the political subdivision that employs the peace officer or in which the peace officer serves. [...] (3) As to any public offense committed or which there is probable cause to believe has been committed in the peace officer's presence, and with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of the offense.  (Cal Pen Code § 830.1)

"A peace officer... may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances...(h)(1) When an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody." (Cal. Veh. Code 22651(h)(1).)

"Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, ... the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle ..... A vehicle so impounded shall be impounded for 30 days." (Cal. Veh. Code §14602.6(a)(1).)

Even, under the most liberal reading of Plaintiff's alleged facts, Plaintiff again fails to allege any claim upon which relief may be granted, because as he concedes County Defendants acted pursuant to Local Ordinances and the above cited California State Laws.

The applicable Vehicle Codes were enacted pursuant to the State's Tenth Amendment Constitutional right and obligation to protect its citizens' rights to general safety and to protect the public roads from hazards created by unsafe, unlicensed drivers.  County Defendants' actions pursuant to such statute present no cognizable legal theory indicating Plaintiff may have may have suffered a 25 U.S.C.§ 1983 violation.

### 2. Conditions of Overnight Confinement at Santa Rita Jail do Not State a Claim of Cruel and Unusual Punishment.

The Eighth Amendment of the United States Constitution, which applies to the States through the Due Process Clause of the Fourteenth Amendment, *Robinson v. California*, 370 U.S. 660, 666, (1962), prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. Only the "'unnecessary and wanton infliction of pain'" implicates the Eighth Amendment, *Estelle* v. *Gamble*, 429 U.S. 97, at 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, (1976) (joint opinion)), a prisoner advancing such a claim must, at a minimum,

allege "deliberate indifference" to his "serious" medical needs. *Estelle* v. *Gamble,* 429 U.S. at 106. It is only such indifference that can violate the Eighth Amendment." *Id.*

Here, while Plaintiff alleges his generalized discomfort with the holding cell environments, he alleges no facts suggesting 'unnecessary or wanton infliction of pain.' Moreover, no specific state actor is identified related to Plaintiff's alleged discomfort with his conditions of confinement. Thus, Plaintiff fails to state an Eighth Amendment claim or to support any elements of a § 1983 claim.

### 3. Plaintiff Was Granted a Tow Hearing

"Whenever an authorized member of a public agency directs the storage of a vehicle… the agency or person directing the storage shall provide the vehicle's registered and legal owners of record, or their agents, with the opportunity for a poststorage hearing to determine the validity of the storage." (Cal. Veh. Code § 22852(a).

"A notice shall be mailed within 48 hours of the impoundment, and if a request is made, a hearing shall be held within ten days of such request." (Cal. Veh. Code § 22852(b).

Moreover, a tow hearing under Cal. Vehicle Code § 22852 "satisfies due process concerns." (*Scofield v. Hillsborough,* (9th Cir. 1988) 862 F.2d 759, 764).

In his raw list of Causes of Action, Plaintiff alleges "#8 Denial of Forfeiture Hearing." (Complaint at 3:18.) The claim is never again mentioned. However, County Defendants provided Plaintiff with the opportunity for a post-storage "Tow Hearing" in substantial compliance with the statutory scheme. The above cited scheme does not require a full jury trial.

### 4. There is No Inalienable Right to Drive Without a License

County Defendants are unable to ascertain the nature and legal authority for the Plaintiff's claim entitled, "Denial of the Right to Travel." On its face the Complaint appears to challenge the legality of any Constitutional or Statutory scheme which would condition Plaintiff's ability to drive on the possession of a valid driver's license. Plaintiff does not deny that he held no valid drivers license. Under Federal Rule of Civil Procedure 12(b)(6) this claim should be dismissed as it appears with certainty that the Plaintiff would not be entitled to relief

under any set of facts that could be proven. *(Reddy v. Linton Indus,* (9th Cir. 1990) 912 F.2d 291, 293, *cert denied*, 502 US 921 (1991).)

### 5. Damage to Plaintiff's Credit Rating States No Cause of Action Against County Defendants.

Plaintiff pleads no facts or law sufficient to apprize County Defendants of what has occurred with respect to a lien and his credit rating. Neither does the Complaint allege facts sufficient to show County Defendants played any role in any allegedly unconstitutional act which damaged Plaintiff's credit rating.

County Defendants can only speculate from the text of the Complaint that the Tow Operators filed a lien against the vehicle, because Plaintiff was unable to pay the storage fees to secure the release of his vehicle. County Defendants have no control over the disposition of the Vehicle, because it has not been in the County's control or possession since April, 2008, when the impoundment period ordered by the Tow Hearing officer lapsed.

Plaintiff fails to offer sufficient facts or law to show that any action pertaining to a lien being placed on the Vehicle constituted a Constitutional violation.

c. <u>Plaintiff's Complaint Fails to State a Cause of Action against County Defendants</u>

As the Court noted in *Saucier v. Katz*, "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier v. Katz*, (2001) 533 U.S. 194, 201, citing *Siegert v. Gilley* (1991) 500 U.S. 226, 232.) "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." (*Id.*)

When this standard is applied, no causes of action sound against any County Defendants. An individual's declaration of a right that does not exist does not create clearly established law.

Plaintiff's attention to the second prong of a qualified immunity analysis fails without satisfaction of the first prong. Plaintiff was first required to show that a constitutional right was violated. However, as discussed above, because no constitutional right was violated, there is no reason to assess whether any County Defendant would have understood that he was violating a right. Plaintiff concedes that County Defendant's acted pursuant to state statutes and local ordinances. Thus, no cause of action against any County Defendant exists because no County Defendant violated law or clearly established law.

## IV. CONCLUSION

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief should can be granted.

DATED: July 22, 2008

RICHARD E. WINNIE
County Counsel in and for the County of Alameda, State of California

By _____
DIANE C. GRAYDON
Deputy County Counsel
Attorneys for Defendants

DECLARATION OF SERVICE

William J. Whitsitt v. Deputy Sheriff Jean Zedlitz et al.

Case No. C08-01803 JSW

I, Jonna Thomas, declare that:

I am a citizen of the United States, over the age of 18 years and not a party to the within entitled action. I am employed at the Office of the County Counsel, County of Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

On July 22, 2008, I served the following documents:

1. DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6).

2. ORDER OF DISMISSAL

on the following parties:

William J. Whitsitt
335 W. Clover Road
Tracy, CA 95376

[x]  BY MAIL: I caused true and correct copies of the above document(s) to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) with postage thereon fully prepaid, and I further caused said envelope(s) to be placed in the United States mail, in the City of Oakland, California.

[ ]  BY FACSIMILE: I caused a copy (or copies) of such document(s) to be sent via facsimile transmission to the office(s) of the addressee(s).

[ ]  BY PERSONAL SERVICE: I caused true and correct copy (or copies) of the above document(s) to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Oakland, California on July 22, 2008.

s/ Jonna Thomas
_____
JONNA M. THOMAS

Declaration of Service, Case No. C08-01803 JSW

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM J. WHITSITT, | Case No.: C08-01803 JSW |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| DEPUTY SHERIFF JEAN ZEDLITZ, BADGE #1625; R. LANCE & SON TOWING STORAGE AGENCY; CITY OF DUBLIN; COUNTY OF ALAMEDA,CREDIT REGULATING SERVICES; 10 UNNAMED DEFENDANTS | Date:  September 5, 2008<br>Time:  9:00 am<br>Courtroom: 2 |
| Defendants. | |

    Defendants , DEPUTY SHERIFF JEAN ZEDLITZ, BADGE #1625;  CITY OF DUBLIN; and COUNTY OF ALAMEDA ("COUNTY DEFENDANTS") moved to dismiss the above-referenced action and all causes of action therein, pursuant to FRCP 12(b)(6).  Defendant ZEDLITZ did not appear / did appear.  COUNTY DEFENDANTS appeared by counsel Diane C. Graydon, Deputy County Counsel, Office of the Alameda County Counsel; Plaintiff William J. Whitsitt did not appear / did appear.

1  Based upon COUNTY DEFENDANTS' Motion and the Points and Authorities supporting
2  its motion, and the court having considered Defendants' Motion and the Points and Authorities
3  supporting its motion, having heard the argument of counsel, and being fully advised in the
4  premises, orders as follows:
5      IT IS HEREBY ORDERED that this action is dismissed with prejudice.

7  DATED:　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　United States Judge
8　　　　　　　　　　　　　　　　　　　　　　Northern District of California