```
WILLIAM J. WHITSITT
335 W. CLOVER ROAD
TRACY, CA 95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN PROPRIA PERSONA
```

FILED

08 JUL 25 PM 12: 55

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| WILLIAM J. WHITSITT<br>(PLAINTIFF)<br><br>--------VS--------<br><br>Sgt. George Lytle Badge # 761<br><br>Central Towing & Transport -TOWING STORAGE CO.<br><br>COUNTY OF ALAMEDA<br><br>City of Dublin Police Services<br><br>TOW OPERATOR - CENTRAL TOWING & TRANSPORTING.<br><br>10 UNNAMED DEFENDANTS<br>(DEFENDANTS) | CASE NO: **C08-01802 JSW**<br><br>**SECOND:**<br>**OBJECTION AND OPPOSITION**<br>**TO MOTION TO DISMISS**<br>**PURSUANT TO FRCP 12(b)(6),**<br>**OR ALTERNATIVELY, MOTION**<br>**FOR A MORE DEFINITE**<br>**STATEMENT AND MOTION TO**<br>**STRIKE**<br>**I MUST OBJECT TIMELY**<br><br>Date:      August 29th, 2008<br>Time:      9:00 AM<br>Courtroom: 2- San Francisco<br>Judge:     Jeffery S. White |

I WILLIAM J. WHITSITT, DO HEREBY MAKE THIS SECOND OBJECTION OPPOSITION TO DEFENDANTS MOTION TO DISMISS. I Move the Court Deny Defendants Motion to Dismiss and Other Remedies. **This Court has No Discretion other than to Deny County Counsel's Motion to Dismiss.**

**(A.) - DISMISSAL OF COMPLAINT.** I Must OBJECT.

The County Counsel has Incorrectly Asked the Court to Dismiss my Complaint. The Review of Dismissal of my Complaint by the District Court is as fallows:

### (1.) - Subject Matter Jurisdiction. - Properly Invoking Federal Jurisdiction under Section 1983.

To survive a Motion to Dismiss my Complaint I must properly have invoked Federal Statutory Subject Matter Jurisdiction. I have Properly and Lawfully Invoked Federal Court Statutory Jurisdiction by Federal Question Original Jurisdiction, see: **TITLE 28 § 1331. Federal Question** and Original Jurisdiction for Remedy in Violation of Civil Rights under the Color of State Law. See: **TITLE 28 SECTION 1343**. Thus, Subject Matter Jurisdictional Tests is Met.

Now to Properly Invoking Section 1983 Statutory Jurisdictional Tests. Did I properly State a Cause of Action to which Relief can be Granted Under Section 1983? State Law is Involved and Caused the Action in Complaint. The County of Alameda Sherif's Department and the City of Dublin Police Services, plus George Lytle No 76, are Properly Named as Defendants. See: Rendell—Baker v. Kohn, Mass., 1982, 102 S.Ct. 2764, 457 U.S. 830, 73 L.Ed.2d 418. The County of Alameda and City of Dublin, Have No Claim to Immunity under Section 1983. See: Brandon v. Holt, 469 U.S. 464, 473 (1985); see also Chew v. Gates, 27 F.3d 1432, 1439 (9th Cir. 1994). Thus, I have met the Cause of Action Invoking Section 1983 Statutory Jurisdiction. Thus, Defendants Claim for Dismissal is Not Warranted and is Lawfully Incorrect. See: See Hughes v. Rowe, 449 US 5, 9 (1980) (citing Haines v. Kerner, 404 US 519, 520 (1972)); See Also Conley, 355 US at 45-46. This Court has No Discretion other than to Deny County Counsel's Motion to Dismiss.

### (2.) - Causes of Action Under Fourteenth Amendment Invoke Section 1983.

I have met the Cause of Action upon Which Relief can be granted under Section 1983.

**(A) - Denial of the Right to Notice and Opportunity to Defend Prior To Seizing of**

1 | ***my Vehicle.*** **I Must OBJECT.**

Failure of the Right to Notice and Opportunity to Defend against Holding (Seizure) by Police Agency, California D.M.V. Prior to Action taken. See: *D)ue process is afforded only by the kinds of "notice" and "hearing" that are aimed at establishing the validity*, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.'") (quoting: Sniadach v. Family Fin. Corp., 395 U.S. 337, 343 (1969) (Harlan, J., concurring)). In KRIMSTOCK v. SAFIR, Docket No. 00-9488 (Second Cir. 2000), 2000 WL 1702035.

**(B) - *Seizing (Holding) my Vehicle Without Fourth Amendment Probable Cause Hearing.*** **I Must OBJECT.**

Seizing (Holding) My vehicle without Seizure Warrant and Right to Prior Probable Cause Hearing. This Violates the Fourth and Fourteenth Amendment and Section 1983. See: SOLDAL v. COOK COUNTY, 506 U.S. 56 (1992). IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37. See also: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993); Mathews, 424 U.S. at 340. See also:

> The majority of the court concluded that, absent exigent circumstances, the *Fourth Amendment requires the police to obtain a warrant prior to seizing property that has been used in violation of the Act.* Ibid. According to the court, the fact that the police develop probable cause to believe that such a violation occurred does not, standing alone, justify a warrantless seizure. The court expressly rejected the holding of the Eleventh Circuit, see United States v. Valdes, 876 F. 2d 1554 (1989), and the majority of other Federal Circuits to have addressed the same issue in the context of the *federal civil forfeiture law, 21 U. S. C. §§881*, which is similar to Florida's. See United States v. Decker, 19 F. 3d 287 (CA6 1994) (per curiam); United States v. Pace, 898 F. 2d 1218, 1241 (CA7 1990); United States v. One 1978 Mercedes Benz, 711 F. 2d 1297 (CA5 1983); United States v. Kemp, 690 F. 2d 397 (CA4 1982); United States v. Bush, 647 F. 2d 357 (CA3 1981). But see United States v. Dixon, 1 F. 3d 1080 (CA10 1993); United States v. Lasanta, 978 F. 2d 1300 (CA2 1992); United States v. Linn, 880 F. 2d 209 (CA9 1989).
>
> E.g., United States v. United States Dist. Court for Eastern Dist. of Mich., 407 U. S. 297, 315-318 (1972) ("Though the *Fourth Amendment* speaks broadly of `unreasonable searches and seizures,' the definition of `reasonableness' turns, at least in part, on the more specific commands of the warrant clause"); Coolidge v. New Hampshire, 403 U. S. 443, 454-455 (1971); Katz v. United States, 389 U. S. 347, 357 (1967); Johnson v. United States, 333 U. S. 10, 13-14 (1948); Harris v. United States, 331 U. S. 145, 162 (1947) (Frankfurter, J., dissenting) ("[W]ith minor

and severely confined exceptions, inferentially a part of the Amendment, *every search and seizure is unreasonable when made without a magistrate's authority expressed through a validly issued warrant"),* overruled in part by Chimel v. California , 395 U. S. 752 (1969); see also Shadwick v. Tampa , 407 U. S. 345, 348 (1972) *(noting "the now accepted fact that someone independent of the police and prosecution must determine probable cause");* Wong Sun v. United States , 371 U. S. 471, 481-482 (1963).

The Above Decisions Clearly Establish the Requirement that a Police Agency must Obtain a Seizure Warrant to Seize, Hold Private Property (My Vehicle), or be in Violation of the Fourth and Fourteenth Amendments. **Thus this Court has <u>No Discretion</u> other then to <u>Deny Motion for Dismissal by County Counsel</u>.**

### (C.) - *<u>Denial of the Right to a Full Adversarial Hearing Process</u>.*   I Must OBJECT.

Denial of the Right to a Prompt full Adversarial Hearing that Affords a Full Evidentiary Hearing and Hearing Probable Cause, with Cross Examination of Witnesses for and against. See: Fuentes v. Shevin, 407 U.S. 67, 97 (1972); Florida v. White, 526 U.S. 559, 562 n.2 (1999). See also: In the Matter of Seizure of Property Belonging to Talk of the Town Bookstore, Inc., 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting United States v. Marti, 421 F.2d 1263, 1268 (2d Cir. 1970)). Accord United States v. McGrew, 122 F.3d 847, 850 (9th Cir. 1997); United States v. Van Damme, 48 F.3d at 466 (9th Cir. 1995). The Right to an Adversarial Hearing to Hear Probable Cause for the Vehicle Tow and Hold is an Inalienable Constitutional and Civil Right which must be Protected and Upheld by this Court. **This Court has <u>No Discretion</u> other than to <u>Deny County Counsel's Motion to Dismiss</u>.**

### (D) - *<u>Uncontrolled and Unrestrained Discretion by Police Officer and Police Agency</u>.*  I Must OBJECT.

Uncontrolled Discretion and Unrestrained Discretion by a Police Officer. All Police Agency Actions Require Administrative Review by Administrative Judge Not a Police Hearing Officer. Failure to be Restrained by Administrative Adjudication by Police Officer and or Police Agency

1  Violates Procedural Due Process and Administrative Procedures Act. See: **Fuentes v. Shevin, 407 U.S.
2
3  67, 97 (1972)**. See Also: **Board of Regents v Roth, 408 US 564, 92 S Ct 2701, see also: Stanley v Illinois, 405 US 645,**
4
5  **92 S Ct 1208**. See also: **Administrative Procedures Act, 5 U.S.C.A. Section 554 - 557.**

6  The Named Police Officer and Police Agency cannot Constitutionally Act absent of
7  Administrative Review of Administrative Action.

8  Thus, establishing a Claim and or Cause of Action upon which Relief can be Granted.
9
10  **This Court has No Discretion other than to Deny Motion for Dismissal by County Counsel
11  with Prejudice.**

### (E.) - Denial of the Right to a Forfeiture Hearing. I Must OBJECT.

I was Denied the Constitutional and Civil Right to a Forfeiture Hearing to Challenge Police Agency Action. They use the (30) Civil Hold (Seizure), Without a Judicial Determination Fourth Amendment Seizure Warrant, and Subsequent Lien Sale due to Towing, Storage and other Administrative Fees, under the Color of State Police Power Civil Penalty (Civil Hold) of my Vehicle to get around Forfeiture Hearing Right. This is a Denial of Heightened Due Process Protection of the Fourth and Fourteenth Amendments. It is an Action Under the Color and Guise of California Vehicle Code to Take, Steal Property without Due Process of Law. See: **IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.** See also: **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993); Mathews, 424 U.S. at 340.** A Civil Forfeiture is Covered by Federal Forfeiture Law and California Forfeiture Law.

**(Failure to Fill Out Hearing Form Does Not Waive the Right to a Forfeiture Hearing.)** I Must OBJECT.

The County Counsel and Tow Operator Named, Claim that Failure to Fill out there Hearing Demand Form Waives that Hearing Right. That is Without Legal Merit whatsoever. I have Sent Notices and Demand for Forfeiture Hearing and Rights. The Right to a Forfeiture Hearing is an Inalienable and Unconditional Constitutional Right. See: Mathews, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles. Krimstock, 2000 WL 1702035, at 36-37.

> United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993) ("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture . . . ."); see also One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696, 700 (1965) (holding that the exclusionary rule under the Fourth Amendment applies to civil forfeiture proceedings); cf. In re Seizure of All Funds in Accounts In Names Registry Publ'g, Inc., 68 F.3d 577, 580 (2d Cir. 1995)

I did Serve the Named Defendants with (5) Notices for Demand of a Forfeiture Hearing and Due Process of Law. The Right to a Forfeiture Hearing and Protection of my Property by Heightened Due Process of the Fourteenth Amendment; is Not Dependant upon my Requesting it, or by filling out their proper Form. Due Process Right under the Fourteenth Amendment is Not a Fictionalized Requirement based on the Requirement of that I must Demand it. The Right to Protection against Governmental Interference and or taking of Property is an Alienable Constitutional and Civil Right. See: SANDIN v. CONNER, 515 U.S. 472 (1995); UNIVERSITY OF CALIFORNIA REGENTS v. BAKKE, 438 U.S. 265 (1978).

> The Fourteenth Amendment's Due Process Clause has a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests," Washington v. Glucksberg, 521 U. S. 702, 720,

The Right to Possess, Own, Protect, Sale or Dispose of my Property is Not a State Granted Privilege nor is it State Government Interest. The (5) Notice and Demand for a

Forfeiture Hearing where more than Adequate to Demand that Right. **This Court has No Discretion other than to <u>Deny Motion for Dismissal</u> by County Counsel with Prejudice.**

### *(3.) - Clearly Established Constitutional Right at the time of Deprivation.*

I clearly Established my Constitutional and Civil Right before and after Deprivation of that Right. I served (5) Notice and Demand for Heightened Due Process and Right to a Forfeiture Hearing. I further Clearly Established my Fourth Amendment Right against Unreasonable, Unlawful Seizure (Hold) of my Vehicle. I clearly Established Lack of Probable Cause for that Seizure (Hold) of my Vehicle. See: <u>Saucier v. Katz</u>, (U.S. 2001), 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d. 272. See also: <u>Wilson v. Layne</u>, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818. The Seizure of my Vehicle without Fourth Amendment Seizure Warrant violates a Clearly Established Constitutional and Civil Right. See: <u>Wilson v. Layne</u>, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818; In <u>KRIMSTOCK v SAFIR</u>, Docket No. 00-9488, (2nd Cir 2002), 2000 WL 1702035; <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43, 49 (1993).

Violation of the Fourth Amendment Right to be Free from Unlawful and Unreasonable Seizures by State, County and City Police Agencies is a Violation of a Clearly Established Constitutional and Civil Right. See: <u>Wilson v. Layne</u>, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818; In <u>KRIMSTOCK v SAFIR</u>, Docket No. 00-9488, (2nd Cir 2002), 2000 WL 1702035; <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43, 49 (1993).

The Violation of the Due Process Notice and Opportunity to Defend before Police Agency takes Threatened Action, is a Clearly Established Constitutional and Civil Right. See: <u>Sniadach v. Family Fin. Corp.</u>, 395 U.S. 337, 343 (1969) (Harlan, J., concurring)). In <u>KRIMSTOCK v. SAFIR</u>, Docket No. 00-9488

(Second Cir. 2000), 2000 WL 1702035. Violation of the Right and Requirement of a Seizure Warrant before Vehicle is Held (Seized) Violated a Clearly Established Constitutional and Civil Right. See:

> United States v. United States Dist. Court for Eastern Dist. of Mich. , 407 U. S. 297, 315-318 (1972); United States v. Decker, 19 F. 3d 287 (CA6 1994) (per curiam); United States v. Pace , 898 F. 2d 1218, 1241 (CA7 1990); United States v. One 1978 Mercedes Benz, 711 F. 2d 1297 (CA5 1983); United States v. Kemp , 690 F. 2d 397 (CA4 1982); United States v. Bush, 647 F. 2d 357 (CA3 1981). But see United States v. Dixon, 1 F. 3d 1080 (CA10 1993); United States v. Lasanta , 978 F. 2d 1300 (CA2 1992); United States v. Linn , 880 F. 2d 209 (CA9 1989).

I Clearly Demanded for the Fourth and Fourteenth Amendment Rights as well as All My other Constitutional and Civil Rights. Let Notice be Taken here, that I have Not Waived any of my Inalienable Constitutional Rights. These Federal Inalienable Rights are Not Subject to Conditions by the California State Legislature or Police Powers. They are Absolute, Undeniable, Unconditional and Undisputable.

> **RIGHT:** 1. That which is proper under law, morality, or ethics <know right from wrong>. 2. Something that is due o a person by just claim, legal guarantee, or moral principle <the right to liberty>. 3. A power, privilege, or immunity secured to a person by law <the right to dispose of one's estate>. 4. A legally enforceable claim thant another will do or will not do a given act;  a recognized and protected interest the violation of which is a wrong < a breech of duty that infringes one's right>. 5. The interest, claim or intangible property <a debtor's rights in collateral> <publishing right>..." BLACK's LAW DICTIONARY 7th Edition AT PAGE 1322.

> **ABSOLUTE RIGHT:** A right that belongs to every human being, such as the right of personal liberty. BLACK's LAW DICTIONARY 7th Edition AT PAGE 1322.

> **RIGHT:** This word is used in various senses: 1. Sometimes it signifies a law, as when we say that natural right requires us to keep our promises, or that it commands restitution, or that it forbids murder. In our language it is seldom used in this sense. 2. It sometimes means that quality in our actions by which they are denominated just ones.

> This is usually denominated rectitude. 3. It is that quality in a person by which he can do certain actions, or possess certain things which belong to him by virtue of some title. In this sense, we use it when we say that a man has a right to his estate or a right to defend himself. Ruth, Inst. c. 2, Sec. 1, 2, 3; Merlin,; Repert. de Jurisp. mot Droit. See Wood's Inst. 119. 2. In this latter sense alone, will this word be here considered. Right is the correlative of duty, for, wherever one has a right due to him, some other must owe him a duty. 1 Toull. n. 96. 3. Rights are perfect and imperfect. When the things which we have a right to possess or the actions we have a right to do, are or may be fixed

and determinate, the right is a perfect one; but when the thing or the actions are vague and indeterminate, the right is an imperfect one. If a man demand his property, which is withheld from him, the right that supports his demand is a perfect one; because the thing demanded is, or may be fixed and determinate. 4. But if a poor man ask relief from those from whom he has reason to expect it, the right, which supports his petition, is an imperfect one; because the relief which he expects, is a vague indeterminate, thing. Ruth. Inst. c. 2, Sec. 4; Grot. lib. 1, c. Sec. 4. 5. Rights are also absolute and qualified. A man has an absolute right to recover property which belongs to him; an agent has a qualified right to recover such property, when it had been entrusted to his care, and which has been unlawfully taken out of his possession. Vide Trover. 6. Rights might with propriety be also divided into natural and civil rights but as all the rights which man has received from nature have been modified and acquired anew from the civil law, it is more proper, when considering their object, to divide them into political and civil rights. 7. Political rights consist in the power to participate, directly or indirectly, in the establishment or management of government. These political rights are fixed by the constitution. Every citizen has the right of voting for public officers, and of being elected; these are the political rights which the humblest citizen possesses. 8. Civil rights are those which have no relation to the establishment, support, or management of the government. These consist in the power of acquiring and enjoying property, of exercising the paternal and marital powers, and the like. It will be observed that every one, unless deprived of them by a sentence of civil death, is in the enjoyment of his civil rights, which is not the case with political rights; for an alien, for example, has no political, although in the full enjoyment of his civil rights. 9. These latter rights are divided into absolute and relative. The absolute rights of mankind may be reduced to three principal or primary articles: the right of personal security, which consists in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health, and his reputation; the right of personal liberty, which consists in the power of locomotion, of changing situation, or removing one's person to whatsoever place one's inclination may direct, without any restraint, unless by due course of law; the right of property, which consists in the free use, enjoyment, and disposal of all his acquisitions, without any control or diminution, save only by the laws of the land. 1 Bl. 124 to 139. 10. The relative rights are public or private: the first are those which subsist between the people and the government, as the right of protection on the part of the people, and the right of allegiance which is due by the people to the government; the second are the reciprocal rights of husband and wife, parent and child, guardian and ward, and master and servant. 11. Rights are also divided into legal and equitable. The former are those where the party has the legal title to a thing, and in that case, his remedy for an infringement of it, is by an action in a court of law. Although the person holding the legal title may have no actual interest, but hold only as trustee, the suit must be in his name, and not in general, in that of the cestui que trust. 1 East, 497 8 T. R. 332; 1 Saund. 158, n. 1; 2 Bing. 20. The latter, or equitable rights, are those which may be enforced in a court of equity by the cestuique trust. See, generally, Bouv. Ins t. Index, h.t. Remedy. **Bouvier's Electronic Law Dictionary, Revised Edition 1856**.

Constitutional Rights, which include the Inalienable Right to Property my Vehicle, are Absolute Rights. It is based upon the Fictionalized Distinction that I must Demand the Right Fourteenth Amendment Protection. It is Not based upon the Privilege Right Doctrine. It is Not Subject to Legislative Consent or Conditions. The Fourteenth Amendment due process, provides for Heightened Protection for certain Fundamental Rights.

The Fourteenth Amendment's Due Process Clause has a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests," **Washington v. Glucksberg**, 521 U. S. 702, 720.

My Constitutional Rights are Not Denied because I did Not Demand them. I cannot Waive my Fundamental Rights because I merely failed to assert them. Thus, the Right to Due Process Heightened Protection to Forfeiture Hearing is not Held to mere assertable Requirement. It is a Constitutionally Mandated, Requirement before Forfeiture and Lien Sale Action is Taken. The Right to a Forfeiture Hearing was Established and Framed into the Federal Constitution by our Founding Fathers.

> ("[T]he Due Process Clause protects [the unalienable liberty and right to property recognized in the Declaration of Independence] rather than the particular rights or privileges conferred by specific laws or regulations." SANDIN v. CONNER, 515 U.S. 472 (1995).
>
> automobile is property. Holmes v. Saunders, (1952) 114 Cal.App.2d 389, 390.
>
> "It has long been established that a State may not impose a penalty upon those who exercise a right guaranteed by the Constitution." Frost & Frost Trucking Co. v. Railroad Comm'n of California, 271 U.S. 583. "Constitutional rights would be of little value if they could be . . . indirectly denied," Smith v. Allwright, 321 US. 649, 644, or manipulated out of existence,' Gomillion v. Lightfoot, 364 U.S. 339, 345. " Harman v. Forssenius, 380 U.S 528 at 540, 85 S.Ct. 1177, 1185 (1965); accord Dunn v. Blumstein, 405 U.S. at 341; See Texas v. U.S., 384 U.S. 155 (1966.

The Right be free from Unreasonable, Unlawful and Stealthy Seizures in Violation of the Fourth and Fourteenth Amendments was Established and Framed into the Federal Constitution by our Founding Fathers in the Fifth Amendment and Mandated by the Fourteenth Amendment. **This Court has No Discretion other than to Deny Motion for Dismissal by County Counsel with Prejudice.**

## *(IN CONCLUSION)* I Must OBJECT.

In Conclusion, a Motion to Dismiss cannot be Granted and must be Denied. I have Clearly met my Burden by Invoking Federal Jurisdiction of 42 U.S.C.A. Section 1983. I have established a Claim and or Cause of Action upon which Relief can be Granted. I met the Jurisdictional Requirement of : Rule 12 (b) (6). In Haines v. Kerner, 404 US 519, 521.

1  The Federal and California State Constitutions and Rights, Mandates, Prohibitions has Not
2  Died and been Abolished. The Federal Constitution and the Right to Personal Liberty and the
3  Protection of Life Liberty and Property by True Law of the Land is Still Alive. I have all the
4  Authority; Knowledge and Power Necessary to Achieve GODS Purpose and Will and His Great
5  Plan. I am Empowered by Logos the Word "Jesus Christ Our Lord." You will Stand and
6  Obey the Supreme Law and Will of GOD and the Federal Constitution as Mandated and the
7  very Oath of Office you so Solemnly Swore to Uphold.

   I Must Object Timely and Move the Court to Deny With Prejudice the County Counsels
10 Motion to Dismiss and other Remedies sought. I Move the Court to Order the County Counsel
11 to Answer the Complaint as Filed.

12   Just think about it the Local Police can take your Vehicle and Hold (Seize) it forever
13 by simply having the California D.M.V. Suspend a Driver's License and deny the Right to a
14 Suspension Hearing. The use of a Trump Up Charge in a Police State. All under the Color
15 and Guise of Lien Sale in Violation of the Right to a Forfeiture Hearing.

> "This case brings before the Court for the first time a statute in which Congress declares that a person innocent of any crime may be jailed indefinitely, pending the trial of allegations which are legally presumed to be untrue, if the Government shows to the satisfaction of a judge that the accused is likely to commit crimes, unrelated to the pending charges, at any time in the future. Such statutes, consistent with the usages of tyranny and the excesses of what bitter experience teaches us to call the police state, have long been thought incompatible with the fundamental human rights protected by our Constitution." **UNITED STATES v. MONTALVO-MURILLO, 495 U.S. 711 (1990); UNITED STATES v. SALERNO, 481 U.S. 739 (1987).**

> "Arrest under a warrant for a minor or a trumped-up charge has been familiar practice in the past, is a commonplace in the police state of today, and too well-known in this country. . . . The progress is too easy from police action unscrutinized by judicial authorization to the police state." **ABEL v. UNITED STATES, 362 U.S. 217 (1960).**

23 Federal Constitutional Rights are not be Denied under the Name of Local or State
24 Practice. See: **Davis v. Wechsler, 263 US 22, at 24; Stromberg v. California, 283 U.S. 359 (1931)**. Federal Rights
25 need Not be Asserted to be Required, see: **Katzenbach v Morgan, 384 US 641, (1966) Brennan J.**. The Right
26 to be Free from Regulating Duties and Licensing is Absolute and Inalienable Right. See: **Lane v.
27 Wilson, 307 U.S. 268, 275,; and Frost Trucking v. RR Com., Calif., 271 U.S. 583, 594:**

"The citizen is immune, has a right to be free from such taxation and regulating, duties, obligations, sanctions as a matter of law." <u>U.S. v. Texas</u>, 384 U.S. 155; <u>Wilson v. U.S.</u>, 221 U.S. 361; <u>Pollack v. Flint</u>, 158 U.S. 601, 157 U.S. 429; <u>United States Constitution, Article 1, Section 2, clause 3, and Article 1, Section 9, clause 4</u>.

The Right to be Free from State Granted Privileges and the Right to Protect my Property from Unconstitutional, Unlawful, Unreasonable Interference is an Alienable Constitutional and Civil Right.

The State Legislature has No Authority under the Police Powers to Arbitrarily interfere with or Take Private Property without a Fourth Amendment Seizure Warrant. Probable Cause or Not a Hold (Seizure) for more than one day Requires a Probable Cause Hearing to Afford Heightened Due Process Requirements and to Determine Validity of Seizure of my Vehicle. The Name or Term Lien Sale of My Vehicle Violates the Right to Forfeiture Hearing no matter what Label they give it. The Right to an Adversarial Hearing where Probable Cause is Challenged and Evidence is Permitted; Cross Examination of Witnesses for and Against is allowed; Satisfies Due Process Fourteenth and Fourth Amendment Seizure Requirements. See: <u>Wilson v. Layne</u>, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818; <u>In KRIMSTOCK v SAFIR</u>, Docket No. 00-9488, (2nd Cir 2002), 2000 WL 1702035; <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43, 49 (1993).

This Court and the Judge have No Jurisdiction and Discretion to Violate the Clearly Established Constitutional and Civil Rights and Mandated Requirements of the Federal Constitution.

I MUST ALSO OBJECT THAT CENTRAL TOWING AND TRANSPORTING AND G. LYTLE #761 ARE NOT PART OF THIS MOTION FOR DISMISSAL, ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE. THIS WOULD BE A CONFLICT OF INTEREST TO REPRESENT GEORGE LYTLE #761 AND CENTRAL TOWING AND TRANSPORTING. THESE NAMED DEFENDANTS MUST FILE THEIR OWN MOTION AND

1  ANSWER TO MY COMPLAINT. THUS LET THIS COURT TAKE JUDICIAL NOTICE OR THIS LAWFUL OBJECTION.

2

3  I FURTHER OBJECT BECAUSE I JUST RECEIVED CENTRAL TOWING AND TRANSPORTING COUNSEL THIS DAY I AM REQUIRED TO RESPOND TO MOTION TO DISMISS BY COUNTY COUNSEL.

4

5

6

NOTICE OF SERVICE BY MAIL:

7  I WILLIAM J. WHITSITT, _William J Whitsitt_, THIS THE 24th DAY OF JULY, 2008, AT 5 PM, DID SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL: ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

*   COUNTY COUNSEL FOR ALAMEDA COUNTY AT: ATTN: Richard E. Winnie - County Counsel  Diane C. Graydon - Deputy County Counsel 1221 Oak Street, Suite 450, Oakland, CA 94612 - 4226

*   CENTRAL TOWING AND TRANSPORT COUNSEL FOR: TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  Bruce D. M. Prescott, Daphne C. Lin, 2201 Walnut Ave., Suite 200, Fremont, CA 94538

I WILLIAM J. WHITSITT, _William J Whitsitt_, THIS THE 24th DAY OF JULY, 2008, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE BY MAIL.

### (OBJECTION TO COMBINING UNRELATED CASES)

LET JUDICIAL NOTICE BE TAKEN HERE, THAT I WILL BE FILING AN OBJECTION TO THIS COURT COMBINING ALL UNRELATED CASES AGAINST DEFENDANTS. 4 CASES WILL BE EITHER SEPARATED OR I WILL TAKE UP A WRIT OF MANDATE IN THE COURT OF APPEALS TO SEPARATE ALL UNRELATED CASES. I WILL FILE THIS OBJECTION WITHIN THE NEXT 7 DAYS.

RESPECTFULLY SUBMITTED

_William J Whitsitt_
WILLIAM J. WHITSITT
DATED: July 13, 2008