**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | |
|     Plaintiff, | No. 08-01802 JSW |
| v. | **ORDER RE AMENDED COMPLAINT** |
| SGT. GEORGE LYTLE, et al. | |
|     Defendants. | |

Plaintiff, William Whitsitt ("Whitsitt") filed the Complaint in this action on April 3, 2008. On April 24, 2008, Whitsitt filed two additional actions, *Whitsitt v. Central Towing Transport, et al.*, 08-2138-JSW, and *Whitsitt v. Wheatfall, et al.*, 08-2139-JSW. Each of these cases has been related and reassigned to the undersigned. The instant case, the *Central Towing* case, and the *Wheatfall* case all arise out of the same factual circumstances, and at a hearing on motions to dismiss, the parties agreed that these three cases should be consolidated for all future proceedings.

On September 23, 2008, this Court issued an Order in this matter (08-1802) granting the County Defendants' motion to dismiss and granting Plaintiff William Whitsitt ("Whitsitt") leave to amend his claims against the County Defendants and defendant Central Towing on the conditions set forth in that Order.

On that same day, the Court issued an Order in *Whitsitt v. Wheatfall*, 08-2139-JSW, granting the County Defendants' motion to dismiss and granting Whitsitt leave to amend on the conditions set forth in that Order.

1    The Court reserved setting a date on which Whitsitt was to file an amended complaint
2  because there were outstanding motions to dismiss in *Whitsitt v. Central Towing Transport*, 08-
3  2138-JSW.  Those motions have now been resolved, and the Court has issued an Order granting
4  the motions to dismiss, without leave to amend.

5    At the hearing in the *Central Towing* case, Whitsitt clarified the differences between the
6  three actions with respect to the allegations against the County Defendants.  In addition,
7  Whitsitt also clarified the basis for Whitsitt's claims against two named officers (Defendants
8  Garth and Wheatfall), which were the focus of the claims asserted in *Whitsitt v. Wheatfall*, 08-
9  2139-JSW.  At the hearing on the *Central Towing* case, Whitsitt explained that he alleges the
10 officers lacked jurisdiction to arrest him because the arrest occurred in Contra Costa County.
11 The County Defendants responded by noting that the officers would have had authority to arrest
12 Whitsitt under California Penal Code § 847.  Because that aspect of Whitsitt's claims were not
13 clear to the Court at the time it issued the Order in the *Wheatfall* case, in order to provide
14 Whitsitt with further guidance on what claims may be asserted in the amended complaint
15 permitted by the Court's September 23, 2008 Order, the Court addresses that issue herein.

16   In the *Wheatfall* case, Whitsitt alleged that Defendants Wheatfall and Garth effected a
17 traffic stop in Contra Costa County, not Alameda County.  Whitsitt also alleges that although
18 the officers stated that they were stopping him because they could not read his license plate and
19 that he had a taillight out, those reasons were not valid.  Whitsitt also alleged that they arrested
20 him, and took him to Santa Rita jail.  The Court has determined that the facts relating to the
21 traffic stop, if true, may give rise to a Section 1983 claim.  However, based on the arguments
22 raised at the hearing in the *Central Towing* case, the Court cannot conclude that the facts
23 alleged relating to the arrest would give rise to a Section 1983 claim.  It is undisputed that
24 Whitsitt was driving without a license, which was the basis for the arrest.  It is also undisputed
25 that Whitsitt was taken to Santa Rita jail after the arrest.  Thus, on these facts, even if Garth and
26 Wheatfall did arrest Whitsitt in Contra Costa County, they complied with the provisions of
27 California Penal Code § 847.  *See People v. Lofthouse*, 124 Cal. App. 3d 730, 735 (1981);
28 *compare People v. Landis*, 156 Cal. App. 4th Supp. 12, 68 Cal. Rptr. 267, 272 (2007)

(concluding that arrest outside territorial jurisdiction was not properly effected as citizen's arrest where officer merely issued a citation and did not take defendant to a magistrate or other peace officer).

Accordingly, Whitsitt's Section 1983 claim premised upon a violation of his Fourth Amendment rights against Garth, Wheatfall, and the County Defendants shall be limited to the circumstances surrounding the traffic stop.  In addition, for the reasons set forth in the Court's Order in *Whitsitt v. Central Towing Transport*, 08-2138-JSW, Whitsitt shall not include a Section 1983 claim against the County Defendants or Central Towing based on alleged violations of his due process rights in connection with the impoundment and storage of his vehicle.  The Court has entered a judgment in the *Central Towing* case so that Whitsitt may appeal those claims if he so chooses.

Thus, with these clarifications, Whitsitt shall file the amended complaint in this case, that is permitted under the Court's Orders dated September 23, 2008, by no later than December 12, 2008, and Whitsitt shall abide by the terms and conditions set forth herein and in the September 23, 2008 Orders.  The Court encourages Whitsitt to make an appointment with the VSLP Legal Help Center before filing the amended complaint permitted by this Order.  If Whitsitt fails to file an amended complaint in this case by that date, the Court shall dismiss the matter with prejudice.

**IT IS SO ORDERED.**

Dated:  November 7, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | Case Number: CV08-01802 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SGT. GEORGE LYTLE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
335 W. Clover Road
Tracy, CA 95376

Dated: November 7, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk